**E-FILED**
Monday, 11 July, 2005  01:33:10 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **GEOFFREY W. BANT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 05-2132** |
| | ) | |
| **BOARD OF TRUSTEES OF THE** | ) | |
| **UNIVERSITY OF ILLINOIS, VAN ALLEN** | ) | **JURY DEMAND** |
| **ANDERSON,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## <u>AMENDED COMPLAINT</u>

Now comes the plaintiff GEOFFREY W. BANT by his attorney NILE J. WILLIAMSON and with leave of court having been contemporaneously sought with the filing of this amended complaint states as his cause of action against the defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN ANDERSON as follows:

## <u>INTRODUCTION</u>

1. That this action is brought to remedy discrimination on the basis of gender and race in the terms, conditions, and privileges of employment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000c et. seq. for damages and other appropriate legal relief pursuant to 42 U.S.C. §2000e, for violation of the First Amendment to the Constitution of the United States of America, pursuant to 42 U.S.C. §1983, and for violation of Due Process of the Fourteenth Amendment to the Constitution of the

AMENDED COMPLAINT
PAGE TWO

United States of America, pursuant to 42 U.S.C. §1983, and for age discrimination

pursuant to the Age Discrimination In Employment Act ("ADEA") 29 U.S.C. Sections

621-634.

2.  That the foregoing violations of Title VII are based on the unlawful treatment of

plaintiff by his employer, the defendant University of Illinois, ("UI") a state university.

Plaintiff has been subjected to discrimination in the terms and conditions of his employ-

ment with UI on the basis of gender and race.

3.  The foregoing violations of the First Amendment to the Constitution of the United

States are based on the unlawful treatment of plaintiff by his employer, UI and defendant

Anderson.  Plaintiff has been subjected to reprisals and discrimination for exercising his

constitutional right to freedom of expression.

4.  The foregoing violations of the Fourteenth Amendment to the Constitution of the

United States are based on the unlawful treatment of plaintiff by his employer, UI and

defendant Anderson.  Plaintiff has been subjected and deprived of his due process rights

by UI in its decision to terminate plaintiff's employment with UI.

5.  That the foregoing violations of the ADEA are based on the unlawful treatment of

plaintiff by his employer, UI.  Plaintiff has been subjected to discrimination in the terms

and conditions of his employment with UI on the basis of his age.

## JURISDICTION AND VENUE

6.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4)

AMENDED COMPLAINT
PAGE THREE

conferring jurisdiction upon this court of any civil action arising under the laws of the

United States, and to cover damages under any Act of Congress providing for the

protection of civil rights, under 42 U.S.C. § 1981a, Title VII, 42 U.S.C. §2000e et. seq.

and 29 U.S.C. § 624 et seq.

   7.  That venue properly lies in the Central District of Illinois, Urbana Division

pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because the unlawful

employment practices and violations of federally protected rights were committed in this

judicial district.

## CONDITIONS PRECEDENT

   8.  That plaintiff has fulfilled all conditions precedent to the institution of this action

by filing a Charge of Discrimination with Equal Employment Opportunity Commission

and receiving a dismissal and notice of rights (right-to-sue letter) which right-to-sue letter

was dated 2/28/05 and received by plaintiff within ninety days of filing his pro se

complaint on 6/03/05, said right-to-sue letter having been previously attached to

plaintiff's pro se complaint as exhibit A.

   9.  That plaintiff wrote a letter to then UI Chancellor Nancy Cantor appealing UI's

decision to terminate his employment, which appeal was denied by Cantor, as shown by

said denial letter from Cantor, dated 1/15/04, a true and correct copy of which is attached

hereto and made a part hereof as exhibit B.

## PARTIES

AMENDED COMPLAINT
PAGE FOUR

10.  That plaintiff Geoffrey W. Bant is a Caucasian-Anglo Saxon male, d/o/b/ 9/21/48,
who resides at 801 West Pennsylvania, Urbana, Illinois 68201, who was employed on an
annual contractual basis by the University of Illinois, Urbana/Champaign, as Director of
Printing for 14 years between 1988 and 2004 when he was discharged after non-renewal
of contract by the University of Illinois.

