05442-P7148
RPK:dkl
G:\48\P7148\P7148PMD 001

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS and ) | |
| VAN ALLEN ANDERSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS ("Board of Trustees"), by its attorney, Richard P. Klaus of HEYL, ROYSTER, VOELKER & ALLEN, respectfully submits this memorandum of law in support of its motion to dismiss.

**I. Background**

On June 3, 2005, Plaintiff filed *pro se* a Complaint against the Board of Trustees. After the appearance of counsel for the Plaintiff, on July 11, 2005, this Court granted Plaintiff's motion for leave to file an amended complaint. The amended complaint was filed on July 11, 2005, and added an individual defendant, Van Allen Anderson.

Count I of the amended complaint purports to be a Title VII action against the Board of Trustees based upon gender discrimination. Plaintiff alleges that he was discriminated against because he is male. (Amended Complaint ¶¶ 10 and 32). Count II of the amended complaint purports to be a Title VII action against the Board of Trustees based upon race discrimination. Plaintiff alleges that he was discriminated against because he is "Caucasian-

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Anglo Saxon." (Amended Complaint ¶¶ 10 and 34). Count III attempts to assert an ADEA claim against the Board of Trustees. (Amended Complaint ¶¶ 10 and 37).

Count IV attempts to assert a §1983 claim premised upon the First Amendment against both the Board of Trustees and Mr. Anderson. (Amended Complaint ¶40). Count V attempts to assert a §1983 claim premised upon due process against both the Board of Trustees and Mr. Anderson. (Amended Complaint ¶45).

**II. Argument**

    **A.    The Board of Trustees is an Arm of the State.**

The Seventh Circuit has repeatedly recognized that the Board of Trustees of the University of Illinois is an arm of the State of Illinois, and as such is entitled to the sovereign immunity protections of the Eleventh Amendment. *Cannon v. University of Health Sciences/Chicago Medical School*, 710 F.2d 351, 356-357 (7th Cir. 1983); *Kroll v. Board of Trustees of the University of Illinois*, 934 F.2d 904, 906-907 (7th Cir. 1991); *Kaimowitz v. Board of Trustees of the University of Illinois*, 951 F.2d 765, 767-768 (7th Cir. 1991).

    **B.    The Eleventh Amendment Bars Counts IV and V as to the Board of Trustees.**

The Board of Trustees has sovereign immunity from suit under the civil rights statutes regardless of the nature of the relief sought. *Kroll v. Board of Trustees of the University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991) *quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

    **C.    The Board of Trustees is Not a "Person" Amenable to Suit Under §1983.**

Counts IV and V are also fatally flawed as the Board of Trustees is not a "person" subject to suit under Section 1983. *Kroll v. Board of Trustees of the University of Illinois*, 934

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

F.2d 904, 910 n.7 (7th Cir. 1991) *citing Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).  "Under *Will*, a 'State is not a person' under Section 1983." *Kaimowitz v. Board of Trustees of the University of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991) *quoting Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989).   Such actions accordingly fail for lack of federal court jurisdiction. *Toledo, Peoria & Western Railroad Company v. Illinois Department of Transportation*, 744 F.2d 1296, 1298-1299 (7th Cir. 1984).

### D.    The ADEA claim is barred by the Eleventh Amendment.

The Supreme Court has held that Congress did not properly abrogate the States' sovereign immunity in enacting ADEA. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 374 (2001).  Consequently, the Eleventh Amendment bars ADEA suits brought by private individuals against the States. *Id.*  Since the Board of Trustees is an arm of the State, the Eleventh Amendment bars this suit, and absent consent, this Court does not have subject matter jurisdiction for this claim.

The State of Illinois has recently consented to ADEA cases being brought by state employees in circuit court or federal court, effective January 1, 2004.  745 ILCS 5/1.5.  The Illinois General Assembly specifically consented by passing that statute, and the Illinois General Assembly selected the effective date of that consent.

