UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, VAN ALLEN ) | |
| ANDERSON, ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
BOARD OF TRUSTEES MOTION TO DISMISS**

**BACKGROUND**

On 7/11/05 plaintiff filed his amended complaint against the Board of Trustees of the University of Illinois and Van Allen Anderson alleging violations of Title VII for gender and race; ADEA and 42 U.S.C. §1983. No injunctive relief was sought. No member of the Board of Trustees of the University of Illinois was sued in his or her official capacities. The basis for Bant's damages are money damages only.

**ELEVENTH AMENDMENT CONSIDERATIONS AS
TO COUNTS III, IV & V[1]**

As Public Act 93-414 the Illinois legislature passed a statutory waiver of the Eleventh Amendment Immunity against state employee lawsuits under five separate federal

---

[1] The Motion to Dismiss and memorandum make no argument that Count I & II (Title VII) are barred by the Eleventh Amendment, presumably because overwhelming case law holds that Title VII suits are not barred.

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE TWO

statutes. Specifically, state employees may now sue their employers in either state or federal court for violations of the Age Discrimination and Employment Act, the Fair Labor Standards Act, the Family & Medical Leave Act, the Americans for Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. see 745 ILCS 5/1/5. Thus, plaintiff's claims against the Board relating to his gender and race claims under Title VII and his Age Discrimination claim under the ADEA cannot be defended with an Eleventh Amendment Immunity claim since the state has statutorily waived such protection. The Board now claims that the statutory waiver does not affect Bant's ADEA claim because the acts which occurred involving discrimination against Bant occurred prior to 1/01/04. Citing cases in this district and others holding that the statutory waiver should not be applied retroactively the defendant argues that the statute does not apply to Bant's situation. In making its argument defendant concedes that plaintiff was terminated from the payroll on 1/09/04 (pg. 4, defendant's memorandum) but states without citation that the action should have accrued on 1/09/03 when the one year notice was given. The job action which effectuated Bant's dismissal was as conceded by the defendant on 1/09/04 or eight days after the effective date of the amendatory legislature. Defendant's reliance on the seventh circuit decision in **Lever v. Northwestern University,** 959 Fed. 2d 552 (7th Cir. 1992) is unavailing. **Lever** involved the question of whether the plaintiff an

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE THREE


assistant professor of sociology at Northwestern University had timely filed her EEOC charge within 300 days from the discriminatory act pursuant to 42 U.S.C. §2000e-5(e). **Lever** did not involve any issue or question as to whether the job action for a statute of limitations began to toll at the time of the plaintiff's termination. **Lever** is of importance to this case however because a question existed as to whether a letter from the Dean of the College advising plaintiff that she would not be promoted began the sequence of events leading to the filing of the EEOC charge or whether the second letter initiated by the provost of the university indicating that he was not in a position to reverse the decision of the Dean actually tolled the 300 days. The first letter occurred on 5/05/80 and the second letter occurred on 2/12/81. The court held that the first letter by the Dean on 5/05/80 started accruing the 300 days because the provost was merely considering an appeal of the Dean's decision.

In this context, the court must consider the allegations of the amended complaint:
1. On 12/17/02 Anderson tells Bant he will terminate him, takes his keys and directs Bant not to return to the building. (para. 27)
2. After an investigation CAP, the organization responsible for recommending disciplinary action recommends to Chancellor Nancy Cantor on 12/12/03 that Bant not be terminated.

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE FOUR

3. On 1/15/04 Cantor reverses the CAP recommendation and terminates Bant effective 1/09/04. (Pl. Ex. B)

The amended complaint somewhat incorrectly refers to Cantor's action as a consideration of an appeal of the original decision by Allen. In fact, Cantor is the **final decision maker** and the termination is not in effect until she reverses the CAP recommendation. These facts are inopposite to the **Lever** case because in that case the termination decision was appealed and affirmed by the Chancellor while here, Bant continues as a UI employee until Cantor reverses that CAP recommendation on 1/15/04 and terminates Bant retroactive to 1/09/04.

