05442-P7148
RPK:dkl
G:\48\P7148\P7148PMD 003

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2132 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS and | ) | |
| VAN ALLEN ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDERSON'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Defendant, VAN ALLEN ANDERSON, by his attorney, Richard P. Klaus of HEYL, ROYSTER, VOELKER & ALLEN, respectfully submits this memorandum of law in support of his motion to dismiss.

**I. Background**

On June 3, 2005, Plaintiff filed *pro se* a Complaint against the Board of Trustees. After the appearance of counsel for the Plaintiff, on July 11, 2005, this Court granted Plaintiff's motion for leave to file an amended complaint. The amended complaint was filed on July 11, 2005, and added an individual defendant, Van Allen Anderson.

Count I of the amended complaint purports to be a Title VII action against the Board of Trustees based upon gender discrimination. Plaintiff alleges that he was discriminated against because he is male. (Amended Complaint ¶¶ 10 and 32). Count II of the amended complaint purports to be a Title VII action against the Board of Trustees based upon race discrimination. Plaintiff alleges that he was discriminated against because he is "Caucasian-

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Anglo Saxon." (Amended Complaint ¶¶ 10 and 34). Count III attempts to assert an ADEA claim against the Board of Trustees. (Amended Complaint ¶¶ 10 and 37).

Count IV attempts to assert a §1983 claim premised upon the First Amendment against both the Board of Trustees and Mr. Anderson. (Amended Complaint ¶ 40). Count V attempts to assert a §1983 claim premised upon due process against both the Board of Trustees and Mr. Anderson. (Amended Complaint ¶ 45).

On July 26, 2005, the Board of Trustees filed a motion to dismiss Counts III, IV, and V. Defendant Anderson was served after the due date for the Board of Trustees' responsive pleading, which has caused there to be two separate motions to dismiss.

**II. Argument**

**A. The statute of limitations bars Counts IV and V.**

The statute of limitations for a Section 1983 claim in Illinois is two years. *Mitchell v. Donchin*, 286 F.3d 447, 450 fn.1 (7th Cir. 2002). This case was filed on June 3, 2005, and no claim was filed against Anderson until July 11, 2005.

Plaintiff pleads that he was given a letter of an intent to terminate on December 2, 2002. (Amended Complaint ¶ 27). Plaintiff further pleads that the decision to terminate was reaffirmed on December 17, 2002. (Amended Complaint ¶ 27). Plaintiff states that he received a one year notice, and he was terminated from the payroll on January 9, 2004; while the date was not pled, the inference is that Plaintiff received his one year notice on January 9, 2003. (Amended Complaint ¶ 28).[1]

---

[1] Article IX Section 11 of the University of Illinois Statutes (Statutes) outline the notice required for the termination of an academic professional. (A copy of the Statutes is attached hereto as Exhibit A). The Statutes have the force of law in Illinois. *Upadhya v. Langenberg*, 834 F.2d 661, 663 (7th Cir. 1987). Under the Statutes, because of his length of service, Plaintiff was entitled to a one year notice.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

Plaintiff's cause of action arguably accrued on December 2, 2002, but the latest the action could have accrued was January 9, 2003.

Under Seventh Circuit case law, any effort by Plaintiff to peg the accrual date to a later appeal is unavailing.[2] In *Lever v. Northwestern University*, 979 F.2d 552, 553 (7th Cir. 1992), the Court noted that "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Id.* quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)(emphasis in original). Addressing the issue of the deadline to file an EEOC charge, the Court applied this doctrine:

> An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination. If it were, then an employee could avoid the 300-day limit by filing a series of appeals or fresh requests; *Ricks* and *Chardon* hold that adverse decisions on appeals do not re-start the time for filing a charge.

*Id.* at 556. In *Gorski v. Lewis University*, 1999 WL 1250192 *5 (N.D. Ill. 1999), the Court noted that:

> The case law indicating that the statute of limitations begins to toll when the notice of termination is communicated rather than on the date the appeal is denied indicates that the Seventh Circuit does not consider this latter event a separate and independent adverse action.

While these cases discuss the accrual date in Title VII actions, *Ricks* itself is a Section 1981 case, and the doctrine set forth in *Lever* has been applied in Section 1983 actions. *Kielbasa v. Illinois E.P.A*, 2003 WL 880995 *4 (N.D. Ill. 2003).

Since Plaintiff's cause of action accrued when he was told in December 2002 that he would be terminated, or at the latest in January 2003, when he was issued the required one year

---

[2]Further, the factual allegations regarding the appeal are set forth in ¶ 28 of the Amended Complaint. The appeal allegations do not mention Anderson at all.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

termination notice, this case was filed months after the statute of limitations ran. Consequently, Counts IV and V must be dismissed with prejudice as time barred.

