05442-P7148
KBH/dkl
G:\48\P7148\P7148PMD 006

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 05-2132 |
| ) | |
| FRANCES G. CARROLL, KENNETH D. ) | |
| SCHMIDT, DAVID V. DORRIS, DEVON ) | |
| C. BRUCE, NIRANJAN S. SHAH, ) | |
| ROBERT Y. SPERLING, LAWRENCE ) | |
| C. EPPLEY, MARJORIE E. SODEMANN, ) | |
| AND ROBERT F. VICKREY, in their ) | |
| individual capacity, as members of the ) | |
| Board of Trustees of the University of ) | |
| Illinois, VAN ALLEN ANDERSON, ) | |
| individually, NANCY CANTOR, ) | |
| individually, as former Chancellor of the ) | |
| University of Illinois Board of Trustees ) | |
| of the University of Illinois, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NANCY CANTOR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COUNTS VI AND VII
OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, NANCY CANTOR, individually, as former Chancellor of the University of Illinois Board of Trustees of the University of Illinois, by her attorneys, Edward M. Wagner and Keith B. Hill of HEYL, ROYSTER, VOELKER & ALLEN, respectfully submits this memorandum of law in support of her motion to dismiss.

I.    INTRODUCTION

On June 3, 2005, Plaintiff, Geoffrey Bant, filed pro se a complaint (#1) against the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1

Board of Trustees of the University of Illinois ("Board of Trustees"). Subsequently, Plaintiff retained counsel and filed an amended complaint, adding Van Allen Anderson as a defendant.

In his Amended Complaint (#8), Plaintiff alleged that he was employed as Director of Printing at the University of Illinois ("University"); that on December 2, 2002, he was given a letter of intent to terminate; that on December 17, 2002, he was required to turn in his keys and phone and was told not to return to the building; that until December 18, 2002, the Office of Printing Services was under his direction; and that on January 9, 2004, he was terminated from payroll of the University. [Second Am. Compl. (#8) ¶¶ 21, 27, 28].[1]

Plaintiff's Amended Complaint alleged five counts as follows: Count I and II, against the Board of Trustees, alleged discrimination in violation of Title VII, based on sex and race, respectively. Count III against the Board of Trustees, alleged discrimination based on age in violation of the ADEA. Count IV, against the Board of Trustees and Anderson, alleged that Defendants violated Plaintiff's constitutional rights under the First Amendment pursuant to § 1983. Count V, against the Board of Trustees and Anderson, alleged Defendants violated Plaintiff's constitutional rights to due process under the Fourteenth Amendment pursuant to § 1983.

On July 26, 2005, the Board of Trustees filed a motion to dismiss Counts III, IV and V. Thereafter, Anderson was served, and on August 30, 2005, Anderson filed a motion to dismiss Counts IV and V.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

---

[1] Plaintiff pleads six counts through three different complaints (#8, 17, 30). To avoid confusion, reference is made only to Plaintiff's most recent complaint (#30), which is presumed to incorporate rather than abandon the surviving counts of Plaintiff's previous two complaints (#8, 17), but the document number of the complaint containing the cited paragraph(s) is provided for this Court's convenience. This memorandum addresses Counts VI and VII, contained within the complaint filed August 9, 2005 (#17).

2

On August 9, 2005, Plaintiff filed his "Amended Complaint Counts VI & VII" (#17), stating two counts against former University Chancellor Nancy Cantor. Count VI alleged that Cantor violated Plaintiff's constitutional rights to due process under the Fourteenth Amendment pursuant to § 1983, and Count VII alleged that Cantor violated Plaintiff's constitutional rights under the First Amendment pursuant to § 1983.

On October 3, 2005 and October 5, 2005, this Court ruled on the motions to dismiss filed by the Board of Trustees and Anderson, respectively. In its orders (#28, 29), this Court, inter alia, dismissed with prejudice Plaintiff's due process claims against the Board of Trustees and Anderson (Count V), and granted Plaintiff leave to amend his complaint to state claims against the individual Board members.

On October 12, 2005, Plaintiff filed his Second Amended Complaint (#30). Plaintiff's Second Amended Complaint includes only amended due process claims (Count V) against Anderson and nine members of the Board of Trustees ("Board members"). Presumably, Plaintiff's Second Amended Complaint incorporates Plaintiff's Title VII claims (Counts I and II) against the Board of Trustees, Plaintiff's First Amendment claim (Count IV) against Anderson to the extent it was not previously dismissed by this Court, and Plaintiff's due process (Count VI) and First Amendment claims (Count VII) against Cantor. As Plaintiff has not opted to renumber his counts, Plaintiff's Second Amended Complaint does not include a Count III.

