E-FILED
Monday, 05 December, 2005  03:37:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, VAN ALLEN ) | |
| ANDERSON, ) | |
| ) | |
| DEFENDANTS. ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CANTOR'S MOTION TO DISMISS

### The Claim Against Cantor is Not Barred by the Statute of Limitations

   Pages five through ten of Defendant's Memorandum in Support of its Motion to Dismiss argue that the statute of limitations against defendant Nancy Cantor has tolled. These issues have been extensively argued in this case and plaintiff notes his memorandum filed in Opposition to Defendant Board of Trustees' Motion to Dismiss and specifically pages six through ten of that memorandum as it relates to the tolling of 42 USC § 1983 statute of limitations.  No arguments are repeated herein and plaintiff incorporates those portions of his previous memorandum in opposition to this motion. The court also addressed the tolling of statutes of limitations under 42 USC § 1983 in its order e-filed October 10, 2005.  That order appears to have answered defendant Cantor's argument as to plaintiff's due process claim as it specifically holds on page nine thereof that the statute of limitations under 42 USC § 1983 begins to run from the date the employment was actually terminated because it was at that point at which the deprivation

MEMORANDUM IN OPPOSTION
PAGE TWO

begins citing Lawshe v. Simpson 16 F.3d 1475, 1478 (7th Cir.).  Order, page 9.  Here, Cantor did not become involved in Bant's case until she acted as the final decision maker to determine if Bant's employment would terminate on January 9, 2004.  To say the least it would be unfair for Cantor to now be allowed to allege that the statute of limitations against her began long before she became involved in the case such that she could claim two year statute of limitations even though her involvement began in January, 2004.

**Plaintiff Has a Property Interest in His Claims**

   Defendant spends considerable time in its memorandum citing cases wherein the 7th Circuit and district courts have found that untenured university personnel have no property interest based upon due process claims pursuant to 42 USC § 1983.  Plaintiff's counsel has no objection with these cases but points out, as defendant does, that plaintiff was not an untenured faculty member.

   The 7th Circuit summarized the basis for such property interest in Powell v. Fujimoto 119 F. Appx. 803, 2004 U.S. App. Lexis 27395 when it stated at page 807 of 119 F. Appx.:

> A protectable property interest must rest on a legitimate claim of entitlement created by some independent source such as state law.  Beischel v. Stone Bank School Dist., 362 F.3d 430, 435 (7th Cir. 2004). We have held that a tenured professor at a state university has a property interest in his job that cannot be taken away without due process.  Levenstein v. Salafsky, 164 F.3d 345, 351 (7th Cir. 1998). We have also noted that a property interest could potentially be infringed by a reassignment that affects future job opportunities, Bordelon v. Chicago School Reform Board of Trs., 233 F.3d 524, 531 (7th Cir. 200), or a demotion that involves a reduction in salary, Sonnleitner v. York, 304 F.3d 704, 716 (7th Cir. 2002).

MEMORANDUM IN OPPOSTION
PAGE THREE

Another opinion which is helpful is <u>Bundy v. University of Wisconsin/Eau Claire</u> 1997 U.S. App. Lexis 6923 (7th Cir. 1997) wherein the court stated at page four of 1997 U.S. App. Lexis 6923 as follows:

> Without a property right, the Fourteenth Amendment would not entitle him to any procedural due process such as notice and an opportunity to be heard. <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569-70, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). A property interest is not conferred by the employee's unilateral expectation; rather he must show a "legitimate claim of entitlement to it", the existence of which is determined here by reference to Wisconsin law. Id. at 577; <u>Border v. City of Crystal Lake</u>, 75 F.3d 270, 273 (7th Cir. 1996). "A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract—those 'rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Id. (quoting Roth, 408 U.S. at 577)

Here, defendant's argument disregards the property interest created under state law and the role of the campus Counsel of Academic Professionals (CAP) as identified in paragraph 28 of the second amended complaint. Plaintiff specifically pleads that CAP was responsible for the investigation and recommendation of disciplinary action for 3,300 University of Illinois employees including Bant and that after taking statements and completing its own investigation it ruled that Bant should be reinstated by the University of Illinois and passed this recommendation on to defendant Cantor. (See paragraph 28 of amended complaint.) Disregarding the recommendation of CAP, defendant Cantor summarily upheld Bant's dismissal without investigation or findings as to why the CAP recommendation should not be upheld. Bant clearly had a property interest in the investigation and report conducted by CAP and had a continued expectation of future employment once CAP made a recommendation to Cantor that Bant should be reinstated.

MEMORANDUM IN OPPOSTION
PAGE FOUR

Defendant's argument seems to suggest that CAP acted with no purpose; its recommendation and investigation was thus form over substance since Cantor had no obligation to the organization which at the pleading stage is designated the sole entity to further consider Bant's employment status. Bant did not simply have an expectation of continued one year contracts. The rule, regulation or statute relied upon by Bant is applicable state law and the refusal of the defendant to recognize the authority or jurisdiction of CAP is unfortunate given CAP's role in Bant's disciplinary action.

**Conclusion:**

(1) This court has already ruled the two year statute of limitations is not applicable to defendant Cantor.

(2) Bant's property interest arises out of adjudicatory authority given to CAP to investigate and rescind his dismissal notice.

(3) Defendant's argument that Bant received all the due process that he was due is a sham once defendant Cantor ignores CAP's recommendations.

    Respectfully submitted,

    s/Nile J. Williamson_____
    NILE J. WILLIAMSON
    ATTORNEY AT LAW
    1926 ASSOCIATED BANK PLAZA
    PEORIA, ILLINOIS 61602
    TELEPHONE: (309)677-5950
    E-MAIL: nilew@aol.com

**PROOF OF SERVICE**

    I hereby certify that on December 5, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Mr. Keith B. Hill
Mr. Edward M. Wagner
Heyl, Royster, Voelker, & Allen
102 E. Main St., Suite 300
P.O. Box 129
Urbana, Illinois 61803-0129
(217)344-0060

                                                s/Nile J. Williamson
                                                NILE J. WILLIAMSON
                                                ATTORNEY AT LAW
                                                1926 ASSOCIATED BANK PLAZA
                                                PEORIA, ILLINOIS 61602
                                                TELEPHONE: (309)677-5950
                                                E-MAIL: nilew@aol.com