05442-P7148
EMW/EM/dkl
G:\48\P7148\P7148PMD 008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

GEOFFREY W. BANT,          )
      Plaintiff,          )
          vs.          )      No.: 05-2132
FRANCES G. CARROLL, KENNETH D.   )
SCHMIDT, DAVID V. DORRIS, DEVON  )
C. BRUCE, NIRANJAN S. SHAH, ROBERT )
Y. SPERLING, LAWRENCE C. EPPLEY,   )
MARJORIE E. SODEMANN, AND ROBERT )
F. VICKREY, in their individual capacity,  )
as members of the Board of Trustees of the  )
University of Illinois, VAN ALLEN ANDERSON, )
individually, NANCY CANTOR, individually,  )
as former Chancellor of the University of Illinois, )
Board of Trustees of the University of Illinois,  )
      Defendants.         )

## DEFENDANT BOARD MEMBERS AND ANDERSON'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## SECOND AMENDED COMPLAINT (COUNT V DUE PROCESS)

Defendants, FRANCES G. CARROLL, KENNETH D. SCHMIDT, DAVID V.

DORRIS, DEVON C. BRUCE, NIRANJAN S. SHAH, ROBERT Y. SPERLING,

LAWRENCE C. EPPLEY, MARJORIE E. SODEMANN, AND ROBERT F. VICKREY, in

their individual capacity, as members of the Board of Trustees of the University of Illinois, and

VAN ALLEN ANDERSON, by their attorney, Edward M. Wagner of HEYL, ROYSTER,

VOELKER & ALLEN, respectfully submit this memorandum of law in support of their motion

to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6).

### Background

On June 3, 2005, Plaintiff filed *pro se* a Complaint against the Board of Trustees.  After

the appearance of counsel for the Plaintiff, this Court granted Plaintiff's motion for leave to file

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

an amended complaint.  An Amended Complaint was filed on July 11, 2005, and added an individual defendant, Van Allen Anderson.

In his Amended Complaint, Plaintiff pleads that he was employed as Director of Printing at the University of Illinois (Am. Compl. ¶ 14); that he was given a letter of intent to terminate him on December 2, 2002 (Am. Compl. ¶ 27); that the decision to terminate was reaffirmed on December 17, 2002 (Am. Compl. ¶ 27); that on December 17, 2002 he was required to turn in his keys and phone and was told not to return to the building (Am. Compl. ¶ 27); that thereafter the Office of Printing Services was not under Plaintiff's direction (Am. Compl. ¶ 21); and that during his one year notice period, he appealed his termination to the Council of Academic Professionals (CAP), and continued to be paid until January 9, 2004. (Am. Compl. ¶ 28).

On October 3 and 5, 2005, this Court ruled on motions to dismiss the Board and Anderson, respectively.  In its October 3 Order, this Court, among other things, dismissed with prejudice Plaintiff's due process claim (Count V) against the Board of Trustees on the basis of sovereign immunity. The Court granted Plaintiff leave to amend his complaint to state claims against individual Board members. In its October 5 Order, the Court dismissed Plaintiff's due process claim (Count V) against Anderson because the court found that Plaintiff did not have the required property interest to support a due process claim.[1]

---

[1] After its Orders on the Amended Complaint, only Counts I and II (Title VII) against the Board and certain claims in Count IV (First Amendment) against Anderson remained. Count III (ADEA) against the Board was dismissed with prejudice, as was Count IV (First Amendment) against Anderson as that claim related to Plaintiff's termination. Count V (Due Process) was dismissed with prejudice against the Board and Anderson but the Court granted Plaintiff leave to refile Count V alleging any potential claims against individual Board members. In addition to the Second Amended Complaint, which seeks to refile Count V (Due Process) against Anderson and the individual Board members, Plaintiff has filed an Amended Complaint with Counts VI (Due Process) and VII (First Amendment) against Defendant Cantor in yet another partial amendment.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

On October 12, 2005, Plaintiff filed his Second Amended Complaint. Plaintiff's Second Amended Complaint includes only an amended due process claim (Count V). This Amended Count V is brought against Defendant Anderson and against nine individual members of the Board of Trustees of the University of Illinois. This Motion seeks dismissal with prejudice of Plaintiff's amended due process claim (Count V) against Anderson and all nine Board member Defendants.

