05442-P7148
EMW/njk/slc
G:\48\P7148\P7148PAN 001

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, and ) | |
| VAN ALLEN ANDERSON, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO AMENDED COMPLAINT COUNTS I, II AND IV**

NOW COME the defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN ANDERSON, by their attorneys, Edward M. Wagner of HEYL, ROYSTER, VOELKER & ALLEN, and as and for their respective Answer to the relevant and remaining last amended counts I, II and IV, state as follows:

**INTRODUCTION**

1.   These defendants admit that all claims for alleged violation of "due process" and alleged "age discrimination" have been previously dismissed; and these defendants admit that with respect to all other relevant alleged statutes that they were in force and in effect at all relevant times and these defendants deny any violation of any statute alleged and further deny that this plaintiff was the subject of any alleged acts, omissions or occurrences and further these defendants deny that this plaintiff is entitled to any relief or remedy sought.  Further, these defendants deny each and every other, as well as all remaining, allegations or inferences in paragraph 1.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2. Defendants deny the allegations of paragraph 2 and each and every allegation of paragraph 2.

3. Defendants deny the allegations of paragraph 3 and each and every allegations of paragraph 3.

4. Defendants note that these alleged violations have been previously dismissed by this Court. To the extent that any such allegation or claim survives, these defendants deny the allegations in paragraph 4 and each and every allegation of paragraph 4.

5. Defendants note that these alleged violations have been previously dismissed by this Court. To the extent that any such allegation or claim survives, these defendants deny the allegations in paragraph 5 and each and every allegation of paragraph 5.

## JURISDICTION AND VENUE

6. Defendants admit that plaintiff has invoked the federal question jurisdiction of this Court by their alleged claims which survive; however, these defendants deny each and every alleged violation, act, omission, or occurrence, and these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 6.

7. Defendant admit that plaintiff's allegations base proper venue in this Court and District; but these defendants deny that any alleged violations, acts, omissions or occurrences took place and specifically these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 7.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**ALLEGED CONDITIONS PRECEDENT**

8. Defendants admit that as to certain surviving claims, this plaintiff has fulfilled conditions precedent to the institution of this alleged action, but these defendants deny that all such remaining claims are timely filed. Further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 8.

9. Defendants admit the allegations of paragraph 9.

**PARTIES**

10. Defendants admit that the plaintiff, Geoffrey W. Bant, is a Caucasion-Anglo Saxon male with date of birth of 9/21/48, and who resided, when last known, at 801 W. Pennsylvania Avenue in Urbana, IL, 61801, and further these defendant admit that the plaintiff was employed on an annual contractual basis by the University of Illinois, Urbana/Champaign, as Director of Printing for approximately 14 years between 1988 and 2002 and these defendants admit that plaintiff's duties in the position of Director of Printing were terminated in mid December 2002 and that plaintiff's employment with the University of Illinois was terminated in early 2004; and further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit that the University of Illinois is governed by its Board of Trustees and further these defendants admit that the University of Illinois has certain responsibilities as a state entity employer for its employees, depending on the type of employment relationship with any individual employee; and these defendants deny the allegations made which infer a guarantee of career development, advancement and promotion; and further

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 12.

13. Defendants admit that at the time of the Amended Complaint being filed on July 11, 2005, the individuals listed held the offices as alleged.

### ANSWER TO ALLEGATIONS WHICH ARE ALLEGED TO BE COMMON TO ALL CAUSES OF ACTION

14. Defendants admit that from 1988 until December 18, 2002, plaintiff Bant held the position as Director of Printing at the University of Illinois on successive one-year written contracts; but these defendants deny that after December 18, 2002, the plaintiff held that position nor performed any such duties of Director of Printing Services, although his last terminal contract was written to allow the title to remain. Further, these defendants admit that University policy provides for a 12 month notice of non-reappointment for long term, academic professionals employed over four years. Further, these defendants admit that, at certain times, plaintiff supervised less than 100 civil service employees at the approximate 12 locations of the Office of Printing Services and reported to Kathleen Pecknold, Associate Vice-Chancellor for Administration and Human Resources until August 1999. Defendants deny that plaintiff Bant had tenure. Defendants state that at the present time they have insufficient knowledge to admit or deny the allegations in the fourth and fifth sentences of paragraph 14, and therefore defendants deny same and demand strict proof thereof. Further, defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 14.

15. Defendants deny the allegations of paragraph 15 and each and every allegation in paragraph 15, as paragraph 15 is alleged to include any and all evaluation and review of plaintiff Bant's job performance, and that the time frame alleged did not include the evaluation, review or ratings alleged and further, defendants deny that all evaluations, performances reviews or

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

supervisory reviews were free from noted deficiencies or need for improvement. Further, these defendants deny that the alleged rating system used the terms alleged and further these defendants deny that plaintiff's abilities in his position were not also rated. Further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 15.

