05442-P7148
EMW/cp
G:\48\P7148\P7148PMI 005

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, | ) |
| Plaintiff, | ) |
| vs. | ) No.: 05-2132 |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

CAUSE COMING ON TO BE HEARD on Motion of the defendant, Board Of Trustees Of The University Of Illinois, noting the agreement of the plaintiff, Geoffrey Bant, through his counsel, for a Protective Order to govern the exchange, transfer, use and return of certain confidential information and materials, the Court rules as follows:

WHEREFORE, this Court, having been advised of the dispute and potential problems, finds that good cause exists for the issuance of this Order;

IT IS HEREBY ORDERED that the terms and conditions described in the following paragraphs below and herein will govern the examination, custody, transfer, disclosure, use and return of all information or documents identified as confidential material and produced the defendant in the discovery of this case, to include any oral responses or deposition testimony or exhibits given by any current or former employee of the Board Of Trustees Of The University of Illinois:

**EXHIBIT "A"**

1.  Confidential materials subject to this Protective Order are identified as follows and will be identified by means of a "stamp" or other written means designating the information or document as "confidential material":

> a.  Documents or excerpts concerning or from the personnel file of Robert L. Kelly, Jr.;
>
> b.  Documents or excerpts concerning or from the personnel file of Irene M. Cooke;
>
> c.  Documents or excerpts concerning or from the personnel file of Sandra Roberts;
>
> d.  Documents or excerpts concerning or from the personnel file of Sonya Chambers.

2.  Confidential materials shall not be disclosed to any person or entity except as provided in this Order and shall be used only for the purposes of this lawsuit, and no other litigation or lawsuit. Further, use in this litigation of such identified materials or information shall only be for purposes of depositions of current or former employees of a defendant, disclosed expert or opinion witnesses in this litigation, hearings, trial and appeals in this lawsuit as set forth below and not for any other purpose whatsoever.

> a.  Further, if any such confidential document is used in a deposition, it is to be marked as an exhibit and if the deposition transcript is sent to any consultant of the plaintiff, that consultant must first execute an agreement that he/she will abide by all terms of this Order, in all respects.
>
> b.  Plaintiff's counsel may disclose any confidential materials to his law firm attorneys, legal and clerical staff members for the purpose of preparing and presenting this case for trial or Hearing, on the condition that the agreement of the plaintiff and his counsel to the terms of this Order governs and applies to all such staff members to whom there is any such disclosure.
>
> c.  Further, any such confidential document or information may be disclosed to a consultant and/or expert witness of a party, on the condition that the consultant and/or expert witness must first execute an agreement that he/she will abide by all the terms of this Order in all respects. Such an agreement may consist of the consultant and/or expert witness executing an acknowledgment

that he/she has been provided a copy of this Protective Order and agrees to abide by all the terms herein, in all respects.

3. In the event that confidential materials, or any part thereof, or any reference to specific information contained therein, are to be included in any item filed with this Court, such items shall be filed with instructions to the Clerk that, except as otherwise provided by this Court, all and each are to be sealed pursuant to this Order and are not to be disclosed, copied or made available for viewing or disclosure to or by any person other than the Court and counsel of record (or their law firms) for the parties to this lawsuit.

4. Nothing in this Order shall affect the admissibility of any confidential material or information at time of trial or hearing in this matter, except that any such document or evidence to be utilized by plaintiff at time of trial (or any phase of the trial, to include voir dire, opening statements and closing arguments) must be so identified in the plaintiff's list of exhibits and/or motions *in limine*, for the purpose of a further ruling by this Court of the use of or restrictions and conditions upon the use of such confidential materials at trial.

5. This Order does not limit or waive the right of any party to object to the scope of present or future discovery in this action, including the application and scope of any privilege. Nothing in this Order shall be construed to limit in any way the use a party may make of its own confidential materials.

   a. Further, nothing in this Order would prevent the plaintiff or any party from obtaining written permission from the party-defendant disclosing such confidential material subject to this Protective Order, for disclosure to any person or entity other than those identified in the foregoing paragraphs, or seeking a further Order of this Court upon motion and based upon a showing of good cause.

   b. Further, the plaintiff or any other party may challenge any designation of documents or information as confidential material, or any other restriction imposed by this Order. However, except as otherwise provided in this Order, any such dispute shall, in the first instance, be specifically addressed between

counsel. If, after a good faith attempt to resolve differences, the parties are unable to mutually agree on a resolution, any party may seek an Order of this Court modifying the designation or any other provision of this Order.

6.  Any designation that is inadvertently omitted during document production or deposition testimony may be corrected by written notification to opposing counsel. After this notification, counsel will use best efforts to ensure that all parties and counsel of record have a clear and appropriate designation as to all confidential material. The disclosure of confidential material before such notification shall not be deemed a waiver nor a violation of this Order. Nothing in this Order shall restrict any deponent or his counsel from reviewing his own deposition testimony, or attached exhibits.

7.  All confidential material, at the conclusion of this case, shall be returned to the party who produced that material, through its counsel of record, or the receiving parties can fulfill their obligation under this paragraph by certifying in writing that all received confidential material and any copy thereof has been destroyed.

8.  The restrictions and conditions set forth in the preceding paragraphs of this Order shall not apply to confidential material or such confidential information that:

   a. was, is or becomes public knowledge, in a manner not in violation of this Order;

   b. is acquired by any non-designating party from a third party or non-party having the right to disclose that confidential material or confidential information; or

   c. was lawfully possessed by any non-designating party before entry of this Order.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATE: _____       _____
                                              Judge

AGREED, APPROVED AND ACKNOWLEDGED AS TO FORM AND CONTENT


s/Nile J. Williamson_____
Attorney for Plaintiff
1926 Associated Bank Plaza
309- 677-5950 Phone
309-677-5952 Fax
Peoria, IL 61602-1104
E-mail:  nilew@aol.com



s/Edward M. Wagner_____
Attorney for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com