E-FILED
Wednesday, 26 July, 2006 04:31:15 PM
Clerk, U.S. District Court, ILCD

05442-P7148
EMW/slc
G:\48\P7148\P7148PMI 009

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2132 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF
MOTION FOR LEAVE TO AMEND ANSWER**

NOW COMES the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by Edward M. Wagner of Heyl, Royster, Voelker & Allen, and submits its Memorandum of Law and relevant facts to consider in support of its Motion for Leave to Amend Answer pursuant to Fed. R. Civ. P. 15, and requests that this Court grant defendant leave to amend its Answer and add two Affirmative Defenses, *instanter*, as attached as **Exhibit "A"**, and for such other relief as this Court deems just and equitable under the circumstances, and in support thereof, further states:

1. That plaintiff has filed multiple, piece-meal amendments to his Complaint. Some individual and separate amendments have added new parties or new causes of action. This Court held a Hearing by phone conference on April 20, 2006 specifically to clarify any confusion and to determine and confirm which counts, amendments and causes of action were still pending. [See Notice of Hearing issued by the Court on April 13, 2006 and the Minute Entry entered by the Court on April 20, 2006.]

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2. That the initial defense attorney on this case, Richard P. Klaus, left the undersigned defense firm to assume a position as an Associate Circuit Judge in Champaign County.

3. This defendant filed its Answer on January 20, 2006.

4. That on July 18, 2006, this defendant deposed the plaintiff, and questions and issues involving the proposed Affirmative Defenses were raised and an investigation was initiated based on certain of plaintiff's deposition answers.

5. That this Motion for Leave to Amend and add the attached, proposed Affirmative Defenses (**Exhibit "A"**) is made timely and within eight (8) days after the plaintiff's deposition.

6. That the plaintiff is not unfairly prejudiced by the addition of the two Affirmative Defenses, as this motion is brought within the time discovery is being conducted; it is or should be of no unfair surprise to plaintiff, and these matters could have been raised for the first time by way of a Motion for Summary Judgment.

   a. Plaintiff has only, to date, taken three (3) depositions of University employees, and all three of those depositions were just recently taken on June 22-23, 2006. A fourth deposition has been requested by plaintiff, but not yet taken.

   b. Plaintiff is or should be well aware that the defendant's defense would include legitimate non-discriminatory reasons for his termination as that was the basis of his termination as set forth in the letters provided to him, personally, in December

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

2002 (**Exhibits "B" and "C"**)[1]. These factual matters have also been the subject of prior extensive briefing and notation by the Court in prior Orders. See e.g. this Court's Order of January 12, 2006 (DOC. No. 41). Plaintiff cross-examined University employees on these matters (**Exhibits "D", "E" and "F"**). Further, the matters involving the legitimate non-discriminatory reasons for plaintiff's termination may be viewed as part of the burden shifting procedural framework that has applied in such cases since McDonnell-Douglas was decided in 1973 and arguably need not be pled as affirmative defenses.

    c.    Plaintiff had to have some knowledge of his receipt of his right to sue letter and obligations for filing with agencies as well as with this Court.

7.    Other circuits, to include our own Seventh Circuit, have held that amendments to a defendant's Answer, in situations such as ours in order to raise affirmative defenses, should be allowed. In fact, the Seventh Circuit has held that such affirmative matters can be raised for the first time during the summary judgment stage even if never formally filed as an affirmative defense pleading.

    a.    In Dennis v. Dillard Dep't. Stores, Inc., 207 F.3d 523 (8th Cir. 2000), it was reasoned that Fed. R. Civ. P. 15(a) supports amendments to pleadings to be liberally permitted. In Dennis, there was only three months left prior to trial, yet affirmative defenses not specifically raised in any prior pleading were held on appeal to have been

---

[1] Attached hereto and incorporated by reference herein and marked as **Exhibits "B" and "C"** are true and accurate copies of letters delivered to the plaintiff on or about December 2, 2002 and December 17, 2002, respectively, and that these documents are accurate except for the redaction of the actual signatures of the individuals who signed, which redaction was made to avoid placing personal signatures of current or former employees of the University of Illinois into the public domain.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

allowed by the district court. See also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993); and Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1374 (3rd Cir. 1993).

    b. This principle of liberal amendment spans the various circuits and is applied in our Seventh Circuit, as well.

    c. In Williams v. Lampe, 399 F.3d 867, 871 (7th Cir. 2005), it was noted there is no prejudice, much less no unfair prejudice, to a plaintiff in the face of a defendant's request to add affirmative defenses where plaintiff argues that the case has progressed significantly since the defendant answered the complaint or that the plaintiff has had to undergo subsequent preparation for trial.

    d. In Curtis v. Timberlake, 436 F.3d 709, 711 (7th Cir. 2005), it was once again held that a plaintiff was not unfairly prejudice in that case by defendant raising an affirmative defense by way of their motion for summary judgment.

    e. Also, in Carter v. United States of America, 333 F.3d 791, 796-97 (7th Cir. 2003), it was held that a plaintiff could not claim unfair prejudice in the face of a late request to add affirmative defenses where any factual inquiry by plaintiff would have revealed the basis for the amendments requested.

    f. Significantly, in Lacy v. Ameritech Mobile Communications, 965 F.Supp. 1056, 1065-66 (N.D.Ill. 1997), aff'd, 142 F.3d 440 (7th Cir. 1998), cert denied, 526 U.S. 1025 (1999), a statute of limitations defense was raised in the defendant's motion for summary judgment for the first time and it was held that ". . . if the defendant asserts the statute of limitations as an affirmative defense before or at trial, it is not waived." See also DeValk Lincoln-Mercury v. Ford Motor Co., 811 F.2d 326, 333 (7th Cir. 1987) ("When parties argue affirmative defense in district court, technical failure to plead defense is not fatal.")

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

8.  That this motion is brought prior to the close of discovery and approximately seven (7) months prior to the current trial setting.

WHEREFORE, this defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, requests that this Court grant it leave to amend its Answer and add the two Affirmative Defenses, *instanter*, all as attached as **Exhibit "A"**, and for any such other relief as this Court deems just and equitable under the circumstances.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant

s/Edward M. Wagner
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

                                      s/Edward M. Wagner
                                      Attorney for Defendants
                                      Heyl, Royster, Voelker & Allen
                                      Suite 300
                                      102 E. Main Street
                                      P.O. Box 129
                                      Urbana, IL 61803-0129
                                      217-344-0060 Phone
                                      217-344-9295 Fax
                                      E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060