# UNIVERSITY OF ILLINOIS
## AT URBANA-CHAMPAIGN



Office of the Vice Chancellor for Administration
and Human Resources

517 Swanlund Administration Building
601 East John Street
Champaign, IL 61820

December 2, 2002

Geoffrey W. Bant
Office of Printing Services
University of Illinois at Urbana-Champaign
234 Printing Services Building
54 East Gregory Drive, Champaign
MC-570

RE: Performance Evaluation 2001 - 2002

Dear Geoff:

During my first two years of oversight of OPS, my evaluations of your performance were based almost exclusively on my meetings with you and your appraisal of the status of OPS, both financially and organizationally. As the worsening financial condition of the unit became apparent at the close of fiscal year 2001, I became more involved in reviewing the business of OPS both from a financial standpoint and from a business standpoint.

Your performance review was delayed this year due to the ongoing discovery of problems at OPS, especially those related to the Xerox agreement. Since March, the work at my level that has been focused on correcting those problems and ensuring the Xerox agreements were processed to establish the continuous purchase orders (CPOs) for last fiscal year and this fiscal year. Only now are we completing the CPO process for this year that units are supposed to complete by March 1st each year. The problems that have been uncovered point to gross mismanagement of OPS business and business units over a period of years. I feel you have not displayed nor do you have an ability to effectively manage the unit as indicated in the following examples:

1. Inability to effectively manage the resources of OPS as evidenced in the fact that OPS continues to post losses and now has an adjusted cash deficit of greater than $1 million which greatly affects the viability of OPS;
2. Business has not been conducted according to the policy and rules of the University with the most glaring example being the management of the Xerox agreement in which unauthorized persons were allowed to sign what the vendor believed to be binding contractual obligations;

Geoffery Bant
December 2, 2002
Page 2

3. Effective business plans have not been developed for your operating units with operating units allowed to operate in deficit without effective action being taken and to the detriment of OPS as a whole;
4. Failure to establish and maintain sound business practices which has resulted in not processing continuing purchase orders (CPOs) in a timely manner as evidenced by some CPOs for fiscal year 2002 (FY2002) not being completed until FY2003 and with major CPOs for FY2003 still just being completed;
5. Failure to reach important business decisions based on data developed to determine the actual impacts, costs and/or savings through a consultative process; and,
6. Failure to effectively manage the workforce to ensure viability of the unit as evidenced by your plan last December to idle the entire workforce for half a day.

Based on the information presented above and other information that has come to light concerning the management of the OPS as a result of my review, I have lost all confidence in your ability to make financially sound business decisions for OPS and in your ability to manage the unit. Because of this, I may have no choice but to remove you from your role as Director, OPS. However, I want to give you a final opportunity to reply to my concerns, but please understand that time is of the essence and your response should be delivered to me by 5:00 p.m., Wednesday, December 4, 2002. You have been given numerous opportunities to correct the problems at OPS and have been unable to do so. I have concerns for the viability of OPS and the impact on the employees. Therefore, I must take responsible action to protect both. By December 6, 2002, I will make a final decision regarding requesting the Board of Trustees to issue you a Notice of Nonreappointment.

Sincerely,

Van Allen Anderson
Associate Vice Chancellor

0083