05442-P7148
EMW/njk/slc
G:\48\P7148\P7148PAN 002

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO "THIRD AMENDED COMPLAINT" COUNTS I AND II
FILED AUGUST 14, 2006**

NOW COMES the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by its attorneys, Edward M. Wagner of HEYL, ROYSTER, VOELKER & ALLEN, and as and for its respective Answer and Affirmative Defenses to the relevant and only remaining amended counts I and II, as set forth in the "so-called" Third Amended Complaint filed August 14, 2006 (#66), states as follows:

**INTRODUCTION**

1.  This defendant admits that all claims for alleged violations of the First Amendment and "due process" and alleged "age discrimination" have been previously dismissed; and this defendant admits that with respect to all other relevant alleged statutes that they were in force and in effect at all relevant times and this defendant denies any violation of any statute alleged and further deny that this plaintiff was the subject of any alleged acts, omissions or occurrences and further this defendant denies that this plaintiff is entitled to any relief or remedy

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

sought. Further, this defendant denies each and every other, as well as all remaining, allegations or inferences in paragraph 1.

  2. Defendant denies the allegations of paragraph 2 and each and every allegation of paragraph 2.

  3. This defendant asserts that the alleged violations and claims have been subject to a prior Court Order dismissing each such claim. Therefore, defendant moves to strike paragraph 3 in accordance with this Court's prior Orders and rulings.

  4. This defendant asserts that the alleged violations and claims have been subject to a prior Court Order dismissing each such claim. Therefore, defendant moves to strike paragraph 4 in accordance with this Court's prior Orders and rulings.

  5. This defendant asserts that the alleged violations and claims have been subject to a prior Court Order dismissing each such claim. Therefore, defendant moves to strike paragraph 5 in accordance with this Court's prior Orders and rulings.

## JURISDICTION AND VENUE

  6. Defendant admits that plaintiff has attempted to invoke the federal question jurisdiction of this Court by their alleged claims which remain; however, this defendant denies each and every alleged violation, act, omission, or occurrence, and this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 6.

  7. Defendant admits that plaintiff's allegations base proper venue in this Court and District; but this defendant deny that any alleged violations, acts, omissions or occurrences took place and specifically this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 7.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**ALLEGED CONDITIONS PRECEDENT**

8.  Defendant denies that plaintiff has fulfilled all conditions precedent to the institution of the remaining claims and counts, and this defendant denies that the remaining counts or any attempted counts were timely filed; and further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 8.

9.  Defendant admits the allegations of paragraph 9.

**PARTIES**

10.  Defendant admits that the plaintiff, Geoffrey W. Bant, is a Caucasion-Anglo Saxon male with date of birth of 9/21/48, and who resided, when last known, at 801 W. Pennsylvania Avenue in Urbana, IL, 61801, and further this defendant admits that the plaintiff was employed on an annual contractual basis by the University of Illinois, Urbana/Champaign, as Director of Printing for approximately 14 years between 1988 and 2002 and this defendant admits that plaintiff's duties in the position of Director of Printing were terminated in mid December 2002 and that plaintiff's employment with the University of Illinois was terminated in early 2004; and further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 10.

11.  Defendant admits the allegations of paragraph 11.

12.  Defendant admits that the University of Illinois is governed by its Board of Trustees and further this defendant admits that the University of Illinois has certain responsibilities as a state entity employer for its employees, depending on the type of employment relationship with any individual employee; and this defendant denies the allegations made which infer a guarantee of career development, advancement and promotion; and further

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 12.

13.    Defendant admits that at the time of the Third Amended Complaint being filed on August 14, 2006, the individuals listed held the offices as alleged.

