E-FILED
Thursday, 24 August, 2006  04:24:02 PM
Clerk, U.S. District Court, ILCD

05442-P7148
EMW/slc
G:\48\P7148\P7148PMD 010

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2132 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AND STRIKE
"THIRD AMENDED COMPLAINT" FILED AUGUST 14, 2006**

NOW COME the defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF

ILLINOIS and VAN ALLEN ANDERSON, by Edward M. Wagner of Heyl, Royster, Voelker

& Allen, and pursuant to Fed. R. Civ. P. 12(b)(2) and (6) and 12(f), and files this Memorandum

of Law in Support of its Motion to Dismiss and Strike the "Third Amended Complaint" (#66),

filed August 14, 2006, and in support thereof further states:

I.      **INTRODUCTION AND PLEADING HISTORY**

A.      **Plaintiff's pro se complaint.**

On June 3, 2005, Plaintiff, Geoffrey Bant, filed *pro se* a Complaint (#1) against the

Board of Trustees of the University of Illinois ("Board of Trustees"). Subsequently, Plaintiff

retained counsel and filed an Amended Complaint, adding Van Allen Anderson as a defendant.

**HEYL ROYSTER
VOELKER
& ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

### B.    Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint (#8) alleged five counts as follows: Count I and II, against the Board of Trustees, alleged discrimination in violation of Title VII, based on gender and race, respectively. Count III against the Board of Trustees, alleged discrimination based on age in violation of the ADEA. Count IV, against the Board of Trustees and Anderson, alleged that the Defendants violated Plaintiff's constitutional rights under the First Amendment pursuant to §1983. Count V, against the Board of Trustees and Anderson, alleged that the Defendants violated Plaintiff's constitutional rights to due process under the First Amendment pursuant to §1983.

On July 26, 2005, the Board of Trustees filed a motion to dismiss Counts III, IV and V (#11). Thereafter, Anderson was served, and on August 30, 2005, Anderson filed a motion to dismiss Counts IV and V (#23).

### C.    Plaintiff's Amended Complaint Counts VI & VII.

On August 9, 2005, Plaintiff filed his "Amended Complaint Counts VI & VII" (#17), alleging two counts against former University Chancellor Nancy Cantor. Count VI alleged that Cantor violated Plaintiff's constitutional rights to due process under the Fourteenth Amendment pursuant to §1983, and Count VII alleged that Cantor violated Plaintiff's constitutional rights under the First Amendment pursuant to §1983.

### D.    This Court's October 3, 2005 and October 5, 2005 Orders.

On October 3, 2005 (#28) and October 5, 2005 (#29), this Court ruled on the pending motions to dismiss filed by the Board of Trustees and Anderson, respectively. In its Orders (#28, 29), this Court held that Plaintiff's ADEA claim (Count III), First Amendment claim against the

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

Board of Trustees (Count IV) and due process claim against the Board of Trustees (Count V) were barred by the doctrine of sovereign immunity.

As to Plaintiff's due process claim against Anderson (Count V), this Court concluded that Plaintiff lacked a property interest and dismissed the claim with prejudice.

As to Plaintiff's First Amendment claims (Count IV), this Court concluded that the statute of limitations barred Plaintiff's First Amendment claim regarding the termination of his employment. This Court further stated as follows:

> It also appears that Plaintiff's claim in Count IV intends to allege that Defendants violated his rights under the First Amendment by the separate event of requesting that he not talk about certain conduct by faculty members. (See #8, ¶ 40.) Based on the complaint it appears that this conduct might have occurred at two separate times, once after the 2000 Big Ten Printing and Copyright Conference, and once around the time of the 2003 conference (see #8, ¶¶24-26). Accordingly, to the extent that Plaintiff is attempting to include claims based on this conduct, the Court concludes that the statute of limitations would bar a claim based on conduct that occurred in 2000, but a claim based on the purported October 2003 conduct is timely.

(#28 at 10-11). Accordingly, this Court granted the motions to dismiss with prejudice as to the First Amendment claims related to termination <u>and</u> the alleged 2000 request that Plaintiff stop discussing faculty conduct in Count IV. This Court denied the motions as to the First Amendment claim in Count IV related to the alleged and purported October 2003 request that Plaintiff stop discussing faculty conduct. Further, as this Court found it conceivable that Plaintiff might be able amend his complaint to state claims that might not be barred by the doctrine of sovereign immunity, the dismissal of those claims was without prejudice and Plaintiff was allowed to file an amended complaint.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

E.    **Plaintiff's "Second Amended Complaint".**

On October 12, 2005, Plaintiff filed his "Second Amended Complaint" (#30). Plaintiff's Second Amended Complaint included <u>only</u> amended due process claims (Count V) against Anderson and nine members of the Board of Trustees ("Board members").

