05442-P7148
KBH
G:\48\P7148\P7148PSJ 002

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2132 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by its attorneys, Edward M. Wagner and Keith B. Hill of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and CDIL-LR 7.1(D), respectfully submits its Memorandum of Law in support of its Motion for Summary Judgment.

**I.    INTRODUCTION**

On June 3, 2005, Plaintiff, Geoffrey Bant, filed *pro se* a Complaint (#1) against the Board of Trustees of the University of Illinois ("Board of Trustees"). Shortly thereafter, Plaintiff retained counsel and has since amended his complaint four times, attempting to state various claims against the Board of Trustees and various other parties (#8, 17, 30, 66). Motions to dismiss were filed in response to each of Plaintiff's amended complaints (#11, 23, 34, 38) and rulings were entered by this Court on each of theses motions (#28, 29, 40, 41), except for the Board of Trustees' most recently filed motion to dismiss (#69, 70). Based on

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

this Court's rulings and Plaintiff's admission at the telephone status conference held on April 20, 2006[1], the sole remaining counts are Counts I and II against the Board of Trustees only[2]. Counts I and II allege discrimination against the Board of Trustees in violation of Title VII, based on gender and race, respectively (#8).

## II.    UNDISPUTED MATERIAL FACTS

1.    On June 13, 2003, Plaintiff filed a "Charge of Discrimination" ("charge") against the University of Illinois ("University") in the Illinois Department of Human Rights ("IDHR"). Plaintiff's charge was signed, subscribed and sworn to by Plaintiff before Catherine Barbercheck. Plaintiff's charge was assigned Charge No. 2003SA3673. (Cowan Aff. ¶¶1-5, 10-12, Ex. A-1, attached hereto and incorporated herein by reference as Ex. A).

2.    Plaintiff's charge was dually filed in the Federal Equal Employment Opportunity Commission ("EEOC") and was assigned Charge No. 21BA32451. (Cowan Aff. ¶¶1-5, 10-12, Ex. A-1).

3.    In his charge, Plaintiff swore under penalty of perjury that he would advise the IDHR and the EEOC if he changes his address or telephone number and would fully cooperate with them in processing his charge in accordance with their procedures. (Cowan Aff. ¶¶1-5, 10-12, Ex. A-1).

---

[1] The parties and this Court agreed on April 20, 2006, that the sole remaining counts were Counts I and II against the Board of Trustees only.

[2] For a more detailed discussion of the pleading history of this case, the Board of Trustees refers this Court to its "Memorandum of Law in Support of Motion to Dismiss and Strike 'Third Amended Complaint' filed August 14, 2006", and incorporate the same herein by reference (#70).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4. On December 31, 2003, Lawrence E. Johnson & Associates, P.C., by one its attorneys, Catherine Barbercheck, notified the IDHR that it represented Plaintiff. (Cowan Aff. ¶¶1-4, 6, 10-12, Ex. A-2).

5. On May 17, 2004, the IDHR entered an Order of Closure, approving Plaintiff's request to withdraw his charge and closing Plaintiff's charge. (Cowan Aff. ¶¶1-4, 7, 10-12, Ex. A-3).

6. On June 23, 2004, the EEOC advised the University that it had assumed responsibility for investigating the matter. (Cowan Aff. ¶¶1-4, 8, 10-12, Ex. A-4).

7. On February 28, 2005, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter. (Cowan Aff. ¶¶1-4, 9-12, Ex. A-5); (Husar Aff. ¶ 3, Ex. D-1, attached hereto and incorporated herein by reference as Ex. D); (Pl.'s *pro se* Compl. ¶ 1, Ex. A, attached hereto and incorporated herein by reference as Ex. E).

8. In sending out Dismissal and Notice of Rights letters, commonly referred to as right-to-sue letters, the EEOC procedure is to send the Dismissal and Notice of Rights letter to the Complainant at the address that is reflected on the Order of Closure which the EEOC receives from the IDHR, unless the EEOC has been notified by the Complainant of a change of address. (Husar Aff. ¶ 4).

9. The "Affidavit of Service" for the Order of Closure for Plaintiff's IDHR charge was addressed to Plaintiff's attorney, Catherine Barbercheck, and the University. (Cowan Aff. ¶¶1-4, 7, 10-12, Ex. A-3).

