IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **GEOFFREY W. BANT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | **CASE NO. 05-2132** |
| | ) | |
| **FRANCES G. CARROLL, KENNETH D.** | ) | |
| **SCHMIDT, DAVID V. DORRIS, DEVON** | ) | |
| **C. BRUCE, NIRANJAN S. SHAH, ROBERT** | ) | |
| **Y. SPERLING, LAWRENCE C. EPPLEY,** | ) | |
| **MARJORIE E. SODEMANN, & ROBERT** | ) | |
| **F. VICKREY, in their individual capacity,** | ) | |
| **as members of the Board of Trustees of the** | ) | |
| **University of Illinois and VAN ALLEN ANDERSON,** | ) | |
| **individually,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT**

NOW COMES the plaintiff, GEOFFREY W. BANT, by his attorney NILE J. WILLIAMSON pursuant to FRCP 7(b)(1) as follows:

1. That on September 1st, 2006 defendants and their attorneys filed a motion for summary judgment solely based on the issue of whether plaintiff filed his pro se complaint within 90 days of receiving a right to sue letter from the Equal Opportunity Employment Commission and as a basis thereof, attach the affidavits of Keith Hill, Larine Cowan, Regina Roberts, and Regina Husar.

2. That plaintiff's counsel has reviewed the original and supplemental disclosures provided by defendant's attorneys under FRCP 26; defendant's answers to production of documents and interrogatories and supplements thereto and finds no reference to said affiants in any of said disclosures or discovery response.

3. That on September 6, 2006, in order to clarify the issue, plaintiff's counsel faxed defendant's counsel Edward Wagner requesting identification by Wagner of said affiants in said Rule 26 disclosures or other discovery response attached as attachment 1. Defendant's response, as requested is attached as attachment 2. It is clear to plaintiff's counsel that said response does not identify the persons under Rule 26. Defendant's 8/4/06 "disclosure" is also attached as attachment 3. It is obvious that the defendant intentionally did not mention or refer to any affiant.

4. That the case law in the Seventh Circuit is clear that a party will not be allowed to use as evidentiary material or testimony, documents or testimony not identified by said party during the course of the litigation pursuant to FRCP 26 or by other discovery means. If the affidavits and exhibits are stricken, the motion must be denied.

WHEREFORE, plaintiff Geoffrey Bant prays the motion for summary judgment be denied and that all affidavits and documents attached thereto be stricken and for such further orders of court as is just is proper.

GEOFFREY BANT, PLAINTIFF,

By: s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602
TELEPHONE: (309) 677-5950
FAX: (309) 677-5950

## **CERTIFICATE OF SERVICE**

I hereby certify on <u>September 8, 2006</u>, I electronically filed the foregoing <u>Motion to Strike Motion for Summary Judgment</u> with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following parties who are participants:

> Edward M. Wagner
> Heyl, Royster, Voelker & Allen
> 102 E. Main Street, Suite 300
> P.O. Box 129
> Urbana, Illinois 61803-0129

> s/Nile J. Williamson
> NILE J. WILLIAMSON
> ATTORNEY AT LAW
> 1926 ASSOCIATED BANK PLAZA
> PEORIA, IL 61602-1104
> TELEPHONE: (309) 677-5950
> FACSIMILE: (309) 677-5952
> E-MAIL: nilew@aol.com