11.  That the University of Illinois is a state university, and has three branches; the
plaintiff was always employed at University of Illinois Urbana/Champaign branch.

12.  That the University of Illinois is responsible for the career development,
advancement, supervision and promotion of University of Illinois employees and is
governed by defendant University of Illinois Board of Trustees ("Board of Trustees").

13.  That at the present time the following persons are Trustees of the Board of
Trustees of the University of Illinois:

   a.  Member Ex-Officio
       Honorable R. Blagojevich, Governor

   b.  Term 2005-2011
       Frances G. Carroll, Chicago
       Kenneth D. Schmidt, Riverwoods
       David V. Dorris, Leroy

   c.  Term 2003-2009
       Devon C. Bruce, Chicago
       Niranjan S. Shah, Oak Brook

AMENDED COMPLAINT
PAGE FIVE

    Robert Y. Sperling, Glencoe

  d.  Term 2001-2007
    Lawrence C. Eppley, Palatine
    Marjorie E. Sodermann, Champaign
    Robert F. Vickrey, LaSalle/Peru

## <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

14.  That from 1988 until 1/09/04 plaintiff Bant was employed as Director of Printing at the University of Illinois on successive one year written contracts. University policy provides for a twelve month notice for long term employees.  Bant supervised approximately 100 civil service employees at the twelve locations of the office of printing services and reported to Kathleen Pecknold, Associate Vice-Chancellor for Administration and Human Resources until 1999.  During Bant's tenure he had consolidated over thirty departmental print shops and had placed over 500 self-service copiers on the Champaign/Urbana campus. Revenue in his department had risen from about $3,000,000.00 in 1988 to almost $9,000,000.00 in 2003.

15. That evaluators, including Pecknold always gave Bant average or above-average performance reviews, which reviews rated his work ethic, willingness to accept responsibility, intelligence and his capability to make decisions to allow the department to grow both financially and in production.

16.  That in 1999 defendant Van Allen Anderson assumed the responsibilities of Pecknold who had been promoted and Anderson performed his first performance review

AMENDED COMPLAINT
PAGE SIX

on Bant under date of 6/12/00 and rated Bant above average at 3.5 on a 5.0 scale.

Anderson's next performance review of Bant occurred on 6/12/01 at which time

Anderson rated Bant a 4.0 on a 5.0 scale which was a classification of commendable.

The 6/12/01 review was the last performed by Anderson.

   17.  That on or about October 2001 Sonya Chambers, an African-American female,

more than 10 years younger than plaintiff was hired by the University of Illinois as a

business manager to report directly to defendant Anderson with the title of Director of

Financial Affairs.

   18.  That at the close of the fiscal year in 2001 plaintiff Bant's department showed a

deficient of $484, 782.00 on an income of approximately $9,000,000.00 and University

policy called for a report to explain how any such deficients resulted and a plan for a

three year elimination of the deficient.  Bant provided such a report to all appropriate and

responsible individuals at the U of I.

   19.  That on or after said report was compiled by Bant, Chambers and Anderson

determined through a separate financial analysis that Bant's department deficient was in

fact over $1.1 million dollars and Anderson told Bant in the Fall of 2001 that his superior

Charles Cobert required the elimination of the deficit in one year as opposed to the three

year policy provided by U of I.

   20.  That a major portion of the costs in Bant's department was related to paying Xerox

for several hundred copiers that UI rented and in the Fall of 2001 Anderson and

Chambers began to manage Xerox business themselves, negotiating with Xerox and

AMENDED COMPLAINT
PAGE SEVEN

excluding Bant from all meetings with Xerox personnel and forbidding him to speak with

any Xerox or UI personnel regarding the Xerox contracts.

21.  That the Office of Printing Services, which was under Bant's direction until

12/18/02 provided copyright permission services to Champaign-Urbana ("UIUC"),

Springfield ("UIS") and Chicago ("UIC") campuses through the Campus Publishing

Services ("CPS").  CPS became the de facto copyright office for the UIUC campus.  CPS

staff would keep current on copyright issues and would answer calls from faculty and

staff with copyright questions.