However, this case arises from events which occurred long before the effective date of that consent.  The district courts in this state have consistently held that the amendment does not have retroactive effect. *Blalock v. Illinois Department of Human Services*, 349 F. Supp.2d

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

1093, 1096 (N.D. Ill. 2004); *Bottoms v. Illinois Department of Human Services*, 2004 WL 1403811 (N.D. Ill. 2004).[1]

Plaintiff pleads that he was given a letter of an intent to terminate on December 2, 2002. (Amended Complaint ¶27). Plaintiff further pleads that the decision to terminate was reaffirmed on December 17, 2002. (Amended Complaint ¶27). Plaintiff states that he received a one year notice, and he was terminated from the payroll on January 9, 2004; while the date was not pled, the inference is that Plaintiff received his one year notice on January 9, 2003. (Amended Complaint ¶28).[2]

Plaintiff's cause of action arguably accrued on December 2, 2002, but the latest the action could have accrued was January 9, 2003. Either way, the accrual is well before the effective date of January 1, 2004 for the application of the amendment to the State Lawsuit Immunity Act.[3]

Under Seventh Circuit case law, any effort by Plaintiff to peg the accrual date to a later appeal is unavailing. In *Lever v. Northwestern University*, 979 F.2d 552, 553 (7th Cir. 1992), the Court noted that "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Id.* quoting *Chardon v. Fernandez*, 454 U.S. 6, 8

---

[1] This Court has so ruled in two case involving the Board of Trustees. *Jacqueline S. Miller v. Board of Trustees of the University of Illinois,* 04-2044 (Urbana Division); *Stanley Hankins v. Board of Trustees of the University of Illinois*, 04-3139 (Springfield Division).

[2] Article IX Section 11 of the University of Illinois Statutes (Statutes) outline the notice required for the termination of an academic professional. (A copy of the Statutes is attached hereto as Exhibit A). The Statutes have the force of law in Illinois. *Upadhya v. Langenberg*, 834 F.2d 661, 663 (7th Cir. 1987). Under the Statutes, because of his length of service, Plaintiff was entitled to a one year notice.

[3] Whether the accrual date was December 2, 2002 or January 9, 2003, the statute of limitations has run on any §1983 action as well.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

(1981)(emphasis in original). Addressing the issue of the deadline to file an EEOC charge, the Court applied this doctrine:

> An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination. If it were, then an employee could avoid the 300-day limit by filing a series of appeals or fresh requests; *Ricks* and *Chardon* hold that adverse decisions on appeals do not re-start the time for filing a charge.

*Id.* at 556. In *Gorski v. Lewis University*, 1999 WL 1250192 *5 (N.D. Ill. 1999), the Court noted that:

> The case law indicating that the statute of limitations begins to toll when the notice of termination is communicated rather than on the date the appeal is denied indicates that the Seventh Circuit does not consider this latter event a separate and independent adverse action.

Since the events at issue here transpired before the amendment to the State Lawsuit Immunity Act, the Eleventh Amendment bars the ADEA action.

### E.  Punitive Damages Are Not Permitted Against The State

Plaintiff seeks punitive damages against the Board of Trustees in Counts I, II, IV, and V. The Board of Trustees of the University of Illinois is an arm of the State of Illinois. *Cannon v. University of Health Sciences*, 710 F.2d 351, 356-357 (7th Cir.1983). Governmental entities are explicitly exempt from punitive damages: "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency, or political subdivision)." 42 U.S.C. §1981a (b)(1); *see Baker v. Runyon*, 114 F. 3d 668, 669 (7th Cir. 1997), *cert. denied* 525 U.S. 929 (1998). Plaintiff'S complaint seeks punitive damages, and those claims must be dismissed with prejudice.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

### III. Conclusion

WHEREFORE, the Board of Trustees respectfully requests that this Court dismiss Counts III, IV, and V with prejudice, and that this Court strike all references seeking punitive damages against the Board of Trustees.

> BOARD OF TRUSTEES OF THE
> UNIVERSITY OF ILLINOIS, Defendant
>
> s/ Richard P. Klaus
> Attorney for Defendants
> Heyl, Royster, Voelker & Allen
> Suite 300
> 102 E. Main Street
> P.O. Box 129
> Urbana, IL 61803-0129
> 217-344-0060 Phone
> 217-344-9295 Fax
> E-mail: rklaus@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**PROOF OF SERVICE**

I hereby certify that on July 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

                                          s/ Richard P. Klaus
                                          Attorney for Defendants
                                          Heyl, Royster, Voelker & Allen
                                          Suite 300
                                          102 E. Main Street
                                          P.O. Box 129
                                          Urbana, IL 61803-0129
                                          217-344-0060 Phone
                                          217-344-9295 Fax
                                          E-mail: rklaus@hrva.com

HEYL ROYSTER VOELKER & ALLEN
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060