Plaintiff concedes that in the seventh circuit the 300 day period begins to run when the employee knows he has been injured, "not when he determines that the injury was unlawful." **Stepney v. Naborville School District #203**, 392 F. 3d 236, 242 (citations omitted); 2004 U.S. @ Lexis 24827 (7th Cir. 2004). Objectively, Bant can not know that he has been terminated until Cantor, the final decision maker renders her decision on 1/15/04.[2] It is only then a job action has occurred which terminates Bant's benefits and status as a UI employee.

---

[2] There is no indication, nor does defendant argue that it moved to dismiss the Charge of Discrimination pending before the EEOC on the basis that Bant did not file the charge within 300 days.

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE FIVE

 As to defendant's Eleventh Amendment arguments relating to plaintiff's claims under 42 U.S.C. §1983, when a plaintiff brings an action against a state official in his or her official capacity, such suits are deemed to be against the entity of which an officer is an agent. See **Kroll v. Bd. of Trustees of the Univ. of Ill.**, 934 F. 2d 904, 907 (7th Cir. 1991) (internal quotations omitted); also **Shockley v. Jones**, 823 F. 2d 1068, 1070 (7th Cir. 1987). Official capacity suits that seek money damages or retroactive relief generally are barred by the Eleventh Amendment. *Id.* Because the defendant has raised an Eleventh Amendment defense, the court must accept the complaints well-pleaded allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. See e.g. **Taboas v. Mlynczak**, 149 F. 3d 576, 580 (7th Cir. 1990). Regardless of whether the court considers defendant's motion under FRCP 12(b)(1) or 12(b)(6), dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle him to relief. See **Komorowski v. Townline Mini-Mart & Restaurant,** 162 F. 3d 962, 964 (7th Circ. 1998) (per curiam). The Eleventh Amendment only bars suits against state employees acting in their official capacities which seek retrospective relief from the state (i.e. money damages payable from the state treasury, as opposed to the state employees own pocket). See **Edelman v. Jordan,** 415 U.S. @ 663; **Benning v. Board of Regents,** 928 F. 2d 775, 777 (7th Cir. 1990). Here, plaintiff has brought suit against the Board of Trustees in their individual

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE SIX

capacity seeking money damages both for past economic benefits lost as a result of his employment status as well as benefits that will be lost in the future.

Personal capacity suits under 42 U.S.C. §1983 raise no Eleventh Amendment concerns, even though an official might have a requisite nexus to the state for his or her actions to constitute state action **Kentucky v. Graham**, 473 U.S. 159, 165-67, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985).  Personal capacity suits allow an action for both compensatory and **punitive damages.  Hosty v. Governors State University,** 174 F. Sup. 782, 2001 U.S. District Lexis 5373 (N.D. IL 2001).[3]

Thus, Bant is allowed to bring an individual action against the members of the Board of Trustees under 42 U.S.C. §1983 for both compensatory and punitive damages so long as Bant pleads and can only prove the requisite elements of such an action.  The Eleventh Amendment does not apply to such suits and punitive damages may be sought since they are sought individually against the members of the Board of Trustees.

**TOLLING OF PLAINTIFF'S SECTION §1983 CLAIM**

Illinois claims brought pursuant to 42 U.S.C. §1983 have a two-year statute of limitations as set forth in 735 ILCS 5/13-202.  See **Northam v. City of Highland Park**, 203 U.S. Dist. Lexis 13385 (2003).  Defendants argue that plaintiff's cause of action

---

[3] The **Hosty** decision had several appeals, most recently **Hosty v. Carter, et al.,** (2005 U.S. App. Lexis 11761, 7th Cir. 2005, en banc).  None of the appellate decisions arising out of the original district court ruling in **Hosty** resulted in a change to the citation and authority given in plaintiff's memorandum.