### B. Count V must be dismissed because Plaintiff has no property interest in his employment with the Board of Trustees.

Plaintiff cannot assert a due process claim as he has no property interest in his employment by the Board of Trustees.

As an academic professional at the University, Plaintiff did not have a constitutionally protected interest, and he is therefore not even entitled to notice and a minimal pre-deprivation hearing. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff had no property interest in his job since he had no claim of entitlement to continued employment.

The Seventh Circuit has repeatedly and specifically held that no due process rights are owed to untenured University of Illinois personnel. *See McElearney v. University of Illinois,* 612 F.2d 285 (7th Cir. 1979); *Weinstein v. University of Illinois*, 811 F.2d 1091 (7th Cir. 1987); *Upadhya v. Langenburg*, 834 F.2d 661 (7th Cir. 1987) *cert. denied* 486 U.S. 1033 (1988).

In these cases, the Seventh Circuit held that the University Statutes limit the terms of employment for assistant professors and prevent them from possessing a legitimate claim of entitlement in renewal of their contracts. *Id.*

The holding of *McElearney* is that an untenured professor at the University of Illinois has no property interest, so the due process clause does not apply. *Weinstein*, 811 F.2d at 1097. In *Weinstein*, the plaintiff insisted that his discharge violated the constitution and the Court found that "absurd." Because he lacked a property interest in his position, "no set of facts entitled him to reappointment." *Id*. In all of these cases, the Seventh Circuit held that without a

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

property interest, it would not consider the adequacy of the procedures utilized by the University of Illinois.

While Plaintiff was not a faculty member, and was instead employed as an academic professional, these rulings apply with equal force to his suit. Both the University Statutes and General Rules, which apply to faculty and academic professionals, provide that Plaintiff has no property interest in his employment. In *Upadhya v. Langenburg*, 834 F.2d 661 (7th Cir. 1987) *cert. denied* 486 U.S. 1033 (1988), the Seventh Circuit noted the University Statutes have the force of administrative rules and are "hence law in Illinois." *Id*. at 663, *citing Rend Lake College Federation of Teachers v. Community College District*, 84 Ill. App.3d 308, 311 (5th Dist. 1980). The General Rules are attached to this memorandum as Exhibit B. Those documents are also available online at the sites designated on the documents.

The General Rules designate that academic and administrative staff are appointed for twelve month periods. (General Rules Article IV Section 1). The Statutes provide the University the right of nonreappointment and provide for notices of nonreappointment to academic professional staff, with the maximum period of notice requiring twelve months. (Statutes Article IX Section 11). As Plaintiff pleads in his Amended Complaint, this is exactly what occurred here.

These provisions are precisely what was at issue in *Upadhya v. Langenburg*, 834 F.2d 661 (7th Cir. 1987) *cert. denied* 486 U.S. 1033 (1988). An employee "serving on a series of annual appointments, without an entitlement to renewal founded on state law, has no property interest in his position." *Id.* at 664. When the employee, like her, "lacked a property interest in the renewal of his appointment . . . the University therefore was not required to give him notice or an opportunity for a hearing." *Id*. at 667.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

### C. Count V must be dismissed because it does not allege that Defendant Anderson violated rights secured by federal law or the U.S. Constitution.

In ¶ 45 of the Amended Complaint, Plaintiff alleges that his due process rights were violated because the "UI did not abide by its own procedures and regulations when it terminated plaintiff. . . ."  A violation of a state law or regulation is not actionable as a Section 1983 due process claim. *See Indiana Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 711 (7th Cir. 2004).  To state a claim under Section 1983, "a plaintiff must allege defendants deprived him of rights secured under either federal law or the United States Constitution." *Silk v. City of Chicago*, 1996 WL 312074 *17 (N.D. Ill. 1996).  The allegation that the University did not follow its own procedures cannot form the basis of a due process violation, and accordingly, Count V must be dismissed.

### III. Conclusion

WHEREFORE, the Board of Trustees respectfully requests that this Court dismiss Counts IV and V with prejudice.

VAN ALLEN ANDERSON, Defendant

s/ Richard P. Klaus
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: rklaus@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

**PROOF OF SERVICE**

I hereby certify that on August 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

                                             s/  Richard P. Klaus
                                             Attorney for Defendants
                                             Heyl, Royster, Voelker & Allen
                                             Suite 300
                                             102 E. Main Street
                                             P.O. Box 129
                                             Urbana, IL 61803-0129
                                             217-344-0060 Phone
                                             217-344-9295 Fax
                                             E-mail:  rklaus@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060