II. ARGUMENT

*A. Plaintiff's Due Process Claim Against Cantor (Count VI) Should be Dismissed With Prejudice Because Plaintiff Has No Property Interest in His Employment*

Plaintiff cannot assert a due process claim because he has no property interest in his employment as Director of Printing Services at the University.

As an academic professional at the University, Plaintiff did not have a constitutionally

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

protected interest, and he is therefore not even entitled to notice and a minimal pre-deprivation hearing. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff had no property interest in his job because he had no claim of entitlement to continued employment.

The Seventh Circuit has repeatedly and specifically held that no due process rights are owed to untenured University of Illinois personnel. *See McElearney v. University of Illinois,* 612 F.2d 285 (7th Cir. 1979); *Weinstein v. University of Illinois*, 811 F.2d 1091 (7th Cir. 1987); *Upadhya v. Langenburg*, 834 F.2d 661 (7th Cir. 1987) *cert. denied* 486 U.S. 1033 (1988). In these cases, the Seventh Circuit held that the University Statutes limit the terms of employment for assistant professors and prevent them from possessing a legitimate claim of entitlement in renewal of their contracts. *Id*. In *Weinstein*, 811 F.2d at 1097, the Seventh Circuit explained its holding in *McElearney:* that an untenured professor at the University of Illinois has no property interest, so the due process clause does not apply. In *Weinstein*, the plaintiff insisted that his discharge violated the constitution and the Court found that "absurd." Because he lacked a property interest in his position, "no set of facts entitled him to reappointment." *Id*. In all of these cases, the Seventh Circuit held that without a property interest, it would not consider the adequacy of the procedures utilized by the University of Illinois.

While Plaintiff was not a faculty member, and was instead employed as an academic professional, these rulings apply with equal force to his suit. Both the University Statutes and General Rules, which apply to faculty and academic professionals, provide Plaintiff with no property interest in his employment. Article IV Section I of the General Rules designate that academic and administrative staff are appointed for twelve month periods. (A copy of the

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

General Rules is attached hereto and incorporated herein by reference as Exhibit A).[2] Article IX Section 11 of the University of Illinois Statutes ("Statutes") provides the University the right of non-reappointment and provides for notices of non-reappointment to academic professional staff, with a twelve month maximum period of notice. (A copy of the Statutes is attached hereto and incorporated herein by reference as Exhibit B). Under the Statutes, because of his length of service, Plaintiff was entitled to a one year notice. As Plaintiff pleads in his Second Amended Complaint, this is exactly what occurred.

In *Upadhya,* the court was looking at the provisions concerning twelve month appointments and notice of non-reappointment that are at issue in this case. An employee "serving on a series of annual appointments, without an entitlement to renewal founded on state law, has no property interest in his position." *Id.* at 664. When an employee, like Plaintiff, "lacked a property interest in the renewal of his appointment . . . the University therefore was not required to give him notice or an opportunity for a hearing." *Id*. at 667.

In this case, Plaintiff has no property interest and therefore no constitutional claim to any particular process. As a result, Plaintiff's due process claim against Cantor (Count VI) should be dismissed with prejudice.

*B. Plaintiff's Due Process Claim Against Cantor (Count VI) Should be Dismissed With Prejudice Because It is Barred by the Two-Year Statute of Limitations*

The statute of limitations for a claim brought pursuant to § 1983 in Illinois is two years. *Mitchell v. Donchin*, 286 F.3d 447, 450 n.1 (7th Cir. 2002). While state law determines the

---

[2] A court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss, including matters of public record such as state statutes, city charters, and city ordinances. *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977). University Statutes have the force of administrative rules and are "hence law in Illinois." *Upadhya*, 834 F.2d at 663, *citing Rend Lake College Federation of Teachers v. Community College District*, 84 Ill. App.3d 308, 311 (5th Dist. 1980).

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

appropriate limitations period for § 1983 actions, federal law determines when a federal cause of action accrues, and thus when the limitations period begins. *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). "Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.*, *citing Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993). The court's "task, therefore, is to identify the constitutional violation and locate it in time." *Id*.

In Count VI, Plaintiff alleges deprivation of property without due process – an allegation predicated on his claim of a property interest in his position as Director of Printing Services at the University. Plaintiff does not and cannot claim a property interest in public employment at the University. Indeed, all of Plaintiff's allegations complain that he should not have been deprived of his position as Director of Printing Services.

Plaintiff was deprived of his position as Director of Printing Services on December 17, 2002. On that date, he was asked to turn in his keys and phone and was told not to return to the building. [Second Am. Compl. (#8) ¶ 27]. Thereafter, the Office of Printing Services was no longer under Plaintiff's direction. [Second Am. Compl. (#8) ¶ 21].