**Argument**

**I.    Amended Count V (Due Process) Must Be Dismissed Against Anderson Because This Court Has Already So Ruled.**

In its Orders, this Court dismissed Plaintiff's due process claim (Count V)  against the Board and against Anderson with prejudice. The Court granted Plaintiff leave to refile and attempt any potential claim only against individual Board members. Instead, Plaintiff filed an amended due process claim (Count V) against Anderson as well as against nine newly named Board members.

Since this Court has already ruled that the original due process claim in Count V be dismissed with prejudice against Defendant Anderson, it is improper for Plaintiff to have included Defendant Anderson as one of the parties defendant in his due process claim in Amended Count V.  *See Moss v. Mormon*, 2001 WL 800088 (N.D. Ill.)(dismissal order still valid as to carbon copy amended complaint).  Leave was granted for Plaintiff to add individual Board members, not to refile against Anderson.  Defendant Anderson asks the Court to clarify that Count V's dismissal with prejudice against Anderson remains valid as to this Amended Count V.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**II.    Amended Count V Should be Dismissed With Prejudice Against Defendant Dorris Because He Was Not A Board Member at the Time of any Alleged Constitutional Violation.**

In paragraph 13b of the Amended Complaint, Plaintiff identified David V. Dorris, Kenneth D. Schmidt, and Frances G. Carroll as Trustees serving a term from <u>2005 to 2011</u>. Based on this pleading, it is apparent that these three Board members could not have participated in any due process violation, since there are no allegations arising on or after January 1, 2005. However, Defendants wish to clarify that two of those Trustees, Kenneth D. Schmidt and Frances G. Carroll, in fact served on the Board prior to 2005 and were reappointed for another term in 2005. Defendant Dorris was appointed for the <u>first</u> time in 2005. (<u>See</u> **Exhibit A**, Letter of Appointment; appointment information is also available online at www.uillinois.edu/trustees/meet.html).  Appointments to the Board are filed with the Secretary of State and, as such, are matters of public record.

The court may take judicial notice of the dates of Defendant Dorris' appointment in ruling on this motion to dismiss. *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) (court may take judicial notice of public records); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (court took judicial notice of information from official website of the Federal Deposit Insurance Corporation); *Fed. R. Evid.* 201(b) and (d) (the court, upon request by one of the parties, must take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" if the requesting party supplies the court with the necessary information).  Federal courts have taken judicial notice of dates of public appointments in *Lefkovits v. State Bd. of Elections*, 400 F.Supp. 1005, 1007 (N.D.Ill. 1975)(judicial notice of effective date of appointment of state

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

court judge) and *White-Ruiz v. City of New York*, 983 F.Supp. 365, 390 (S.D.N.Y. 1997)(judicial notice of date of appointment of New York Police Commissioner). Judicial notice of Secretary of State filings is also appropriate. *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (3rd Dist. 1998) (records from the Illinois Secretary of State's Office are public records, of which court may take judicial notice.)  Defendant Dorris requests that this Court take judicial notice that he was not appointed until March 28, 2005, as filed with the Secretary of State.

Count V should be dismissed with prejudice as to Defendant Dorris.

**III.     Count V Should Be Dismissed Against Individual Board Members Because No Individual Board Member Has The Power To Ratify the Termination Decision – Only the Board Could Do So Acting As A Board And This Court Has Already Dismissed Count V Against The Board.**

An individual defendant cannot be held liable under section 1983 unless he "caused or participated in the alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Silk v. City of Chicago*, 1996 WL 312074 * 17 (N.D.Ill.). While federal notice pleading does not require much to state a claim, there must be some allegation to show the nature of the participation by each defendant.  Fed. R. Civ. P. 8. Without having identified any acts by any of the individual Board member Defendants, Plaintiff concludes that the "aforementioned acts of [the individual Board members], in their individual capacity, as members of the Board of Trustees of the University of Illinois, who [sic] ratified the actions of Anderson and Cantor, all of whom were acting under color of state law, constitute unlawful violations of plaintiff's Fourteenth Amendment rights and 42 U.S.C. 1983." (Second Am. Compl.  ¶ 46).  Individual Board members have no power to ratify anything. They act only by majority vote of the Board of Trustees. University Statute Art. XIII § 5 (applying Robert's

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

Rules of Order to deliberative proceedings). Only the Board of Trustees, acting as a Board, can ratify anything. This Court has already dismissed Plaintiff's due process claim against the Board of Trustees.