16.     Defendants admit that defendant Van Allen Anderson assumed the responsibilities of Kathleen Pecknold in August 1999 and these defendants admit that defendant Anderson performed his first full performance review of plaintiff Bant on June 20, 2000, and that defendant Anderson's next full formal performance review was completed on July 5, 2001; further these defendants deny that the July 5, 2001, full formal performance review was the last performed by defendant Anderson and defendants assert that the plaintiff's abilities in his position continued to be evaluated thereafter. Further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 16.

17.     Defendants admit the allegations of paragraph 17, but assert that the title for Sonya Chambers at the time alleged was Director of Financial Affairs, Administrative Services.

18.     Defendants admit that at the close of the 2001 fiscal year, the accounting information available in UFAS for plaintiff Bant's department showed a deficit as alleged on a reported income of approximately as alleged; and these defendants admit that the Provost program called for a report to explain how any such deficit resulted and a plan to eliminate the deficit at some point in time within three fiscal years; and defendants admit that the individual departments could require a shorter period of time for deficit elimination. Further, defendants admit that such a report was provided for a two fiscal year elimination of the deficit, and was provided to defendant Anderson who was an appropriate individual to receive such a report for

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

the University of Illinois. Further, these defendants deny each and every other, as well as all other remaining allegations or inferences in paragraph 18.

19.     Defendants admit that defendant Anderson told Bant that he and Charles Cobert required an aggressive approach for the elimination of the deficit; but these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 19.

20.     Defendants admit that at a point in time the defendant Anderson and Sonya Chambers began negotiating certain matters with Xerox and excluding plaintiff Bant from certain meetings with Xerox personnel and also forbidding plaintiff Bant and others from speaking with any Xerox personnel regarding certain matters involving the Xerox contracts; and further these Defendants state that they have insufficient knowledge based on a lack of alleged time frame or definition of certain terms used to be able at the present time to admit or deny the allegations in the first line of paragraph 20, and therefore denies same and demands strict proof thereof; and further these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 20.

21.     Defendants admit that the Office of Printing Services, which was under plaintiff Bant's direction until December 18, 2002, provided certain copyright permission services to the Champaign-Urbana, Springfield and Chicago campuses of the University of Illinois through the Campus Publishing Services and further these defendants admit that the Campus Publishing Services was the office of first reference for certain copyright questions for the UIUC campus. Further, these defendants admit that the Campus Publishing Services staff would make efforts to keep current on copyright issues and would receive calls from faculty and staff concerning copyright questions and, at times, provide certain non-legal answers. However, these

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 21.

22. These defendants have insufficient knowledge at the present time to admit or deny the allegations in the first sentence of paragraph 22, and therefore these defendants deny same and demand strict proof thereof. Further, these defendants admit that Campus Publishing Services assisted and procured copyright permissions; however, these defendants have insufficient knowledge at the present time to admit or deny the remaining allegations in the second sentence of paragraph 22 and therefore denies same and demands strict proof thereof. Further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 22.

23. Defendant admits that at certain times, plaintiff Bant made allegations of off campus vendors allegedly violating the law and further alleging off campus vendors producing course packets for UI faculty without seeking permission from the rights holders; and further these defendants state that they have insufficient knowledge at the present time to admit or deny the vaguely alleged acts and time frames mentioned in the first two lines of paragraph 23 and therefore denies same and demands strict proof thereof; and further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 23.

24. Defendants admit that under Bant's direction, the Campus Publishing Services produced a report for presentation at the conference alleged in October 2000, and further these defendants assert that the report speaks for itself; however, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 24. Defendants also assert that this paragraph 24 and all allegations therein has been held to be time-barred and stricken.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

25.    Defendants admit that at the time alleged, plaintiff Bant was directed to meet with defendant Anderson, Willard Bredfield and Marcia Rotunda concerning the report and that shortly thereafter plaintiff was instructed that he was no longer to make unsubstantiated allegations against off campus vendors and further that it was explained to plaintiff that the alleged report exposed the UI to risks; however, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 25. Defendants also assert that this paragraph 25, and all allegations therein, has been held to be time-barred and stricken.

26.    Defendants deny the allegations of paragraph 26 and each and every allegation of paragraph 26 as all allegations are dependent upon the time frame alleged in paragraph 26, all of which these defendants deny.