### ANSWER TO ALLEGATIONS WHICH ARE ALLEGED TO BE COMMON TO ALL CAUSES OF ACTION

14.    Defendant admits that from 1988 until December 18, 2002, plaintiff Bant held the position as Director of Printing at the University of Illinois on successive one-year written contracts; but this defendant denies that after December 18, 2002, the plaintiff held that position or performed any such duties of Director of Printing Services, although his last terminal contract was written to allow the title to remain.  Further, this defendant admits that University policy provides for a 12 month notice of non-reappointment for long term, academic professionals employed over four years.  Further, this defendant admits that, at certain times, plaintiff supervised less than 100 civil service employees at the approximate 12 locations of the Office of Printing Services and reported to Kathleen Pecknold, Associate Vice-Chancellor for Administration and Human Resources until August 1999.  Defendant denies that plaintiff Bant had tenure. Defendant states that at the present time defendant has insufficient knowledge to admit or deny the allegations in the fourth and fifth sentences of paragraph 14, and therefore defendant denies same and demand strict proof thereof.  Further, defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 14.

15.    Defendant denies the allegations of paragraph 15 and each and every allegation in paragraph 15, as paragraph 15 is alleged to include any and all evaluation and review of plaintiff Bant's job performance, and that the time frame alleged did not include the evaluation, review or ratings alleged and further, defendant denies that all evaluations, performances reviews or

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

supervisory reviews were free from noted deficiencies or need for improvement. Further, this defendant denies that the alleged rating system used the terms alleged and further this defendant denies that plaintiff's abilities in his position were not also rated. Further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 15.

16. Defendant admits that Van Allen Anderson assumed the responsibilities of Kathleen Pecknold in August 1999 and this defendant admits that Anderson performed his first full performance review of plaintiff Bant on June 20, 2000, and that Anderson's next full formal performance review was completed on July 5, 2001; further this defendant denies that the July 5, 2001, full formal performance review was the last performed by Anderson and this defendant asserts that the plaintiff's abilities in his position continued to be evaluated thereafter. Further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 16.

17. Defendant admits the allegations of paragraph 17, with the exception of the title alleged, and this defendant asserts that the title for Sonya Chambers at the time alleged was Director of Financial Affairs, Administrative Services.

18. Defendant admits that at the close of the 2001 fiscal year, the accounting information available in UFAS for plaintiff Bant's department showed a deficit as alleged on a reported income of approximately as alleged; and this defendant admits that the Provost program called for a report to explain how any such deficit resulted and a plan to eliminate the deficit at some point in time within three fiscal years; and defendant admits that the individual departments could require a shorter period of time for deficit elimination. Further, defendant admits that such a report was provided for a two fiscal year elimination of the deficit, and was provided to Anderson who was an appropriate individual to receive such a report for the

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

University of Illinois. Further, this defendant denies each and every other, as well as all other remaining allegations or inferences in paragraph 18.

19. Defendant admits that Anderson told Bant that he and Charles Cobert required an aggressive approach for the elimination of the deficit; but this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 19.

20. Defendant admits that at a point in time, Anderson and Sonya Chambers began negotiating certain matters with Xerox and excluding plaintiff Bant from certain meetings with Xerox personnel and also forbidding plaintiff Bant and others from speaking with any Xerox personnel regarding certain matters involving the Xerox contracts; and further this defendant states that they have insufficient knowledge based on a lack of alleged time frame or definition of certain terms used to be able at the present time to admit or deny the allegations in the first line of paragraph 20, and therefore denies same and demands strict proof thereof; and further this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 20.

21. Defendant admits that the Office of Printing Services, which was under plaintiff Bant's direction until December 18, 2002, provided certain copyright permission services to the Champaign-Urbana, Springfield and Chicago campuses of the University of Illinois through the Campus Publishing Services and further this defendant admits that the Campus Publishing Services was the office of first reference for certain copyright questions for the UIUC campus. Further, this defendant admits that the Campus Publishing Services staff would make efforts to keep current on copyright issues and would receive calls from faculty and staff concerning copyright questions and, at times, provide certain non-legal answers. However, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 21.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Further, this defendant affirmatively asserts that the basis or alleged cause of action for paragraph 21 was previously dismissed, and therefore, this paragraph 21 should be dismissed or stricken.

22.    This defendant has insufficient knowledge at the present time to admit or deny the allegations in the first sentence of paragraph 22, and therefore this defendant denies same and demand strict proof thereof.  Further, this defendant admits that Campus Publishing Services assisted and procured copyright permissions; however, this defendant has insufficient knowledge at the present time to admit or deny the remaining allegations in the second sentence of paragraph 22 and therefore denies same and demands strict proof thereof.  Further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 22.  Further, this defendant affirmatively asserts that the basis or alleged cause of action for paragraph 22 was previously dismissed, and therefore, this paragraph 22 should be dismissed or stricken.