As of the filing of his "Second Amended Complaint," Plaintiff was improperly pleading six counts through three different complaints (#8, 17, 30). Plaintiff's "Amended Complaint" (#8) alleged Title VII claims (Counts I and II) against the Board of Trustees and a First Amendment claim based on alleged conduct that occurred around the *October 2003* Big Ten Conference (Count IV) against Anderson; Plaintiff's "Amended Complaint Counts VI & VII" (#17) alleged due process (Count VI) and First Amendment claims (Count VII) against Cantor; and Plaintiff's "Second Amended Complaint" (#30) alleged due process claims (Count V) against Anderson and the Board members.

In addition to improperly pleading six counts through three different complaints, Plaintiff had improperly alleged a claim that had been previously dismissed by this Court (Plaintiff's due process claim against Anderson, Count V (#30), and alleged claims against the individual Board members that had been previously dismissed against the Board of Trustees based on lack of a property interest. (Plaintiff's due process claim against the Board members, Count V (#30).

On November 22, 2005, Cantor moved to dismiss Counts VI and VII (#34), and on December 15, 2005, Anderson and the individual Board members moved to dismiss Count V (#38).

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**F.    This Court's December 21, 2005 Order (#40) and January 12, 2006 Order (#41).**

On December 21, 2005 and January 12, 2006, this Court ruled on the motions to dismiss filed by Cantor, Anderson and the Board members. In its Orders (#40, 41), this Court concluded that the only First Amendment claim against Cantor was related to the termination of Plaintiff's employment. This Court dismissed with prejudice Plaintiff's due process (Count VI) and First Amendment claims (Count VII) against Cantor based on lack of a property interest and statute of limitations, respectively; and also dismissed with prejudice the Plaintiff's due process claims (Count V) against Anderson and the Board members based on lack of a property interest.

**G.    Defendant's Request to Admit.**

On January 17, 2006, the Board of Trustees served a Request for Admission of Facts and Genuineness of Documents on Plaintiff (#42), requesting, among other things, that Plaintiff admit that the Big Ten Printing and Copyright Conference at Indiana University which was currently alleged in paragraph 26 of Plaintiff's Amended Complaint was held in October, 2002, and not in October, 2003. In attached correspondence, defendants further requested that Plaintiff "voluntarily dismiss with prejudice Count IV in its entirety and as to any and all defendants, with Anderson being dismissed with prejudice, specifically." See **Exhibits "F" and "G"** which are attached hereto and incorporated by reference herein.

On January 23, 2006, Plaintiff answered the Board of Trustees' Request for Admission of Facts, admitting that the above conference was held in October, 2002, and not in October, 2003. See **Exhibit "H"** which is attached hereto and incorporated by reference herein.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**H.    Plaintiff's voluntary Motion to Dismiss Count IV with Prejudice and this Court's February 17, 2005 Order.**

On February 2, 2006, Plaintiff filed his Motion to Dismiss Count IV with Prejudice (#45), requesting that this Court dismiss with prejudice Count IV of the complaint as to Anderson and each and every other defendant. On February 17, 2005, this Court entered a Text Order granting Plaintiff's Motion to Dismiss Count IV with Prejudice.

**I.    This Court's April 20, 2006 Status Conference.**

On April 20, 2006, this Court held a Status Conference for the purposes of determining which counts remain against which defendants. Edward Wagner appeared on behalf of the Board of Trustees and Nile Williamson appeared on behalf of plaintiff. The parties and this Court agreed that the sole remaining counts were Counts I (gender) and II (race) against the Board of Trustees only.