10. The EEOC sent Plaintiff's right-to-sue letter by certified mail through the U.S. Postal Service to Plaintiff's attorney. (Husar Aff. ¶¶ 3-4, D-1); (Cowan Aff. ¶¶1-4, 9-12, Ex. A-

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

5); (Pl.'s *pro se* Compl. ¶ 1, Ex. A); (Hill Aff. ¶¶ 1, 4, Ex. C-1, attached hereto and incorporated herein by reference as Ex. C).

11. The certified mail service is a numbered service that requires signature from the recipient or the recipient's agent before delivery can be completed. (Roberts Aff. ¶ 3, attached hereto and incorporated herein by reference).

12. The certified mail service also maintains a proof of delivery record (copy of the recipient's signature) that is kept at the Post Office. (Roberts Aff. ¶ 4).

13. On March 3, 2005, the University received Plaintiff's right-to-sue letter. (Cowan Aff. ¶¶1-4, 9-12, Ex. A-5).

14. On March 3, 2005 at 6:49 a.m., the U.S. Postal Service notified Plaintiff's attorney that an item of certified mail was available for delivery at the Post Office. The item of certified mail was Plaintiff's right-to-sue letter. (Roberts Aff. ¶¶ 1-21, Ex. B-1, Ex. B-2); (Cowan Aff. ¶¶ 1-4, 9-12, Ex. A-5); (Pl.'s *pro se* Compl. ¶ 1, Ex. A); (Hill Aff. ¶¶ 1-6, 10, C-3).

15. On March 3, 2005 at 10:43 p.m., Catherine Barbercheck signed a proof of delivery record and took delivery of Plaintiff's right-to-sue letter. The address of the recipient was P.O. Box 1127. (Roberts Aff. ¶¶ 1-21, Ex. B-2); (Hill Aff. ¶¶ 1-13, Ex. C-2, C-3).

16. On June 3, 2005, Plaintiff filed *pro se* a Complaint against the Board of Trustees. (Pl.'s *pro se* Compl.).

17. Plaintiff's *pro se* Complaint was signed and confirmed by Plaintiff. (Pl.'s *pro se* Compl.).

18. In Plaintiff's *pro se* Complaint Plaintiff stated that "on or about March 3, 2005, Plaintiff received his notice of right to sue." (Pl.'s *pro se* Compl. ¶ 1). (emphasis added)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

19. Plaintiff was in town in March 2005. (Pl.'s Dep. at 28-29, attached hereto and incorporated herein by reference as Ex. F).

20. Plaintiff received his right-to-sue letter. (Pl.'s Dep. at 26-27).

21. Plaintiff testified that he does not have any recollection as to when he received his right-to-sue letter. (Pl.'s Dep. at 27).

22. In correspondence prepared by the plaintiff and dated June 10, 2005, Plaintiff stated, "I received my dismissal and notice of rights in February 2005." (Request for Admission of Facts and Genuineness of Documents ("Def.'s RTA") attached hereto and incorporated herein by reference as Ex. G; and Plaintiff's Answer to Request for Admission of Facts and Genuineness of Documents ("Pl.'s Ans. to Def.'s RTA") attached hereto and incorporated herein by reference as Ex. H).

23. In plaintiff's own prepared document dated June 10, 2005, plaintiff stated, "I filed suite [sic] in Federal Court in Urbana, 'pro se' on Friday, June 3, to meet the 90 day deadline." (Def.'s RTA; Pl.'s Ans. to Def.'s RTA).

24. Plaintiff testified that at the time he received his right-to-sue letter, he was dealing with an attorney different than his current counsel (Nile Williamson). (Pl.'s Dep. at 27).

25. In plaintiff's own prepared correspondence dated June 10, 2005, Plaintiff stated, "I have been working with an attorney, Catherine Barbercheck in Champaign." (Def.'s RTA; Pl.'s Ans. to Def.'s RTA).