22.  That during the 1990's CPS had seen a steady decline in course packet production

that CPS attributed to faculty going to off-campus vendors who ignored copyright

permissions.  CPS was created by Bant's office to handle the procurement of copyright

permissions, through contracts with publishers and the National Copyright Clearance

Center ("CCC") needed in order to legally produce reading packet(s), and to provide the

UI campus a legal mechanism for the production of course packs.

23.  That Bant brought this situation to the attention of his immediate supervisor and

legal counsel of UI several times in the 1990's and explained that he had reason to

believe that a number of off campus vendors were violating the law and producing course

packs for UI faculty without seeking permission from the rights holders but no action

known to Bant was taken by UI.

AMENDED COMPLAINT
PAGE EIGHT

24.  That under Bant's direction the CPS produced a report on the magnitude of this
activity at the 2000 Big Ten Printing and Copyright Conference at Michigan State
University in October 2000.

25.  That after presentation of the report, Bant was directed to meet with defendant
Anderson and UI employee Marcia Rotunda concerning the report and shortly after the
meeting Bant was reprimanded by Anderson for exposing UI to risk of suit(s) for
publication and presentation of the report.

26.  That in October 2003 Bant and his CPS staff were asked to present a program on
the same subject to be held at the Big Ten Conference at Indiana University but Anderson
first told Bant that he (Anderson) would screen the presentation and then told Bant to
cancel CPS attendance at the conference and directed CPS staff not to use vacation time
to attend the conference.

27.  That on or about 12/02/02 Anderson gave plaintiff a letter indicating his intention
to terminate Bant and gave Bant two days to respond to his allegation.  Bant asked for an
extension and responded on 12/11/02 but on 12/17/02 Bant attended a meeting in
Anderson's office at which time Anderson advised Bant that he had not altered his
decision to terminate plaintiff, asked for plaintiff's keys and phone and told plaintiff not
to return to his building.

28.  That after a one year notice period Bant was terminated from payroll of the
University of Illinois on 1/09/04 and during the one year period Bant appealed his
termination to the campus Council of Academic Professionals (CAP) which organization

AMENDED COMPLAINT
PAGE NINE

was responsible for the investigation and recommendation of disciplinary action for 3300

UI employees, including Bant. CAP took statements from a number of witnesses and

after completing its investigation ruled in favor of Bant recommending to the Chancellor

of the University of Illinois, Nancy Cantor, by letter dated 12/12/03, a true and correct

copy of which is attached as exhibit C, that Bant not be terminated and that Anderson be

reprimanded.

29.  That during the course of the investigation of the CAP Sonya Chambers, an

African-American female person, more than 10 years younger than plaintiff, stated to the

CAP committee that after Bant was terminated Anderson offered her Bant's job but she

refused.

## COUNT I (TITLE VII GENDER)

30.  That at all times herein material defendant Van Allen Anderson intended to

terminate plaintiff from his position as above-described so that he could offer the position

to Sonya Chambers, an African-American, female person, more than ten years younger

than plaintiff who is less qualified to assume the position; had less experience in the UI

work force than Bant; and was not capable of performing at a level of skill and efficiency

as was Bant.

31.  That by the conduct above-described, defendant Anderson and Board of Trustees

of the University of Illinois, its agents and assigns, intentionally discriminated against

AMENDED COMPLAINT
PAGE TEN

plaintiff in the terms, conditions of employment and discharge of his job status as above-described because of his race and gender in violation of Title VII of the Civil Rights Act of 1964.

32.  That as a direct and proximate result of defendant's actions as aforesaid plaintiff has been denied wages, salaries and benefits he otherwise would have earned; plaintiff has in the past and will in the future sustain pain, suffering and humiliation.