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE SEVEN

accrued more than two years from the filing of the complaint. Since determining whether an action is barred under a statute of limitations is often inappropriate on an FRCP 12(b)(6) motion because of the need to make factual determinations, the plaintiff must plead facts showing that the action is barred by the limitations. **Kauthar SDN BHD v. Sternberg,** 149 F.3d 659, 669 (7th Cir. 1998). Plaintiff presumes it is the position of the defendant that the complaint alleges occurrences by Bant which would allow the court to make factual judgments on the legal issue of the statute of limitations relating to the claim under 42 U.S.C. S1983. Accordingly, it was necessary to examine the parameters the seventh circuit has set for theories plaintiff may use in tolling a §1983 claim. In **Clark v. City of Braidwood,** 318 F. 3d 764, 2003 U.S. App. Lexis 2150 (7th Cir. 2003) the court discussed the various theories that a plaintiff may use to prevent tolling of a §1983 claim. First, the court indicated that the plaintiff may use a continuing violation theory which affects accrual, not tolling, and is therefore governed by federal law. *Id. @* 768, citing **Herd v. Sheahan**, 253 F. 3d 316, 319 (7th Cir. 2001). The court held that the continuing violation theory could be used by a plaintiff in a Section 1983 case and it was only when a single event gave rise to continuous injuries when such a theory could not be used. *Id. @* 768 (internal citations omitted). In this case Bant has alleged several times and events relating to the continual violation theory. On 12/17/02 Allen advised him

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE EIGHT

that his job would be terminated and he should take his keys and that he should not return to the building. On 12/12/03 CAP reversed Allen's decision and recommended to the Chancellor that Bant continue as an employee. On 1/15/04 Chancellor Cantor advised Bant in writing that he had been retroactively terminated effective 1/09/04 and that no further appeal was possible. Each of these events was ongoing event(s) relating to Bant's termination and certainly constitute fulfillment of the continuing violation doctrine. No single event foreclosed Bant's ability to continue as a UI employee until Cantor's 1/15/04 ruling. Clearly, Bant has filed suit within two years of 1/15/04.

The court indicated another basis that Bant may rely upon in presenting his 1983 case and that is the doctrine of equitable tolling. Equitable tolling does not require a plaintiff to negate an affirmative defense in his complaint, *Id.* @ 768, citing **Leavell v. Kieffer,** 189 F. 3d 492, 494 (7th Cir. 1999) and equitable tolling does not assume any blame worthy conduct by the defendant. *Id.* @ 768 (internal citations omitted) The court essentially held that equitable tolling was possible as the underlying basis that led to plaintiff's complaint was not "readily apparent". *Id.* @ 768 In this instance, it cannot be stated at this juncture that it was "readily apparent" to Bant that he had been terminated in the year 2002 or even 2003. The only time that one could objectively determine

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE NINE

that it would be "readily apparent" to Bant that he was terminated was when he received Cantor's 1/15/04 correspondence. Defendants' arguments as to the tolling of plaintiff's 42 U.S.C. §1983 claim should be denied.

As the court noted in **Nicol v. Lavin**, 2004 U.S. Dist. Lexis 16060 (N.D. Ill. 2004) the following rules of construction apply to the effective date of legislation: Where the legislature has clearly indicated a statute's temporal reach, the [*21] Court must adhere to it absent constitutional violation. **Commonwealth Edison Co. v. Will County Collector,** 196 Ill. 2d 27, 749 N.E. 2d 964, 971, 255 Ill. Dec. 482 (Ill. 2001). In addition, the legislature has set forth the temporal reach of every statute lacking its own limitations period in 5 ILCS §70/4, the "Statute on Statutes" forbidding retroactive application of substantive statutes. See **Caveney v. Bower**, 207 Ill. 2d 82, 797 N.E. 2d 596, 603-4 Ill. Dec. 1(Ill. 2003)) (following **People v. Glisson**, 202 Ill. 2d 499, 782 N.E. 2d 251, 270 Ill. Dec. 57 (Ill. 2002)); 5 ILL. COMP. STAT. 70/4 (1874). **Cf. Bottoms v. Ill. Dep't of Human Servs.**, 2004 U.S. Dist. Lexis 11420, No. 03 C 1881, 2004 WL 1403811, at *3 (N.D. Ill. 6/22/04) (following **Caveney** and concluding that 745 ILCS §5/1.5, whose effective date was 1/01/04, could not be applied retroactively in light of the statute's

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE TEN

express temporal reach and the "default provisions of the Statute on Statutes").