This Court should find that the two-year statute of limitations period started to run on December 17, 2002, the date Plaintiff was deprived of his position as Director of Printing Services, and conclude that Plaintiff's due process claim against Cantor was filed too late.

This conclusion is consistent with binding precedents. The United States Supreme Court has at least twice ruled that the applicable limitations period for a § 1983 claim of wrongful job termination begins to run at the time the alleged wrong occurred, even if that was before actual termination from the job. In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the Supreme Court held that the limitations period on a § 1983 claim premised on discrimination

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

proscribed by Title VII began when the employee was denied tenure, not when he was terminated. The Court made clear that the fact that the plaintiff was afforded the courtesy of one year's notice before employment termination did not extend his limitations period. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257. "If [the plaintiff] intended to complain of a discriminatory discharge, he should have identified the alleged discriminatory acts that continued until, or occurred at the time of, the actual termination of his employment. But the complaint alleges no such facts." *Id*. The Court also explained:

> It appears that termination of employment at Delaware State is a delayed, but inevitable, consequence of the denial of tenure. In order for the limitations periods to commence with the date of discharge, [the plaintiff] would have had to allege and prove that the manner in which his employment was terminated differed discriminatorily from the manner in which the College terminated other professors who also had been denied tenure. But no suggestion has been made that [the plaintiff] was treated differently from other unsuccessful tenure aspirants. Rather, in accord with the College's practice, [the plaintiff] was offered a 1-year "terminal" contract, with explicit notice that his employment would end upon its expiration.

*Id*. at 257-258.

In *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981), the Supreme Court determined that the limitations period began to run for a § 1983 claim premised on a First Amendment violation when notice of termination was given to the employee because that is when the alleged wrongful act occurred. The Court relied upon its previous rationale in *Ricks*, adding that "the fact that [the plaintiffs] were afforded reasonable notice cannot extend the period within which suit must be filed." *Id*.

In *Lever v. Northwestern University*, 979 F.2d 552, 553 (7th Cir. 1992), the Seventh Circuit explained that the limitations "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Id*. quoting *Chardon*, 454 U.S. at

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

8 (emphasis in original).

In *Lawshe*, the plaintiff had a position with the Gary Health Department. The president of the health department notified the plaintiff that the department's reorganization plans included vacating the plaintiff's position and seeking applications from qualified candidates, and told the plaintiff that he could keep the job only by re-applying. The plaintiff declined and on October 17, 1988, received notice that his employment with the health department would end on the last day of that month. 16 F.3d at 1477. Until then, the plaintiff continued to hold his position and received his salary. *Id*. at 1480. Plaintiff filed suit on October 30, 1990, alleging that the health department terminated his *public employment* without due process. *Id*. at 1477 (emphasis added). The trial court ruled that the plaintiff filed too late because the two-year limitation period ran from October 17, 1988, the date the plaintiff received notice of his termination. *Id*. at 1478. In reversing the trial court, the Seventh Circuit held that "a claim for deprivation of *public employment* without due process accrues on, and the statute of limitations begins to run from, the actual termination of employment." *Id*. at 1480 (emphasis added). Accordingly, the plaintiff's claim was timely filed because the last day of his *public employment* was October 31, 1988. *Id*. at 1480.

In *Lawshe*, the court explained that the constitutional violation in procedural due process cases lies in the *deprivation* of life, liberty, or property, without due process rather than the denial of pre-deprivation due process. *Id*. at 1479.

*Lawshe* relied in part on the Fifth Circuit's similar conclusion in *Rubin v. O'Koren*, 621 F.2d 114 (5th Cir. 1980). In *Rubin*, the plaintiff, a full-time instructor at the University of Alabama, was notified that upon the expiration of her current contract, it would not be renewed for the succeeding year. *Id*. at 115. Until her last day of employment, the plaintiff performed

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

8

paid services for the University as a full-time instructor.

In the instant case, unlike the plaintiffs in *Lawshe* and *Rubin*, Plaintiff did not continue to perform his assigned job duties while being afforded the courtesy of a notice period within which he could seek other employment. Rather, Plaintiff was stripped of his job duties shortly after receiving his notice of termination. [Second Am. Compl. (#8) ¶¶ 21, 27].