In this pleading, there is not even the vaguest suggestion as to how any of the Board members might have individually violated Plaintiff's right to due process. Plaintiff's due process claim (Count V) should be dismissed with prejudice as to all Board Members.

**IV.    Plaintiff's Due Process Claim (Count V) Should be Dismissed With Prejudice Because Plaintiff Has No Property Interest in His Employment.**

Plaintiff cannot assert a due process claim because he has no property interest in his employment as Director of Printing Services at the University. As an academic professional at the University, Plaintiff did not have a constitutionally protected interest, and he is therefore not even entitled to notice and a minimal pre-deprivation hearing. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Under the holding of *Roth*, Plaintiff had no property interest in his job since he had no claim of entitlement to continued employment.

The Seventh Circuit has repeatedly and specifically held that <u>no</u> due process rights are owed to untenured University of Illinois personnel. *See McElearney v. University of Illinois,* 612 F.2d 285 (7th Cir. 1979); *Weinstein v. University of Illinois*, 811 F.2d 1091, 1097 (7th Cir. 1987); *Upadhya v. Langenburg*, 834 F.2d 661 (7th Cir. 1987) *cert. denied* 486 U.S. 1033 (1988). In these cases, the Seventh Circuit held that the University Statutes limit the terms of employment for assistant professors and prevent them from possessing a legitimate claim of entitlement in renewal of their contracts. *Id.* Therefore, the plaintiffs had no property interest and the due process clause did not apply. In *Weinstein*, the plaintiff insisted that his discharge violated the constitution and the Court found that "absurd" because "no set of facts entitled him

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

to reappointment." *Id*. In all of these cases, the Seventh Circuit held that without a property interest, it would not consider the adequacy of the procedures utilized by the University of Illinois.

While Plaintiff was not a faculty member, and was instead employed as an academic professional, these rulings apply with equal force to his suit. In *Upadhya*, the court was looking at the same provisions concerning twelve month appointments and notice of non-reappointment that are at issue in this case. It concluded that an employee "serving on a series of annual appointments, without an entitlement to renewal founded on state law, has no property interest in his position." *Upadhya*, 834 F.2d at 664. When the employee "lacked a property interest in the renewal of his appointment . . . the University therefore was not required to give him notice or an opportunity for a hearing." *Id*. at 667.

The University Statutes and General Rules, which apply to faculty and academic professionals, afford Plaintiff no entitlement to continued employment.[2] Article IV Section 1 of the General Rules designates that academic and administrative staff are appointed for twelve month periods. (A copy of the General Rules is attached to this memorandum as **Exhibit B**. Those documents are also available online at the sites designated on the documents.) Article IX Section 11 of the University of Illinois Statutes (Statutes) provides the University the right of non-reappointment and provides for notice of non-reappointment to academic professional staff, with a twelve month maximum period of notice. (A copy of the Statutes is attached hereto as **Exhibit C**). Under the Statutes, because of his length of service, Plaintiff was entitled to a one year notice. As Plaintiff pleads in his Amended Complaint, this is exactly what occurred.