27.    Defendants admit the allegations in the first sentence of paragraph 27. Defendants admit that plaintiff Bant asked for an extension and provided a response on December 11, 2002; however, these defendants deny that Bant attended a meeting in defendant Anderson's office on December 17, 2002, as the alleged meeting occurred on December 18, 2002; and these defendants admit that at the meeting on December 18, 2002, defendant Anderson told plaintiff Bant that he had not altered his decision to remove plaintiff from his position and further defendant Anderson told plaintiff Bant that he was relieved of all his duties as Director of Printing Services and, among other things, asked plaintiff for his keys, pager, issued cell phone and University issued property and told plaintiff not to return to plaintiff's building. Further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 27.

28.    Defendants admit that after a one-year notice period for termination of his employment, the plaintiff Bant was terminated from the payroll of the University of Illinois on or

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

about January 9, 2004, and further these defendants admit that during that one-year period, plaintiff Bant filed a grievance related to his notice of termination and further these defendants admit that CAP obtained statements from a number of witnesses, and that CAP sent a letter to Nancy Cantor dated as alleged; however, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 28.

29.    Defendants admit that among other things, Sonya Chambers stated to the relevant CAP committee persons that after the decision to terminate was made, the defendant Anderson offered to her Bant's position but that she refused.

### COUNT I (TITLE VII GENDER)
(GENDER - BOT)

30.    Defendant denies the allegations of paragraph 30 and each and every allegation of paragraph 30.

31.    Defendant denies the allegations of paragraph 31 and each and every allegation of paragraph 31.

32.    Defendant denies the allegations of paragraph 32 and each and every allegation of paragraph 32, and further this defendant denies that the plaintiff suffered or incurred any injuries or damages as alleged.

WHEREFORE, this defendant, The Board of Trustees of the University of Illinois, prays that judgment be entered in its favor and against the plaintiff on all issues of liability and damages in count I, and further this defendant denies any entitlement to any relief requested by the plaintiff in subparagraphs A and B as attempted or alleged by plaintiff in count I. Further, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

9

## COUNT II (TITLE VII RACE)
(RACE - BOT)

33. Defendant denies the allegations of paragraph 33 and each and every allegation of paragraph 33.

34. Defendant denies the allegations of paragraph 34 and each and every allegation of paragraph 34.

35. Defendant denies the allegations of paragraph 35 and each and every allegation of paragraph 35, and further this defendant denies that the plaintiff suffered or incurred any injuries or damages as alleged.

WHEREFORE, this defendant, The Board of Trustees of the University of Illinois, prays that judgment be entered in its favor and against the plaintiff on all issues of liability and damages in count II, and further this defendant denies any entitlement to any relief requested by the plaintiff in subparagraphs A and B as attempted or alleged by plaintiff in count II. Further, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT IV
(FIRST AMENDMENT - ANDERSON)

39. Defendant admits that subject to appropriate and allowable restrictions as applicable to state entity employers, that plaintiff enjoys certain rights of freedom of expression as allowed by the First Amendment to the United States Constitution; however, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 39.

40. Defendant denies the allegations of paragraph 40 and each and every allegation in paragraph 40.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

10

41.     Defendant denies the allegations of paragraph 41 and each and every allegation in paragraph 41.

42.     Defendant denies the allegations of paragraph 42 and each and every allegation in paragraph 42.

43.     Defendant denies the allegations of paragraph 43 and each and every allegation of paragraph 43, and further this defendant denies that the plaintiff suffered or incurred any injuries or damages as alleged.

WHEREFORE, this Defendant, Van Allen Anderson, prays that judgment be entered in his favor and against the plaintiff on all issues of liability and damages in this remaining and surviving count IV, and further this defendant denies that any allegation or alleged violation has been timely filed and further this defendant denies that the plaintiff is entitled to any of the relief sought in paragraphs A through D, inclusive, and further this defendant requests any other relief which this court deems to be just and equitable under the circumstances.  Further, and to the extent that there remains or survives any potential cause of action under any surviving count IV against the Board of Trustees of the University of Illinois, it also denies each and every such allegation or above-referenced paragraph and further denies that the plaintiff is entitled to any relief therein and it requests judgment in its favor and against the plaintiff on all possible surviving issues of liability and damages in this count IV.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

11

DEFENDANT DEMANDS A TRIAL BY JURY.

BOARD OF TRUSTEES OF THE UNIVERSITY
OF ILLINOIS and VAN ALLEN ANDERSON,
Defendants


s/ Edward M. Wagner
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

 

                                               s/ Edward M. Wagner
                                               Attorney for Defendants
                                               Heyl, Royster, Voelker & Allen
                                               Suite 300
                                               102 E. Main Street
                                               P.O. Box 129
                                               Urbana, IL 61803-0129
                                               217-344-0060 Phone
                                               217-344-9295 Fax
                                               E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060