23.    Defendant admits that at certain times, plaintiff Bant made allegations of off campus vendors allegedly violating the law and further alleging off campus vendors producing course packets for UI faculty without seeking permission from the rights holders; and further these defendants state that they have insufficient knowledge at the present time to admit or deny the vaguely alleged acts and time frames mentioned in the first two lines of paragraph 23 and therefore denies same and demands strict proof thereof; and further, these defendants deny each and every other, as well as all remaining allegations or inferences in paragraph 23.  Further, this defendant affirmatively asserts that the basis or alleged cause of action for paragraph 23 was previously dismissed, and therefore, this paragraph 23 should be dismissed or stricken.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

24.    Defendant admits that under Bant's direction, the Campus Publishing Services produced a report for presentation at the conference alleged in October 2000, and further this defendant assert that the report speaks for itself; however, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 24. Defendant also asserts that this paragraph 24 and all allegations therein has been held to be time-barred and stricken. Further, this defendant affirmatively asserts that the basis or alleged cause of action for paragraph 24 was previously dismissed, and therefore, this paragraph 24 should be dismissed or stricken.

25.    Defendant admits that at the time alleged, plaintiff Bant was directed to meet with Anderson, Willard Bredfield and Marcia Rotunda concerning the report and that shortly thereafter plaintiff was instructed that he was no longer to make unsubstantiated allegations against off-campus vendors and further that it was explained to plaintiff that the alleged report exposed the UI to risks; however, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 25. Defendant also asserts that this paragraph 25, and all allegations therein, has been held to be time-barred and stricken. Further, this defendant affirmatively asserts that the basis or alleged cause of action for paragraph 25 was previously dismissed, and therefore, this paragraph 25 should be dismissed or stricken.

26.    Defendant admits that in or prior to October 2002, plaintiff and possibly other staff were asked to present or assist in presenting a program to be held at the October 2002 Big Ten Printing Conference, and defendant admits that Anderson told Bant that he (Anderson) wanted to review any program, presentation or materials in advance, but this defendant denies each and every other as well as all remaining allegations of paragraph 26.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

27.     Defendant admits the allegations in the first sentence of paragraph 27. Defendants admit that plaintiff Bant asked for an extension and provided a response on December 11, 2002; however, this defendant denies that Bant attended a meeting in defendant Anderson's office on December 17, 2002, as the alleged meeting occurred on December 18, 2002; and this defendant admits that at the meeting on December 18, 2002, Anderson told plaintiff Bant that he had not altered his decision to remove plaintiff from his position and further Anderson told plaintiff Bant that he was relieved of all his duties as Director of Printing Services and, among other things, asked plaintiff for his keys, pager, issued cell phone and University issued property and told plaintiff not to return to plaintiff's building.  Further, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 27.

28.     Defendant admits that after a one-year notice period for termination of his employment, the plaintiff Bant was terminated from the payroll of the University of Illinois on or about January 9, 2004, and further this defendant admits that during that one-year period, plaintiff Bant filed a grievance related to his notice of termination and further this defendant admits that CAP obtained statements from a number of witnesses, and that CAP sent a letter to Nancy Cantor dated as alleged; however, this defendant denies each and every other, as well as all remaining allegations or inferences in paragraph 28.

29.     Defendant admits that, among other things, Sonya Chambers stated to the relevant CAP committee persons that after the decision to terminate was made, Anderson offered to her Bant's position but she refused.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

9

### COUNT I (TITLE VII GENDER)
(GENDER - BOT)

30. Defendant denies the allegations of paragraph 30 and each and every allegation of paragraph 30.

31. Defendant denies the allegations of paragraph 31 and each and every allegation of paragraph 31.

32. Defendant denies the allegations of paragraph 32 and each and every allegation of paragraph 32, and further this defendant denies that the plaintiff suffered or incurred any injuries or damages as alleged.