**J.    Plaintiff's Motion to Amend Complaint and this Court's August 11, 2006 Order.**

On July 27, 2006, plaintiff filed his Motion to Amend Complaint (#61), requesting that he be allowed to change the date reference in his Amended Complaint (#8) from "October, 2003" to "October, 2002." Plaintiff's motion did not request leave to add any additional claims or name an additional party. On August 11, 2006, this Court entered an order granting Plaintiff's Motion to Amend Complaint. In its order, this Court instructed as follows:

> Paragraph 26 of the amended complaint filed 7/11/05 will be amended to reflect that the date "October, 2003" is changed to "October, 2002." Plaintiff is directed to e:file an amended complaint reflecting that change.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**K.** **Plaintiff's "Amended Complaint Modified Per Text Order Entered 8/11/06" (the so-called "Third Amended Complaint").**

On August 14, 2006, Plaintiff filed his "Third Amended Complaint" (#66)[1], purportedly pursuant to the text order entered by this Court on August 11, 2006. In Plaintiff's "Third Amended Complaint", although Plaintiff has changed "the date reference" in paragraph 26 from "October, 2003" to "October, 2002," Plaintiff has failed to exclude Anderson and Counts III through V which were previously dismissed with prejudice after Plaintiff filed his "Amended Complaint" in July, 2005.

**L.** **Defendant's proposed Agreed Motion for Dismissal and Stipulation.**

On August 21, 2006, the Board of Trustees proposed to Plaintiff that the parties file an agreed motion stipulating to the dismissal with prejudice of those counts and parties in Plaintiff's new "Third Amended Complaint" (Counts III-V) which had been previously dismissed with prejudice by this Court, one of which was voluntarily dismissed with prejudice by plaintiff himself. <u>See</u> **Exhibits "A" - "E"** which are attached hereto and incorporated by reference herein and which comprise all of the communications between Plaintiff's counsel and Defendant's counsel on this pleading matter from the time of the filing of the "Third Amended Complaint" through to the time of filing of this Memorandum. Plaintiff has not responded as of the date of the filing of this pleading.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

---

[1] Although Plaintiff titles his most recent complaint, "Third Amended Complaint," it is actually Plaintiff's fifth complaint (#1, 8, 17, 30, & 66) and fourth "amended" complaint.

7

## II.    ARGUMENT

### A.    Counts III, IV and V of Plaintiff's "Third Amended Complaint" must be dismissed with prejudice because this Court has already so ruled and Count IV was voluntarily dismissed with prejudice by plaintiff, himself.

**Count III (ADEA)** of Plaintiff's "Third Amended Complaint" (#66) is brought against the Board of Trustees and is found at paragraphs 36-38. This Count III is identical to the Count III that appeared in Plaintiff's "Amended Complaint" (#8), yet was dismissed by this Court pursuant to its Order dated October 3, 2005 (#28) because it was barred by the doctrine of sovereign immunity. (See discussion supra sections I.B. and I.D.)

Since this Court has already ruled that Plaintiff's ADEA claim against the Board of Trustees (Count III) be dismissed with prejudice, it is improper for Plaintiff to have filed an "amended" complaint that includes an identical claim. *See Moss v. Mormon*, 2001 WL 800088 *2 (N.D. Ill.)(dismissal order still valid as to carbon copy amended complaint). Plaintiff was directed to e:file an amended complaint reflecting only a change of the date reference in paragraph 26 of his "Amended Complaint" from "October, 2003" to "October, 2002." The only good faith interpretation of this Court's Order of August 11, 2006 was for plaintiff to finally clarify in one document his alleged "facts" and the only two remaining counts (I and II) against the sole remaining defendant, Board of Trustees. Plaintiff was not permitted to resurrect previously dismissed counts. There has never been any Appeal or Motion to Reconsider filed by Plaintiff, yet this latest attempt at an "amendment", is arguably an untimely *de facto* request for reconsideration. This Court should reject such a procedure and once again dismiss with prejudice Count III of Plaintiff's "Third Amended Complaint."

**Count IV (First Amendment)** of Plaintiff's "Third Amended Complaint" is now brought against the Board of Trustees and Anderson and is found at paragraphs 39-43. This

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Count IV is identical to the Count IV that appeared in Plaintiff's "Amended Complaint" (#8) *but for* the change to the date reference in paragraph 26 from "October, 2003" to October, 2002." This change does not alter the fact that Count IV is barred by this Court's Orders dated October 3, 2005 and October 5, 2005 (#28, 29). In these Orders, this Court concluded that Plaintiff's First Amendment claims against the Board of Trustees were barred by the doctrine of sovereign immunity, and Plaintiff's First Amendment claim regarding termination of his employment was barred by the statute of limitations.  (See discussion supra Part I.B. and I.D.) Since this Court has already ruled that these claims be dismissed, it is improper for Plaintiff to have filed an "amended" complaint that includes identical claims. *See Mormon*, 2001 WL 800088 *2.