26. On March 3, 2005, Plaintiff was represented by Lawrence E. Johnson & Associates, P.C. and Catherine Barbercheck, one of its attorneys. See Plaintiff's June 13, 2003 charge which was signed, subscribed and sworn to by Plaintiff before Catherine Barbercheck (Cowan Aff. ¶¶1-5, 10-12, Ex. A-1); Lawrence E. Johnson & Associates, P.C.'s December 31,

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

2003 "Entry of Appearance" in the IDHR by one its attorneys, Catherine Barbercheck (Cowan Aff. ¶¶1-4, 6, 10-12, Ex. A-2); Affidavit of Service for the Order of Closure from the IDHR addressed to Catherine Barbercheck (Cowan Aff. ¶¶1-4, 7, 10-12, Ex. A-3); Catherine Barbercheck's signature on the proof of delivery of Plaintiff's right-to-sue letter (Roberts Aff. ¶¶ 1-21, Ex. B-2); see Plaintiff's testimony that he received his right-to-sue letter and that at the time he received it, he was dealing with an attorney different than his current counsel (Nile Williamson) (Pl.'s Dep. at 26-27); and in plaintiff's own prepared correspondence dated June 10, 2005, Plaintiff stated, "I have been working with an attorney, Catherine Barbercheck in Champaign." (Def.'s RTA; Pl.'s Ans. To Def.'s RTA).

## III.   ARGUMENT

Title VII provides that the EEOC shall notify the person aggrieved of his right to sue, "and [that] within ninety days after the giving of such notice, a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1).

Courts strictly adhere to the ninety day period and will find even a one-day delay to be fatal. *Anooya v. Hilton Hotels*, 733 F.2d 48, 49 (7th Cir. 1984); *Wilson v. Doctors Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D.Ill. 1996); *Davis v. Browner*, 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000); *Thomas v. United Parcel Serv.*, 2000 WL 290279, *2 (N.D.Ill.). "The time limit is not flexible, even for pro-se litigants, and a one day delay is fatal." *Davis*, 113 F. Supp. 2d at 1225.

In *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210 (7th Cir. 1978), the Seventh Circuit held that actual receipt of the notice is required to start running the 90-day clock. However, this rule was clarified in two cases decided by the court on

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

the same day. See *St. Louis v. Alverno Coll.*, 744 F.2d 1314 (7th Cir. 1984) and *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984).

In *Alverno Coll.*, the court held that when the notice is delayed by fault of the plaintiff, the constructive notice doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided. 744 F.2d at 1350.

In *Jones*, the court held that the 90-day period of limitations begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in that matter. *Jones*, 744 F.2d at 1312.

In *Jones*, original right-to-sue letters were sent by certified mail to plaintiffs at the addresses they had originally given the EEOC, and copies were sent to their attorney. Although, plaintiffs never received the original letters, their attorney sent them copies of the letters he had received from the EEOC. The plaintiffs filed suit 90 days from the earliest time they could have received the copies which their attorney sent to them, but 92 days from the day their attorney received his copies of the letters from the EEOC. *Id*. at 1311. The district court granted summary judgment in favor of the defendant on the ground that plaintiffs' suit was not timely. *Id*. at 1310. The plaintiffs appealed, contending that the Seventh Circuit's decision in *Archie* compelled an opposite conclusion. *Id*. at 1312.

In *Archie*, the claimant had filed a Title VII action 91 days after the right-to-sue letter was received at his home address by his wife; however, the action was commences only 81 days after plaintiff personally received the letter from his wife. In *Archie*, the court held that the 90-day period begins to run on the date on which a claimant actually receives from the EEOC his notice of right-to-sue. 585 F.2d at 216.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

The *Jones* court distinguished its decision in *Archie* on the ground that the claimant in *Archie* was not represented by an attorney. According to the *Jones* court:

> As this court indicated in *Archie*, receipt of a right-to-sue letter by a third party, perhaps one unfamiliar with the situation or one who would not even read the letter, leads to the risk that a claimant could remain in ignorance of his rights until the time to sue had past. *This danger is not present when the third party is the claimant's attorney, the individual in charge of proceeding with the litigation and aware, perhaps more aware than the claimant of the importance of such notice*. Consequently, the rule enunciated in *Archie* must be expanded to include this permissible instance of constructive notice.

*Id*. at 1312 (emphasis added). The court added:

> the most crucial concept in this matter ... is the actual knowledge that the time period in which a suit can be filed has commenced. Such knowledge is conveyed equally well through personal receipt of the right-to-sue letter by the claimant and through receipt of that letter by the attorney representing him in the action.

*Id*. at 1313. The *Jones* court concluded that the action was untimely because plaintiffs were represented by an attorney in their Title VII claims, the EEOC had been informed of that fact, their attorney had personally received the right-to-sue letters, and the action was not commenced until 92-days later. *Id*. at 1314.