WHEREFORE, plaintiff GEOFFREY BANT, prays judgment against the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS as follows:

A.  All back pay, lost benefits, compensatory and punitive damages, prejudgment interest and any other make whole remedy plaintiff is deemed to be entitled in an appropriate amount as allowed by law;

B.  Attorney's fees and costs.

## COUNT II (TITLE VII RACE)

33.   That at all times herein material defendant Van Allen Anderson intended to terminate plaintiff from his position as above-described so that he could offer the position to Sonya Chambers, an African-American, female person, more than ten years younger than plaintiff who is less qualified to assume the position; had less experience in the UI work force than Bant; and was not capable of performing at a level of skill and efficiency as was Bant.

34.  That by the conduct above-described, defendant Anderson and Board of Trustees of the University of Illinois, its agents and assigns, intentionally discriminated against

AMENDED COMPLAINT
PAGE ELEVEN

plaintiff in the terms, conditions of employment and discharge of his job status as above-described because of his race and gender in violation of Title VII of the Civil Rights Act of 1964.

35.  That as a direct and proximate result of defendant's actions as aforesaid plaintiff has been denied wages, salaries and benefits he otherwise would have earned; plaintiff has in the past and will in the future sustain pain, suffering and humiliation.

WHEREFORE, plaintiff GEOFFREY BANT prays judgment against the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS as follows:

A.  All back pay, lost benefits, compensatory and punitive damages, prejudgment interest and any other make whole remedy plaintiff is deemed to be entitled in an appropriate amount as allowed by law;

B.  Attorney's fees and costs.

## COUNT III (AGE DISCRIMINATION)

36.  That at all times herein material defendant Van Allen Anderson intended to terminate plaintiff from his position as above-described so that he could offer the position to Sonya Chambers, an African-American, female person, more than ten years younger than plaintiff who is less qualified to assume the position; had less experience in the UI work force than Bant; and was not capable of performing at a level of skill and efficiency as was Bant.

37.  That by the conduct above-described, defendant Board of Trustees of the University of Illinois and its agents and assigns intentionally discriminated against

AMENDED COMPLAINT
PAGE TWELVE

plaintiff in the terms, conditions of employment and discharge of his job status as above-

described because of his age, in violation of 29 U.S.C. §624 -631 et seq.

38.  That as a direct and proximate result of defendant's actions as aforesaid plaintiff

has been denied wages, salaries and benefits he otherwise would have earned; plaintiff

will be denied wages, salaries and benefits in the future that he otherwise would have

earned.

WHEREFORE, plaintiff GEOFFREY BANT prays judgment against the defendant,

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS as follows:

A.  All back pay, lost benefits, compensatory damages, prejudgment interest and other

make whole remedies plaintiff is deemed to be entitled in an appropriate amount as

allowed by law;

B.  Attorney's fees and costs.


## COUNT IV (SECTION 42 U.S.C. 1983
## FIRST AMENDMENT VIOLATION)

39.  That plaintiff enjoys the right of freedom of expression as guaranteed by the First

Amendment to the United States Constitution in 42 U.S.C. Section 1983.

40.  That the aforementioned acts of defendants Board of Trustees and Anderson

acting under color of state law, specifically terminating plaintiff due to his expressions of

unlawful conduct of UI faculty members and requesting cessation of such activity

constitute unlawful reprisals and retaliation against plaintiff for expression of

AMENDED COMPLAINT
PAGE THIRTEEN

such public views in violation of plaintiff's First Amendment Rights and 42 U.S.C.

Section 1983.

41.  That the acts by employees and administration of UI directly and foreseeably

resulted in the unlawful and unreasonable violation of plaintiff's First Amendment

Rights, 42 U.S.C. Section 1983 and his termination as aforesaid.

42.  That the defendants Board of Trustees and Anderson acted maliciously, willfully

and knowingly, and with specific intent to deprive plaintiff of his constitutional rights

and/or with deliberate and reckless indifference to plaintiff's constitutional rights.

43.  That as a direct and proximate result of the violation of his constitutional rights,

plaintiff has suffered substantial damages, including without limitation, wages, salaries

and benefits that he otherwise would have earned, past, present and future pain and

suffering, humiliation and emotional distress.