The **Nicol** court went on to state that the plaintiff premised her case upon all events which occurred before the relevant statute was enacted. Here, Bant's allegation's relate to claims which occurred after 1/01/04.

### BOARD OF TRUSTEES CANNOT CLAIM "PERSON" STATUS UNDER 1983 ACTION

Defendant now argues that the Board of Trustees of the University of Illinois is not a "person" within the meaning of 42 U.S.C. Section 1983 and therefore cannot be sued. In footnote 7 of the decision in **Kroll v. Board of Trustees of the University of Illinois,** 934 F. 2d 904, 910 (7th Cir. 1971) the court stated inter alia as dicta "a state agency with Eleventh Amendment immunity, however, is not a "person" within the meaning of section 1983. Plaintiff suggests that this reference is a mischaracterization of plaintiff's claims. Plaintiff made it clear in the amended complaint as to both the identity and status of the members of the Board of Trustees of the University of Illinois. Plaintiff also reasserts that any claim against the members of the Board of Trustees are in their individual capacities pursuant to 42 U.S.C. Section 1983. Because defendant's counsel signed a waiver on behalf of the Board of Trustees the individual members were not

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE ELEVEN

named in the case caption or separately served with summons.  They can still be named in the caption and separately be served with summons with the court's permission.

The Board of Trustees of the University of Illinois is the correct governing board of the University of Illinois and the authority ultimately responsible for the decisions made in Bant's termination.  See **Fenje v. Board of Governors of the University of Illinois, et al.**, 2002 U.S. District Lexis 8268, 8271, (N.D. Ill. 2002)

The plaintiff is not suing the Board as a separate entity under 42 U.S. C §1983 and accordingly the court need not reach the issue of whether it is a "person" under 42 U.S.C. §1983.  For the foregoing reasons and others inherent therein; defendant's motion to dismiss should be denied.

                              RESPECTFULLY SUBMITTED,

                              BY_____/s/ Nile J. Williamson_____
                              NILE J. WILLIAMSON
                              ATTORNEY AT LAW
                              1926 ASSOCIATED BANK PLAZA
                              PEORIA, ILLINOIS 61602-1104
                              TELEPHONE: (309) 677-5950
                              FAX: (309) 677-5952
                              E-MAIL: nilew@AOL.com

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE TWELVE

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO LOCAL RULE 7.1 (B)(2)

The undersigned certifies in conformance with local rule that Plaintiff's Memorandum in Opposition to Defendant Board of Trustees Motion to Dismiss contains approximately 2,809 words and 18,471 characters.

DATED: AUGUST 5, 2005

BY____/s/ Nile J. Williamson_____
NILE J. WILLIAMSON

BANT v. BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS et al.
U.S. DISTRICT COURT #05-2132
PAGE THIRTEEN

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant Board of Trustees Motion to Dismiss with the Clerk of the U.S. District Court using the CM/ECF system, which will send notification of such filing to the following parties who are participants:

    Richard P. Klaus & Keith B. Hill
    Heyl, Royster, Voelker & Allen
    102 E. Main Street, Suite 300
    P.O. Box 129
    Urbana, Illinois 61803-0129
    Telephone: (217) 344-0060
    FAX: (217) 344-9295

                                                  BY_____/s/ Nile J. Williamson_____
                                                       NILE J. WILLIAMSON
                                                       ATTORNEY AT LAW
                                                       1926 ASSOCIATED BANK PLAZA
                                                       PEORIA, ILLINOIS 61602-1104
                                                       TELEPHONE: (309) 677-5950