Indeed, this case is more like *Chardon* and *Ricks*, where the Supreme Court determined that the alleged wrongful act occurred prior to the last day of employment, than it is like *Lawshe* or *Rubin*, where the plaintiffs' property interests in the public employment were not lost until their last day of public employment. In *Ricks*, the loss of tenure was the alleged wrong. The Court noted:

> Sixteen paragraphs in the complaint describe in detail the sequence of events surrounding the tenure denial. Only one paragraph even mentions Ricks' eventual departure from Delaware State, and nothing in that paragraph alleges any fact suggesting discrimination in the termination of Ricks' employment.

*Ricks*, 449 U.S. at 257 n.8. Ricks continued employment for a year, but the Supreme Court held that the courtesy of a one year notice before all duties and pay ceased did not prevent the limitations period from beginning to run. "It appears that termination of employment at Delaware State is a delayed, but inevitable, consequence of the denial of tenure." *Id*. at 257-258.

Indeed if a tenure-track professor were alleging a failure in due process in being denied tenure, and assuming such a professor could show a promise of tenure so as to constitute a property interest, both Seventh Circuit and U.S. Supreme Court precedent suggest that the property interest would be lost when tenure was denied, and the cause of action would accrue at that time and not after the expiration of some further period of continued employment pursuant to internal notice practices of the University.

As in *Ricks*, where the alleged wrong was loss of tenure, the alleged deprivation of

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

9

property in this case is the loss of Plaintiff's position as Director of Printing Services. Plaintiff was deprived of his position as Director of Printing Services on December 17, 2002. [Second Am. Compl. (#8) ¶¶ 21, 27]. Plaintiff's § 1983 due process claims accrued on December 17, 2002, because that is when the Plaintiff knew or should have known that he had been deprived of his alleged a "property interest" in his position as Director of Printing Services.

Under *Lawshe*, Plaintiff's allegations against Cantor relating to procedural deficiencies occurring after Plaintiff was deprived of his position as Director of Printing Services [Second Am. Compl. (#17) ¶¶ 51, 53] do not extend the period within which suit can be brought.

Moreover, as in the *Ricks*, Plaintiff's receipt of a one year terminal position after he was deprived of his position as Director of Printing Services has no impact on accrual of the limitations period. The limitations period began to run when Plaintiff was deprived of his position as Director of Printing Services. [Second Am. Compl. (#8) ¶¶ 21, 27].

In this case, the alleged deprivation did not occur when Plaintiff received notice of his termination (December 2, 2002), nor did it occur on Plaintiff's last day of public employment (January 9, 2004); rather, it occurred when Plaintiff was stripped of his job duties as Director of Printing Services, the position to which he claims a "property interest" (December 17, 2002). Consistent with *Ricks*, *Chardon* and *Lawshe*, the statute of limitations on Plaintiff's due process claim has run. Plaintiff's due process claim against Cantor (Count VI) should be dismissed with prejudice because it is time-barred.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

*C. Plaintiff's Due Process Claim Against Cantor (Count VI) Should be Dismissed With Prejudice Because It Rests on an Alleged Violation of State Law Rather Than a Sufficiently Alleged Violation of Constitutional Due Process: Plaintiff's Second Amended Complaint Shows That He Received All the Due Process That Was Constitutionally Due*

In paragraph 53 of Count VI (#17) of his Second Amended Complaint, Plaintiff alleges that his due process rights were violated by "Cantor not having all the information and documentation in her file; and by disregarding the recommendations of CAP that [Plaintiff]'s termination should be rescinded, and by Cantor failing to follow the procedures and statutes in place of termination of a year-to-year contractual UI employee." However, a violation of a state law or regulation is not actionable as a § 1983 due process claim. *Indiana Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 711 (7th Cir. 2004), *citing Gryger v. Burke,* 334 U.S. 728, 731 (1948). Instead, to state a claim under § 1983, "a plaintiff must allege defendants deprived him of rights secured under either federal law or the United States Constitution while acting under color of state law." *Silk v. City of Chicago*, 1996 WL 312074 *17 (N.D. Ill. 1996).

Indeed, even assuming that Plaintiff possess a property interest in his position as Director of Printing Services, Plaintiff received all the due process that was constitutionally due; namely, notice and the opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985).

On December 2, 2002, Anderson provided Plaintiff with notice of termination, along with a statement of the allegations against him. [Second Am. Compl. (#8) ¶ 27]. Plaintiff was given an opportunity to respond in writing to those allegations, and on December 17, 2002, Plaintiff was terminated. [Second Am. Compl. (#8) ¶¶ 21, 27]. Further, Plaintiff availed himself of the opportunity to challenge his termination by filing a grievance with the Council of Academic Professionals. [Second Am. Compl. (#8) ¶ 28]. Accordingly, Plaintiff's due process claim against Cantor (Count VI) should be dismissed with prejudice.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

*D. Plaintiff's First Amendment Claim Against Cantor (Count VII) Should be Dismissed With Prejudice Because It is Barred by the Two-Year Statute of Limitations*

This case was filed on June 3, 2005, and no claim was filed against Cantor until August 9, 2005. Plaintiff's cause of action accrued on December 2, 2002. Any First Amendment claim arising from Plaintiff's termination is time-barred. This Court has previously so ruled as to Anderson. *See* October 3, 2005 Order (# 28).