---

[2] The Statutes and General Rules have the force of law in Illinois. *Upadhya*, 834 F.2d at 663; *see also Fenje v. Board of Governors*, 2002 WL 959837 *5 (N.D.Ill.).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Plaintiff suggests that the Chancellor and all other Defendants were required to accept the "recommendation" of the Council of Academic Professionals (CAP) to rescind Plaintiff's termination. (Am. Compl. ¶ 45.) However, a recommendation to rescind highlights that the termination was in fact already made, and nothing in the Statutes or General Rules gives Plaintiff a right to rescission of that decision. More importantly, the existence of a grievance procedure does not create a property interest. *Colburn v. Trustees of Indiana University*, 739 F.Supp. 1268 (S.D.Ind.1990)(there is no property interest in the procedure itself). "It is well-settled that grievance procedures by themselves do not constitute property interests for due process." *Hohmeier v. Leyden Community High Schools Dist. 212*, 748 F.Supp. 657, 661 (N.D.Ill.1990), aff'd at 954 F.2d 461 (7th Cir.1992). The Seventh Circuit addressed the import of grievance procedures available to state employees in *Volk v. Coler*, 845 F.2d 1422, 1430 (7th Cir.1988) and concluded that "[t]hese rules alone, however, do not create "property interests" as defined under the due process clause." Instead, regulations must contain "'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow," in order to create a property interest. *Hohmeier*, 954 F.2d at 466, *quoting Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 463 (1989) and further *relying upon Wallace v. Robinson,* 940 F.2d 243, 246-47 (7th Cir.1991) (en banc).

In this case, there is no explicitly mandatory language directing the Chancellor or Board to accept a CAP recommendation on any particular substantive predicates. On the contrary, CAP's[3] purpose is only to "provide for the orderly voicing of suggestions for the good of the

---

[3] CAP is the successor to the Professional Advisory Committee, set up in Article II section 5 of the University Statutes. (See **Exhibit B** and **Exhibit D**, the CAP procedures, also available at the CAP home page at www.cap.uiuc.edu.)

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

University, afford added recourse for the consideration of grievances, and furnish a channel for direct and concerted communication between the academic professional staff and the administrative officers of the University..." (See **Exhibit B** or www.uillinois.edu/trustees/statutes.html and **Exhibit D** or the CAP home page at www.cap.uiuc.edu). CAP's grievance procedures explicitly mandate that "[t]he Chancellor or the President makes all final decisions in grievance cases." (See **Exhibit D**, CAP's Grievance Procedures, Section VI, Reporting Procedures, also available at www.cap.uiuc.edu/pages/griev.html). Those procedures also explain that "[t]he grievant may appeal the decision to the Chancellor or the President directly. There is no formal appeal process." *Id*. They also specifically contemplate that the Chancellor or President can choose "not to endorse a CAP recommendation," and if this is the case, "CAP may request a meeting." *Id*. These provisions do not create an entitlement to continued employment sufficient to create a property interest.[4]

In this case, Plaintiff has no property interest and therefore no constitutional claim to any particular process. As a result, Plaintiff's due process claim (Count V) should be dismissed with prejudice as to all Board member Defendants.

**V.    The Statute Of Limitations Bars Count V (Due Process).**

In its October 3, 2005 Order, this Court dismissed Plaintiff's due process claim (Count V) against the Board of Trustees as a whole, on the basis of sovereign immunity. In a footnote its Memorandum in support of its Motion to Dismiss, the Board had also suggested that the

---

[4]  In *Ford v. University of Illinois Bd. of Trustees*, 371 N.E.2d 173, 175 (1 Dist.1977), the Illinois Appellate Court analyzed a similar interim grievance policy for PAC and dismissed a breach of contract claim by a terminated employee because the Defendant Board was not required to follow PAC recommendations.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

claim was time-barred based on the applicable statute of limitations, without further briefing that issue. The Court addressed that issue and found that the due process claim was not time-barred. However, because the Board was dismissed on other grounds, the Defendant Board did not file a motion to reconsider on that issue. In its October 5, 2005 Order, this Court dismissed Plaintiff's due process claim (Count V) against Defendant Anderson, finding that Plaintiff did not have a property interest in his employment. It did not address the statute of limitations argument as to Defendant Anderson. Now that Plaintiff has filed an amended due process claim (Count V) against the newly named and served individual Board members, these Defendants wish to fully raise and brief the issue of whether Plaintiff's due process claim is time-barred.