WHEREFORE, this defendant, The Board of Trustees of the University of Illinois, prays that judgment be entered in its favor and against the plaintiff on all issues of liability and damages in Count I, and further this defendant denies any entitlement to any relief requested by the plaintiff in subparagraphs A and B as attempted or alleged by plaintiff in Count I.  Further, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

### COUNT II (TITLE VII RACE)
(RACE - BOT)

33. Defendant denies the allegations of paragraph 33 and each and every allegation of paragraph 33.

34. Defendant denies the allegations of paragraph 34 and each and every allegation of paragraph 34.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

35. Defendant denies the allegations of paragraph 35 and each and every allegation of paragraph 35, and further this defendant denies that the plaintiff suffered or incurred any injuries or damages as alleged.

WHEREFORE, this defendant, The Board of Trustees of the University of Illinois, prays that judgment be entered in its favor and against the plaintiff on all issues of liability and damages in Count II, and further this defendant denies any entitlement to any relief requested by the plaintiff in subparagraphs A and B as attempted or alleged by plaintiff in Count II. Further, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

DEFENDANT DEMANDS A TRIAL BY JURY.

## AFFIRMATIVE DEFENSES TO COUNTS I AND II

NOW COMES the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, and as and for its Affirmative Defenses to Counts I and II of the Third Amended Complaint filed August 14, 2006, states as follows:

## FIRST AFFIRMATIVE DEFENSE TO COUNTS I AND II

For its first affirmative defense to Counts I and II, this defendant asserts the following:

1. The defendant and its employees acted appropriately and within appropriate authority to recommend and then terminate the plaintiff's employment based on legitimate, non-discriminatory reasons and grounds due to plaintiff's acts, inactions and performance of his job duties as Director of the Office of Printing Services.

WHEREFORE, the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays for judgment in its favor and against the plaintiff as to Counts I and II.

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

11

## SECOND AFFIRMATIVE DEFENSE TO COUNTS I AND II

For its second affirmative defense to Counts I and II, this defendant asserts the following:

1. That the plaintiff filed his Complaint more than 90 days after receipt of the "Dismissal and Notice of Rights/Notice of Suit Rights" (right-to-sue) letter.

WHEREFORE, this defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays for judgment in its favor and against the plaintiff as to Counts I and II.

## THIRD AFFIRMATIVE DEFENSE TO "THIRD AMENDED COMPLAINT" FILED AUGUST 14, 2006

For its third affirmative defense to the "so-called" "Third Amended Complaint" filed August 14, 2006 (#66), and as to all remaining, albeit improper, counts, this defendant asserts the following:

1. This third affirmative defense is brought in the alternative and in the event any Count III, IV or V, or any portion thereof of the so-called "Third Amended Complaint" (#66) survives any Motion to Dismiss; specifically, this defendant alternatively denies that any other count other than Count I (gender) and Count II (race) is currently pending; and, again, without waiving that position, and in the alternative, to the extent any newly, albeit wrongfully, resurrected count in that amendment filed August 14, 2006 somehow survives, although each has been previously dismissed and Van Allen Anderson has also been previously dismissed, each is time-barred as not relating back and/or also not filed within two (2) years from the date of the alleged occurrence or alleged unconstitutional conduct or violation, nor from the date the plaintiff was removed from his position on December 17, 2002.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

WHEREFORE, this defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, prays for judgement in its favor and against the plaintiff on all remaining counts of the so-called "Third Amended Complaint, filed August 14, 2006 (#66).

DEFENDANT DEMANDS TRIAL BY JURY.

> BOARD OF TRUSTEES OF THE UNIVERSITY
> OF ILLINOIS, Defendant
>
>
> s/ Edward M. Wagner
> Attorney for Defendant
> Heyl, Royster, Voelker & Allen
> Suite 300
> 102 E. Main Street
> P.O. Box 129
> Urbana, IL 61803-0129
> 217-344-0060 Phone
> 217-344-9295 Fax
> E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

                  s/ Edward M. Wagner
                  Attorney for Defendant
                  Heyl, Royster, Voelker & Allen
                  Suite 300
                  102 E. Main Street
                  P.O. Box 129
                  Urbana, IL 61803-0129
                  217-344-0060 Phone
                  217-344-9295 Fax
                  E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060