This Court also concluded that Plaintiff *could* bring a claim alleging that Anderson violated his rights under the First Amendment in October, 2003 by requesting that he not talk about certain conduct of faculty members, but *could not* bring such a claim for identical conduct occurring in October, 2000.  (See discussion supra Part I.B. and I.D.)  The rationale behind this distinction was that a First Amendment claim brought pursuant to Section 1983 has a two year statute of limitations which begins to run from the date of the alleged unconstitutional conduct. As Plaintiff filed his case on June 3, 2005, alleged unconstitutional conduct occurring in October, 2003 was timely, but identical conduct occurring in October, 2000 was ruled not timely filed. Likewise, the statute of limitations would bar a First Amendment claim based on alleged conduct that occurred in October, 2002 as plaintiff now attempts to allege, notwithstanding he voluntarily dismissed Count IV previously (#45). Indeed, according to this Court's October 3, 2005 and October 5, 2005 Orders, any such alleged conduct occurring prior to June 4, 2003 would be untimely. Plaintiff's counsel knew this and that is why Plaintiff voluntarily dismissed Count IV *with prejudice* (#45) after admitting that the alleged conduct

HeylRoyster
Voelker
&Allen

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

occurred in October, 2002, and not in October, 2003. (See discussion supra Part I.G. and I.H. and Order of February 17, 2006).

It is improper for Plaintiff to attempt to resurrect this claim by including it within his "Third Amended Complaint" where this Court's prior Orders bar such a claim and Plaintiff acknowledged this by successfully voluntarily moving to dismiss the claim with prejudice along with Anderson.

Moreover, it is improper for Plaintiff to amend his complaint and attempt to rename a new party defendant, Anderson, without leave of court (and without service), and nearly six months after he voluntarily dismissed with prejudice that same defendant. See Fed. R. Civ. P. Rule 15(a). *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985) (filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity). This is not an instance where Plaintiff made a mistake concerning the identity of the proper party. See Fed. R. Civ. P. Rule 15(c). *O'Toole v. Village of Downers Grove*, 1988 WL 26814*2 (N.E.Ill. 1988) (amendment does not relate back when plaintiff makes no mistake on identity). Rather, in this case, Plaintiff has known since the alleged occurrence that Anderson was a possible party; Plaintiff named Anderson in his "Amended Complaint" (#8) and his "Second Amended Complaint" (#30); and recognized that he could not state a claim against Anderson so he voluntarily dismissed Anderson with prejudice, along with Count IV in its entirety (#45).

This Court should again dismiss Count IV against the Board of Trustees and Anderson.

**Count V (due process)** of Plaintiff's "Third Amended Complaint" is brought against the Board of Trustees and Anderson and is found at paragraphs 44-49. This Count V is, once again, identical to the Count V that existed in the "Amended Complaint," and was dismissed by this

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Court with its Order of October 5, 2005 (#29) and its Order of January 12, 2006 (#41). (See discussion supra Part I.B., I.D., I.E. and I.F.)

Since this Court has already ruled that Plaintiff's due process claims against the Board of Trustees and Anderson (Count V) be dismissed, it is improper for Plaintiff to have filed an "amended" complaint that includes an identical claim. *See Mormon*, 2001 WL 800088 *2.

Plaintiff's attempted "amendments" and this Court's rulings on the various due process claims that have been asserted and reasserted is just one example of the pleading conduct that has taken place in this case and the various attempts to resurrect or reinsert claims and parties previously dismissed. See e.g. this Court's Order of October 5, 2005 at pp. 4-9 and compare this Court's Order of January 12, 2006 at pp. 5-6, all discussing and ruling upon the various improper attempts at the same due process claim.

Plaintiff's latest attempt at an "amendment," is arguably an untimely *de facto* request for reconsideration and it occurs after this Court has, in three separate rulings, stated that Plaintiff cannot state a claim for a due process violation because he lacks a property interest. This Court should reject such a procedure and dismiss with prejudice Count V of Plaintiff's "Third Amended Complaint."