Imputing the attorney's notice to the client is reasonable because, as the Supreme Court has stated:

> Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 92 (1990) (quotation omitted). The Supreme Court has also specifically concluded that receipt by the attorney's office constitutes receipt by the attorney and failure of the attorney to learn of and act upon the date of receipt at his office does not toll the limitations period to the claimant because it amounts to no more than "garden variety claim of excusable neglect." *Id*. at 93 (time period began when letter arrived at attorney's

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

8

office on March 23, 1987 while attorney was out of country even though attorney did not actually learn of EEOC action until his return on April 10, 1987).

In *Davis-Gilbert v. Alberto-Culver Co.*, 1988 WL 121504, *1 (N.D.Ill.), the district court in our Northern District came to the same conclusion by applying the Seventh Circuit's "fault" approach in *Alverno Coll.* to attorneys. *Id*. at *1. In *Davis-Gilbert*, the court calculated the time period from delivery to the attorney's office on January 29, 1988 although the attorney and person who usually opens the mail were out of town. The attorney did not actually see the letter until he returned on February 11, 1988, and filed the complaint 84 days thereafter, but 96 days after the letter was received in his office. There was no indication nor consideration in the court's opinion as to whether the plaintiff also received a copy of the letter. *Id*. Nevertheless, in reliance on *Alverno Coll.*'s holding that a claimant must take reasonable steps to ensure claimant receives the notice she requests, together with the principle that a claimant's attorney stands in the shoes of the claimant for purposes of receipt of the letter, the court held the attorney had to take reasonable steps to ensure notice was received and to know the date received. The attorney's neglect in failing to have an employee present during his absence who knew the importance of incoming documents could not toll the limitations period, as to do so, "would be to effectively eviscerate the 90 day notice rule and replace it with one which excuses counsel's negligence." *Id*. at *1.

In *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821 (7th Cir. 2005), the issue before the court was whether delivery to the plaintiff's attorney's last known address should be imputed as the date of receipt where the delay in actual receipt is due to the attorney's failure to notify the EEOC of his change of address, even where the plaintiff herself did not receive a copy of the EEOC notice. In *Reschny,* the EEOC sent a right-to-sue letter to the plaintiff's attorney's law

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

9

office. A copy was not sent to the plaintiff. The post office returned the letter to the EEOC because the plaintiff's attorney's law office had closed. A year and-a-half later, the plaintiff called the EEOC to inquire about her claim. Pursuant to her call, the plaintiff received the letter that had previously been sent to her attorney, and filed suit. The defendant moved for summary judgment, arguing that the plaintiff's complaint was filed beyond the 90-day limit, and the district court granted the motion. The plaintiff appealed. *Id*. at 822-23.

The Seventh Circuit in *Reschny* affirmed the district court, finding that under *Jones,* the plaintiff's attorney stood in plaintiff's shoes for purposes of receiving the EEOC notice, and his negligence in failing to apprise the EEOC of his change of address does not toll the period of limitations. According to the court, the neglect of plaintiff's attorney put the case squarely within the holding of *Alverno Coll. Id*. at 823. Consequently, the 90-day limitation period started to run on the date the post office merely attempted to deliver the right-to-sue letter to the last known address of the plaintiff's attorney. *Id*. at 824.

In the instant case, summary judgment should be granted in favor of the Board of Trustees because Plaintiff's *pro se* Complaint was filed beyond the 90-day limitation period. The undisputed material facts establish that Plaintiff had actual or constructive notice of his right-to-sue letter on March 3, 2005, and that he filed suit 92-days later on June 3, 2005.

The undisputed material facts establish that in June, 2003, Plaintiff dually filed his charge of discrimination against the University in the IDHR and EEOC. [Undisputed Material Facts ("UMF") ¶¶1, 2]. In his charge, Plaintiff swore under penalty of perjury that he would advise the IDHR and the EEOC if he changed his address or telephone number and would fully cooperate with them in processing his charge in accordance with their procedures. (UMF ¶3)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

10

Six months later, Catherine Barbercheck notified the IDHR that she represented Plaintiff. (UMF ¶4). Subsequently, as indicated in its order, Plaintiff requested that his charge be withdrawn from the IDHR, and on May 17, 2004, the IDHR entered an Order of Closure, approving Plaintiff's request and closing Plaintiff's charge. (UMF ¶5). A copy of the IDHR's Order of Closure was sent to Plaintiff's attorney, Barbercheck, and to the University. (UMF ¶9). Shortly thereafter, the EEOC assumed responsibility for investigating the matter, and on February 28, 2005, correctly sent a right-to-sue letter by certified mail to Plaintiff's attorney. (UMF ¶¶6, 10).