WHEREFORE, plaintiff GEOFFREY BANT prays judgment against defendant

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN

ANDERSON as follows:

A.  Compensatory damages based upon plaintiff's emotional pain, suffering,

inconvenience, mental anguish, humiliation and lost enjoyment of life in an amount to be

determined at trial of this matter, such compensatory damages as lost wages for future

earnings, emotional distress, humiliation, loss of reputation and mental anguish and

punitive damages;

AMENDED COMPLAINT
PAGE FOURTEEN

B.  Reasonable attorney's fees, expenses and costs;

C.  Pre and post judgment interest;

D.  All such other relief as law and justice may require and may be appropriate.

### COUNT V (42 U.S.C. SECTION 1983
### DUE PROCESS VIOLATION)

44.  That plaintiff enjoys the right of due process as guaranteed by the Fourteenth

Amendment of the United States Constitution and 42 U.S.C. Section 1983.

45.  That UI did not abide by its own procedures and regulations when it terminated

plaintiff and specifically Chancellor Cantor did not follow the recommendations of CAP

which was the only substantive investigation conducted regarding plaintiff's grievance.

Plaintiff's due process rights were violated by not having all the information and

documentation in his file, and by Cantor disregarding the recommendation of CAP that

his termination should be rescinded.

46.  That the aforementioned acts of UI, undertaken by agents and officials of UI

acting under color of state law including defendant Anderson constitute unlawful

violation of plaintiff's Fourteenth Amendment Rights and 42 U.S.C. Section 1983.

47.  That the acts by the employees under the administration of UI including defendant

Anderson directly and foreseeably resulted in an unlawful and unreasonable violation of

plaintiff's Fourteenth Amendment Rights and 42 U.S.C. Section 1983.

48.  That defendants acted maliciously, willfully, and knowingly and with specific

intent to deprive plaintiff of his constitutional rights, and/or the deliberate and reckless

indifference to plaintiff's constitutional rights.

AMENDED COMPLAINT
PAGE FIFTEEN


49.  That as a direct and proximate result of the violations of his constitutional rights plaintiff has been denied wages, salaries and benefits he otherwise would have earned; plaintiff will be denied wages, salaries and benefits in the future that he otherwise would have earned.

WHEREFORE, plaintiff GEOFFREY BANT prays judgment against the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN ANDERSON as follows:

A.  Compensatory damages based upon plaintiff's emotional pain, suffering, inconvenience, mental anguish, humiliation and lost enjoyment of life in an amount to be determined at trial of this matter, such compensatory damages as lost wages for future earnings, emotional distress, humiliation, loss of reputation and mental anguish and punitive damages;

B.  Reasonable attorney's fees, expenses and costs;

C.  Pre and post judgment interest;

D.  All such other relief as law and justice may require and may be appropriate.


**PLAINTIFF DEMANDS JURY TRIAL**

AMENDED COMPLAINT
PAGE SIXTEEN

GEOFFREY W. BANT, PLAINTIFF,

BY   s/  NILE J. WILLIAMSON
      HIS ATTORNEY
      NILE J. WILLIAMSON
      ATTORNEY AT LAW
      1926 ASSOCIATED BANK PLAZA
      PEORIA, ILLINOIS 61602-1104
      TELEPHONE: (309) 677-5950
      E-MAIL ADDRESS: nilew@aol.com

AMENDED COMPLAINT
PAGE SEVENTEEN

### CERTIFICATE OF SERVICE

Further pursuant to the Federal Rules of Civil Procedure, the undersigned certifies that

the foregoing document was electronically mailed to the United States District Clerk,

Urbana Division, Champaign, Illinois on this 11th day of JULY, 2005; and, further the

following counsel was also notified by electronic filing as well as mailing on the 11th

day of JULY, 2005:

Keith B. Hill
Richard P. Klaus
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, Illinois 61803-0129

BY  s/ NILE J.  WILLIAMSON_____
        HIS ATTORNEY
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
E-MAIL ADDRESS: nilew@aol.com