In *Chardon*, 454 U.S. at 8, the Supreme Court analyzed a § 1983 claim that a public employee was terminated from his job in violation of the First Amendment. The court held that such a cause of action accrues on the date of notice of termination and not the date of termination itself. This is because the alleged wrongful conduct, a decision allegedly based on Plaintiff's exercise of protected speech, was manifest as of the date of notice on termination.

In the present case, Plaintiff complains that Cantor violated his First Amendment rights by terminating him due to his expressions of unlawful conduct of University faculty members and requesting cessation of such activity. [Second Am. Compl. (#17) ¶ 60]. The only First Amendment claim against Cantor relates to Plaintiff's termination. The First Amendment cause of action against Cantor accrued in December 2, 2002 when notice of termination was given. [Second Am. Compl. (#8) ¶ 27].

In *Gorski v. Lewis University*, 1999 WL 1250192 *5 (N.D. Ill. 1999), the Court noted that:

> The case law indicating that the statute of limitations begins to toll when the notice of termination is communicated rather than on the date the appeal is denied indicates that the Seventh Circuit does not consider this latter event a separate and independent adverse action.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Since Plaintiff's cause of action accrued when he was first told on December 2, 2002 that he would be terminated, Counts VI should be dismissed with prejudice because it is time-barred.

III.    CONCLUSION

Plaintiff's due process claim against Cantor (Count VI) should be dismissed with prejudice for three reasons. First and most importantly, Plaintiff has no protected property interest in his employment as Director of Printing Services, or for that matter in public employment at the University. When Plaintiff was terminated from his position on December 17, 2002, relieved of all job duties as Director, and was required to turn in his keys and phone, the University was free to offer him a year of pay while he performed other duties at the University. But there was no deprivation of any property interenst, and the University was not constitutionally required to afford Plaintiff any due process.

Second, Plaintiff's due process claim should be dismissed with prejudice because it is time-barred. Plaintiff's complaint pleads a property interest, if at all, in his position as Director of Printing Services. As of December 18, 2002, the Office of Printing Services was no longer under his direction. Even if he had a property interest in that position, which he did not, the statute of limitations should bar this suit after December 17, 2004, his last day as Director. Plaintiff waited until 2005, more than two years after he was removed from his position as Director of Printing Services to file suit. Continuing to receive a pay check for a year while performing other duties should not extend his time for bringing suit.

Third, Plaintiff's due process claim should be dismissed with prejudice because it rests on an alleged violation of state law rather than a sufficiently alleged violation of constitutional due process: Plaintiff's Second Amended Complaint shows that he received all the due process that

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

was constitutionally due.

Plaintiff's First Amendment claim against Cantor (Count VII) should be dismissed with prejudice because it also is time-barred. The cause of action accrued on December 2, 2002, when Plaintiff first received notice of termination. Plaintiff had until December 2, 2004 to bring suit, yet suit was not filed against any Defendant until June 2005 and suit was not filed against Cantor until August 2005, well beyond the two year statute of limitations.

For the foregoing reasons, Nancy Cantor respectfully requests that this Court dismiss Count VI and VII with prejudice.

> NANCY CANTOR, individually, and as former Chancellor of the University of Illinois Board of Trustees of the University of Illinois, Defendants
>
> s/ Edward M. Wagner
> Attorney for Defendants
> Heyl, Royster, Voelker & Allen
> Suite 300
> 102 E. Main Street
> P.O. Box 129
> Urbana, IL 61803-0129
> 217-344-0060 Phone
> 217-344-9295 Fax
> E-mail: ewagner@hrva.com
>
> s/ Keith B. Hill
> Attorney for Defendants
> Heyl, Royster, Voelker & Allen
> Suite 300
> 102 E. Main Street
> P.O. Box 129
> Urbana, IL 61803-0129
> 217-344-0060 Phone
> 217-344-9295 Fax
> E-mail: khill@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

                s/ Keith B. Hill
                Attorney for Defendants
                Heyl, Royster, Voelker & Allen
                Suite 300
                102 E. Main Street
                P.O. Box 129
                Urbana, IL 61803-0129
                217-344-0060 Phone
                217-344-9295 Fax
                E-mail: khill@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

15