The statute of limitations for a claim brought pursuant to 42 U.S.C. § 1983 in Illinois is two years. *Mitchell v. Donchin*, 286 F.3d 447, 450 fn.1 (7th Cir. 2002). Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. *Lawshe v. Simpson*, 16 F.3d 1475 (7th Cir. 1994), *citing Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993). The court's "task, therefore, is to identify the constitutional violation and locate it in time." *Id*.

In Amended Count V, Plaintiff alleges that the individual Board members deprived him of a property interest in his job as Director of Printing Services in violation of the due process clause of the Fourteenth Amendment.[5] As to the time of the alleged violation, Plaintiff was deprived of his job as Director of Printing Services on December 17, 2002, exactly as he pleads. On that date, he was asked to turn in his keys and phone and was told not to return to the

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

[5]  The Fourteenth Amendment guarantees that states will not deprive any person of life, liberty, or property without due process of law. (US Constitution, XIV Amendment.) Only where there is a sufficient guarantee of continued employment with the state is a property interest implicated.

building. (Am. Compl. ¶ 27.) Thereafter, Plaintiff admits that the Office of Printing Services was no longer under his direction. (Am. Compl. ¶ 21.) This case was filed more than two years later on June 3, 2005, and no claim was filed against individual Board members until October 12, 2005. This Court should find that the two year statute of limitations period started to run on December 17, 2002, the date that Plaintiff was deprived of his position as Director of Printing Services, and conclude that Plaintiff's due process claim against the Board members was filed too late.

This conclusion is consistent with binding precedents. The U.S. Supreme Court has at least twice ruled that the applicable limitations period for a § 1983 claim of wrongful job termination begins to run at the time the alleged wrong occurred, even if that was <u>before</u> actual termination from the job. In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the U.S. Supreme Court held that the limitations period on a § 1983 claim premised on discrimination proscribed by Title VII began when the employee was denied tenure, not when he was terminated. The court made clear that the fact that the plaintiff was afforded the courtesy of one year's notice before employment termination did not extend his limitations period. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257.

In *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981), the Supreme Court determined that the limitations period began to run for a § 1983 claim premised on a First Amendment violation when notice of termination was given the employee because that is when the alleged wrongful act (First Amendment violation) occurred. The Court relied upon its previous rationale in *Ricks*, adding that "the fact that [plaintiffs] were afforded reasonable notice cannot extend the period

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

within which suit must be filed." *Id*. In *Lever v. Northwestern University*, 979 F.2d 552, 553 (7th Cir. 1992), the Seventh Circuit explained that the limitations "[t]ime starts to run with 'the *discriminatory act*, not the point at which the *consequences* of the act become painful.'" *Id. quoting Chardon*, 454 U.S. at 8 (emphasis in original).

Applying this principle in *Lawshe v. Simpson*, 16 F.3d 1475 (7th Cir. 1994), the Seventh Circuit explained that a due process cause of action in an employment termination case generally accrues when the termination occurs, not merely when notice is given, because deprivation of an employee's property interest in public employment only occurs when the property (job) is lost. In *Lawshe*, the plaintiff had a position with the Gary Health Department. The health department reorganized, told Lawshe that he must re-apply if he wanted to continue with the health department, and when he declined, gave him a one month notice of termination. He continued in his <u>same</u> job duties for that month. The Court found that the plaintiff had a property interest in his job because the written work rules promised he could only lose his job for cause, not through a reorganization. The court found that he was claiming that he was deprived of a "property interest in public employment" without due process, and that deprivation only occurred upon his last day of work.

*Lawshe* relied in part on the Fifth Circuit's similar conclusion in *Rubin v O'Koren*, 621 F.2d 114 (5th Cir. 1980).  In *Rubin*, the University employee also continued in the <u>same</u> job after notice of termination and through her last day at work. In both *Lawshe* and *Rubin*, the deprivation of the job to which the plaintiffs claimed a property interest occurred on the last day of employment with the public employer.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

This court must now determine when our Plaintiff was deprived of his alleged property interest. The facts in the case at bar are distinguishable from those in *Lawshe* and *Rubin* and lead to a different definition of the alleged property interest at issue. In *Lawshe* and *Rubin,* the courts could find that those plaintiffs had pled a property interest in public employment generally since the employees continued to work the same job duties through their last day of public employment. *See Lawshe*, 16 F. 3rd at 1480.  On such facts, the property deprivation would have occurred upon loss of public employment.