**B.    In the alternative, if this Court allows the new Count IV to withstand its prior dismissal Orders and plaintiff's own voluntary dismissal, then it still must be dismissed as an untimely First Amendment claim alleging a violation in or prior to October 2002 which does not relate back to plaintiff's initial filing, and nonetheless would still be time-barred in any event.**

Plaintiff's Motion to Amend Complaint (#61) filed July 27, 2006 did not request leave to add an additional claim or name an additional party.  Plaintiff's failure to exclude Count IV from his "Third Amended Complaint," and failure to stipulate to its dismissal evidences Plaintiff's intent to attempt to improperly amend his complaint by adding a new claim and new party.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

11

Plaintiff's new claim alleges that the previously dismissed Board of Trustees and Anderson violated his rights under the First Amendment in *October, 2002* by allegedly requesting that he not talk about certain conduct of faculty members. As Plaintiff has not obtained leave of this Court or written consent from the Board of Trustees, Plaintiff's new claim and all Defendants should be dismissed with prejudice. See Fed. R. Civ. P. Rule 15(a); *Friedman*, 763 F.2d at 239.

Plaintiff's new claim is also barred by the statute of limitations because it was first filed on August 14, 2006, nearly four years after the alleged unconstitutional conduct (October, 2002). The attempted amendment does not relate back to Plaintiff's original pleading filed June 3, 2005 (#1) or his "Amended Complaint" filed in July, 2005 (#8), because the new claim arises of out of conduct that was not set forth in Plaintiff's original pleading (#1) or his "Amended Complaint" (#8). See Fed. R. Civ. P. Rule 15(c).  Anderson is a new party and as discussed above, Plaintiff's claim against him and the Board of Trustees does not relate back to Plaintiff's original pleading or his "Amended Complaint." Even if the amendment relates back to Plaintiff's original pleading or his "Amended Complaint", the claim is still barred by the statute of limitations because these initial pleadings were first filed in June, 2005, more than two and a half years after the alleged unconstitutional conduct occurred in October, 2002.

The statute of limitations for a Section 1983 claim in Illinois is two years. *Mitchell v. Donchin*, 286 F.3d 447, 450 fn.1 (7th Cir. 2002). The statute of limitations begins to run when the plaintiff knew or should have known that his or her constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). In determining when a cause of action accrues, the critical time is when the unconstitutional or discriminatory act occurs, "not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (holding that the applicable limitations period began to run from the dates when the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

employees were notified that their appointments would terminate in the future, rather than from the dates of actual termination).

Plaintiff now alleges that Anderson and the Board of Trustees restricted his speech in October, 2002. ("Third Amended Complaint" ¶ 26). Plaintiff knew or should have known in October, 2002 that his First Amendment rights had been allegedly violated. Consequently, Plaintiff's claim accrued in October, 2002. Because Plaintiff's cause of action accrued in October, 2002, Plaintiff's new claim, even if it relates back to his original pleading, was filed months after the statute of limitations ran. Consequently, Count IV with Plaintiff's claim that the Board of Trustees and Anderson allegedly violated his rights under the First Amendment in October, 2002 by requesting that he not talk about certain conduct of faculty members, must be dismissed with prejudice, as time barred.

It was Plaintiff's counsel who agreed with the Court's assessment at the Status Conference on April 20, 2006, that the only two remaining counts left in this case after all of the Court's rulings and his own voluntary dismissals were Count I (gender) and Count II (race) solely against the Board of Trustees.  The only good faith interpretation of this Court's Order of August 11, 2006 was and is for plaintiff to finally create one complete document reflecting the one date change requested and restating the previously answered Counts I and II against the sole, remaining Defendant, the Board of Trustees.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**C.    Certain paragraphs in the "Third Amended Complaint" are no longer relevant and refer to or support previously dismissed counts and each should be stricken with prejudice.**

Further, paragraphs 3, 4 and 5 of the "Third Amended Complaint" should be stricken as solely relating to counts previously dismissed, namely Counts III, IV and V.  Also, paragraphs 21-26, inclusive, of the "Third Amended Complaint" should also be stricken as solely relating to Count IV which was, again, previously dismissed, as well as all "now named defendants" have been previously dismissed.

WHEREFORE, these defendants, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN ANDERSON, pray that this Court enter an Order again dismissing with prejudice Counts III, IV and V from the "Third Amended Complaint" (#66), and again dismiss Van Allen Anderson with prejudice from this suit and the caption of this case. Further, these defendants request any other relief which this Court deems just and equitable under the circumstances.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and VAN ALLEN ANDERSON, Defendants


s/Edward M. Wagner
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

s/Edward M. Wagner
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

**HeylRoyster**
**Voelker**
**&Allen**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060