The certified mail service is a numbered service that requires signature from the recipient or the recipient's agent before delivery can be completed. (UMF ¶11). The certified mail service also maintains a proof of delivery record (copy of the recipient's signature) that is kept at the Post Office. (UMF ¶12).

On the morning of March 3, 2005, Barbercheck signed a proof of delivery record and took delivery of Plaintiff's right-to-sue letter. (UMF ¶15). That same day, the University also received Plaintiff's right-to-sue letter. (UMF ¶13).

Although Plaintiff testified that he does not recall when he received his "right-to-sue" letter (UMF ¶20), he does not dispute that he received it (UMF ¶20), and the undisputed material facts establish that he at least had actual notice of it on March 3, 2005. Plaintiff admitted in his *pro se* Complaint, which he signed, that he received his right-to-sue letter on March 3, 2005.[3]

---

[3] In Plaintiff's signed *pro se* Complaint, Plaintiff stated that "on or about March 3, 2005, Plaintiff received his notice of right to sue." (UMF ¶18).

11

Even if Plaintiff did not have actual notice of his right-to-sue letter on March 3, 2005, he had constructive notice of it on <u>March 3, 2005</u> because the undisputed material facts establish that at the time Barbercheck received his right-to-sue letter, she was representing him. *Jones*, 744 F.2d at 1312 (90-day period commences when complainant's attorney receives the letter and is constructive notice on complainant).

Although Barbercheck may have represented Plaintiff as early as June, 2003 when Plaintiff prepared and filed his charge (UMF ¶1), the undisputed material facts establish that she notified the IDHR that she was representing Plaintiff on December 31, 2003. (UMF ¶4). Thereafter, Plaintiff requested that his charge be withdrawn from the IDHR in order to pursue his charge in the EEOC. (UMF ¶5). Consequently, the IDHR entered an Order of Closure closing Plaintiff's charge and mailed a copy of its order to Barbercheck and the University. (UMF ¶¶5, 9). Having closed Plaintiff's charge, the IDHR sent its investigative file to the EEOC, including its Order of Closure. (UMF ¶8).

After receiving the IDHR's investigative file, including its Order of Closure, the EEOC notified the University that it had assumed responsibility for investigating the matter. (UMF ¶6). Seven months later, the EEOC sent Plaintiff's right-to-sue letter to Barbercheck. (UMF ¶10). The EEOC sent Plaintiff's right-to-sue letter to Barbercheck because its procedure is to send the right-to-sue letter to the Complainant at the address that is reflected on the Order of Closure received from the IDHR, unless it has been notified by the Complainant of a change of address. (UMF ¶8). In this case, the IDHR's Order of Closure indicated that Plaintiff was represented by Barbercheck and Barbercheck's address is the address listed on the Order of Closure. (UMF ¶9). Therefore, the EEOC sent Plaintiff's right-to-sue letter, as is its procedure, to Barbercheck. (UMF ¶¶5, 8, 9, 10).

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

As discussed above, the undisputed material facts establish that Barbercheck received Plaintiff's right-to-sue letter on <u>March 3, 2005</u>.  (UMF ¶15).  The undisputed material facts further establish that Barbercheck represented Plaintiff at the time she received his right-to-sue letter.  (UMF ¶1, 4, 9, 15, 24-26).  Barbercheck represented Plaintiff throughout the IDHR's and EEOC's investigation, and continued to represent him after he was issued his right-to-sue letter. Indeed, Plaintiff admitted as much when he testified that at the time he received his right-to-sue letter he was dealing with an attorney different than his current counsel, Nile Williamson, and when he stated in his own correspondence prepared in 2005 and dated June 10, 2005 that he had been working with Barbercheck.  (UMF ¶¶24, 25).

## IV.    CONCLUSION

For the foregoing reasons, the Board of Trustees of the University of Illinois respectfully requests that this Court enter an order granting summary judgment in its favor and against Plaintiff as to the sole remaining counts, Counts I and II, and thus, judgment as to this suit in its entirety, and costs of suit, together with such other relief as the Court deems appropriate and equitable under the circumstances.

BOARD OF TRUSTEES OF THE UNIVERSITY
OF ILLINOIS, Defendant


s/Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

s/Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060