This case is more like *Chardon* and *Ricks*, where the Supreme Court determined that the alleged wrongful act occurred prior to the last day of employment, than it is like *Lawshe* or *Rubin*, where the property interests in the plaintiffs' public jobs were not lost until the last day of public employment. In the instant case, unlike the plaintiffs in *Lawshe* and *Rubin*, the Plaintiff did not continue to perform his assigned job duties as Director of Printing Services while being afforded the courtesy of a notice period within which he could seek other employment. The court should find that the Plaintiff has pled an attempted  property interest in his position as Director of Printing Services and not in public employment generally. All of the allegations in the pleadings relate to that position: there are no allegations that suggest Plaintiff had any independent right to be employed at the University in some other position.

In *Ricks*, the Supreme Court counted paragraphs in the complaint to find sixteen paragraphs describing in detail events related to denial of tenure, but only one paragraph even mentioning his ultimate departure from the University.  *Ricks*, 449 U.S. at 257, n.8. The Court concluded that the plaintiff was complaining about denial of tenure not termination generally. The same is true here: the pleadings detail events related to Plaintiff's position as Director of

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Printing Services and only one paragraph mentions his ultimate departure from the University. (See Am. Compl. ¶ 28.)

In *Ricks*, the loss of tenure was the alleged wrong. Ricks continued employment for a year, but the Supreme Court held that the courtesy of a one year notice before all duties and pay ceased did not prevent the limitations period from beginning to run.  "It appears that termination of employment at [the University] is a delayed, but inevitable, consequence of the denial of tenure." *Ricks*, 449 U.S. at 257, n.8..

Similarly in this case, it is not relevant to the limitations period that the Plaintiff was offered a one year terminal position. The limitations period began to run when Plaintiff was deprived of his position as Director of Printing Services on December 17, 2002. (Am. Compl. ¶¶ 21, 27).  The fact that the University assigned Plaintiff other duties and continued paying Plaintiff for another year is a delayed but inevitable consequence of the termination from his Director position.

Plaintiff admits that during this one year notice period, he appealed his termination, thereby admitting that the termination at issue is his termination from the Director position and not his termination from all public employment. (Am. Compl. ¶ 28).  Paragraph 28 of the Amended Complaint acknowledges that the relevant termination occurred before the one year notice period, not after it. In addition, Plaintiff pleads that Cantor should have accepted CAP's recommendation to rescind that termination. (Am. Compl. ¶ 45).  This again demonstrates Plaintiff's view that the relevant termination had already occurred and that Plaintiff was never seeking to retain employment at the University in any other capacity.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

14

Indeed, assume that a university provost was under contract to perform in that capacity for a particular academic year sufficient to create a property interest in continued employment as provost. Assume further that six months into the contract period the university terminates the provost from that administrative position but agrees to continue paying him not only for the additional six months but also for an additional year. Finally, assume that the former provost is paid and given a different office to perform academic research in his field during the "severance" period of one and a half years. In this situation, both Seventh Circuit and U.S. Supreme Court precedent suggest that the property interest would be lost when the provost was terminated from his provost position, not a year and a half later when he is terminated from public employment. If the provost wanted to assert a due process claim against the university, his limitations period should begin to accrue when he is terminated from his provost position because that is when he is deprived of his property interest. Were it otherwise, an administrator who also has tenure at a university could be removed from the administrative position and could assume a tenured teaching position for his remaining work life and he would never be able to complain of the most flagrant due process violations because his public employment continues.

Plaintiff was deprived of his job as Director of Printing Services on December 17, 2002. (Am. Compl. ¶¶ 21, 27, 28). He admits the office was no longer under his direction after that date. (Am. Compl. ¶¶ 21, 27). His Section 1983 due process claim accrues on December 17, 2002 because that is when the Plaintiff knew or should know that **if** he had a property interest in his job (which he did not), it had been lost. Plaintiff did not file suit for more than two years after that date.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Moreover, in *Lawshe*, the court took great care to explain that the timing of due process failures (such as pre-termination procedures) does not affect accrual of a due process cause of action. *Lawshe*, 16 F. 3rd at 1478-79. Instead, only the date of deprivation of the asserted property interest is determinative. *Id.* Applying the Court's reasoning, neither pre-termination nor post-termination defects in procedure will affect the date on which a due process claim accrues. *See also Gorski v. Lewis University*, 1999 WL 1250192 *5 (N.D. Ill. 1999); *Kielbasa v. Illinois E.P.A*, 2003 WL 880995 *4 (N.D. Ill. 2003) (subsequent appeals do not lengthen the limitations period). Under *Lawshe*, it simply does not matter when any alleged procedural deficiencies may have occurred. Any allegations of procedural deficiencies by individual Board members are irrelevant to the issue of when Plaintiff's due process claim accrues.

In this case, the alleged deprivation did not occur when Plaintiff received notice of his termination (December 2, 2002), nor did it occur on Plaintiff's last day of public employment (January 9, 2004); rather, it occurred when Plaintiff was stripped of his job duties as Director of Printing Services, the position to which he claims a property interest (December 17, 2002). Consistent with *Ricks*, *Chardon*, and *Lawshe*, the statute of limitations on Plaintiff's due process claim has run. Count V should be dismissed with prejudice as time-barred.

**VII.    Plaintiff's Due Process Claim Against Anderson and the Board Members (Count V) Should be Dismissed Because It Rests on Alleged Violations of State Law Rather Than Sufficiently Alleging Violations of Constitutional Due Process: His Complaint Shows That He Received All The Process He Was Due.**

In ¶ 45 of the Second Amended Complaint, Plaintiff alleges that his due process rights were violated because the "UI did not abide by its own procedures and regulations when it terminated plaintiff. . . ."   A violation of a state law or regulation is not actionable as a Section 1983 due process claim. *Indiana Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 711 (7th

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Cir. 2004), *citing Gryger v. Burke,* 334 U.S. 728, 731 (1948). Instead, to state a claim under

Section 1983, "a plaintiff must allege defendants deprived him of rights secured under either

federal law or the United States Constitution while acting under color of state law." *Silk v. City*

*of Chicago*, 1996 WL 312074 *17 (N.D. Ill. 1996). The allegation that the University did not

follow its own procedures cannot form the basis of a constitutional due process violation.

Indeed, even if Plaintiff had a property interest in his position as Director of Printing

Services, which he does not, the current allegations show that Plaintiff received all the process

that was due. The Seventh Circuit has explained that even if a public employee had a property

interest, all that is required before termination is notice and "some kind of opportunity to be

heard." *Luellen v City of Chicago*, 350 F.3d 604, 614 (7th Cir. 2003), *quoting Cleveland Bd.*

*of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), in turn *quoting Bd. of Regents v. Roth*, 408

U.S. 564, 569-70 (1972). In *Loudermill*, the Court explained that all that was required was

"affording the employee an opportunity to respond prior to termination." *Id.* at 615.

In this case, the pleading shows that Plaintiff received all the process that was due,

namely, notice and an opportunity to respond. According to the Complaint, on December 2,

2002, Anderson provided Plaintiff with notice of termination, and gave him two days to respond

to the allegations against him. (Am. Compl. ¶ 27).  Plaintiff asked and received an extension and

responded on December 11, 2002, and then on December 17, 2002, Plaintiff met with Defendant

Anderson who advised him that his decision had not changed and asked him to return his keys,

his phone and not return to the building. (Am. Compl.¶ 27). Plaintiff admits that he no longer

served as Director after December 17, 2002.   (Am. Compl. ¶ 21). In addition to the opportunity

to be heard several times on December 2, 11, and 17, 2002, Plaintiff subsequently appealed his

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

termination with the Council of Academic Professionals. (Am. Compl. ¶ 28). According to Plaintiff, CAP's recommendation to rescind Plaintiff's termination was rejected by Nancy Cantor, who decided not to reinstate Plaintiff. (Am. Compl. Counts VI and VII ¶¶ 51, 53.)

Plaintiff's due process claim is premised on alleged violations of state law rather than alleging violations of constitutional due process. The pleadings show that Plaintiff received all the process he was constitutionally due, even if he did have a property interest in his position. Accordingly, Plaintiff's due process claims (Count V) should be dismissed with prejudice against all parties.

**Conclusion**

The Second Amended Count V is not properly brought against Defendant Anderson. This Court has already dismissed Count V (due process) against Anderson.

The Second Amended Count V is not properly brought against Defendant Dorris because he did not become a Board member until 2005 and therefore could not have participated in any of the alleged violations.

The Second Amended Count V should also be dismissed as to all individual Board members for **four** reasons. **First**, Count V should be dismissed as to the individual Board members because they have no power to ratify actions of Cantor or Anderson except as a Board. This Court has already dismissed Count V (due process) against the Board. There is not any suggestion of any other participation by any of the individual Board members in a due process violation.

**Second**, Count V should be dismissed as to all parties Defendant because Plaintiff has no protected property interest in his employment as Director of Printing Services, an academic

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

18

professional at the University, or for that matter in any employment at the University. When he was terminated from his position as Director on December 17, 2002, when he was relieved of all job duties as Director and was required to turn in his office keys and phone, the University was free to offer him a year of pay performing other duties. There was no deprivation of a property interest, and so the University was not constitutionally required to afford Plaintiff any process.

**Third**, Plaintiff waited more than two years after he was removed from his position as Director of Printing Services to file suit. Plaintiff's complaint pleads a property interest, if at all, in his position as Director. Even if he had a property interest in that position, which he did not, the statute of limitations should bar this suit after December 17, 2004. His due process claim accrued on this termination date from his position as Director and Plaintiff's allegations of procedural deficiencies after that date do not change the accrual date. Similarly, Plaintiff's continued employment during a one year notice period after Plaintiff was in fact removed from his position as Director should not extend his time for bringing suit. Count V is time-barred.

**Fourth**, under recent Seventh Circuit precedent, Plaintiff may not premise his due process claim on a failure to follow state law and the Complaint shows he received all the process he was constitutionally due.

For all of these reasons, Count V should be dismissed with prejudice as to **all** parties Defendant.

WHEREFORE, the Defendants, FRANCES G. CARROLL, KENNETH D. SCHMIDT, DAVID V. DORRIS, DEVON C. BRUCE, NIRANJAN S. SHAH, ROBERT Y. SPERLING, LAWRENCE C. EPPLEY, MARJORIE E. SODEMANN, AND ROBERT F. VICKREY, in their individual capacity, as members of the Board of Trustees of the University of Illinois and

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

19

VAN ALLEN ANDERSON, respectfully request that this Court dismiss Count V against all parties Defendant with prejudice.

> FRANCES G. CARROLL, KENNETH D. SCHMIDT, DAVID V. DORRIS, DEVON C. BRUCE, NIRANJAN S. SHAH, ROBERT Y. SPERLING, LAWRENCE C. EPPLEY, MARJORIE E. SODEMANN, AND ROBERT F. VICKREY, in their individual capacity, as members of the Board of Trustees of the University of Illinois, and VAN ALLEN ANDERSON, Defendants
>
> s/Edward M. Wagner
> Attorney for Defendants
> Heyl, Royster, Voelker & Allen
> Suite 300
> 102 E. Main Street
> P.O. Box 129
> Urbana, IL 61803-0129
> 217-344-0060 Phone
> 217-344-9295 Fax
> E-mail: ewagner@hrva.com

## TYPE VOLUME CERTIFICATION

Pursuant to CDIL-LR 7.1(B)(2), Edward M. Wagner certifies that this memorandum complies with the type volume limitation, as it contains 6,118 words or 31,876 characters, exclusive of those contained in this certificate.  Pursuant to the local rule, counsel relied on the word count of Corel Word Perfect 8.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

20

## **PROOF OF SERVICE**

I hereby certify that on December 15, 2005, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

s/Edward M. Wagner
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060