IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| VAN ALLEN ANDERSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

**BACKGROUND**

On the date of discovery cutoff, and one day prior to the Labor Day weekend, defendants and its counsel filed a motion for summary judgment solely based on this issue of whether the pro se plaintiff had filed his complaint within 90 days of receipt of a right to sue letter attaching four affidavits and accompanying documents to said affidavits in support of said motion. Since the motion was based solely upon the content of the testimony of the affiants, and documents attached to the affidavits, if the affidavits and accompanying material is stricken, the summary judgment must be denied.[1]

**GOVERNING CASE LAW**

As noted by the court in **McLaughlin vs. Weiser**, et. al 1988 U.S. District Lexis 281 (N.D. Ill. 1988) under FRCP 26(e), a party who has responded to a request for discovery is under no duty to supplement its response. Three exceptions exist. A party is

---

[1]Defendants have the temerity to suggest that if this motion is denied, then they should be entitled to another bite of the apple by filing a second motion for summary judgment based on other issues. Since there is no provision for this procedure in the rules, plaintiff's counsel takes this opportunity to object to said procedure because it will violate local rule requirements as to length of motions and memorandums required and will prejudice plaintiff's counsel in his preparation for trial.

under a duty to supplement its responses (1) to discovery request in reference to questions dealing with witnesses, (2) if the party knows its response was incorrect when made or is no longer true, (3) pursuant to court order or agreement of the parties.  FRCP 26(e)(1):(2).  As a consequence, no court order is necessary to trigger a parties' duty to supplement a response in certain circumstances.  **In Carter vs. Northwest Airlines, Inc**., 2003 U.S. District Lexis 2416 (N.D. Ill. 2003) the court stated at page 2420 as follows:

>In support of its motion for summary judgment, Northwest offers the affidavit of Judith Thomes.  Northwest did not disclose Thomes' identity in its initial or supplemental Rule 26(a)(1) disclosures.  Nor did Northwest identify Thomes in response to Carter's October 1, 2002 interrogatories until November 25, 2002 – the date discovery closed and Northwest filed its motion for summary judgment.  Rule 26(e) requires parties to supplement their Rule 26(a) disclosures at "appropriate intervals," and amend their responses to discovery requests "seasonably."  Northwest offers no justification as to why it waited until the last day of discovery to disclose the Thomes' affidavit.  A party that fails to comply with Rule 26(e) without substantial justification is not permitted to use the information as evidence at trial or on a motion for summary judgment.  Fed. R. Civ. P. 37(c)(1).  Carter's motion to strike the affidavit of Judith Thomes is granted.

Again, in **Liberty Mutual Insurance Company vs. Tokio Marine and Fire Insurance Company, Ltd**., 2004 U.S. District Lexis 21848 (N.D. Ill. 2004)  the court stated at page 241855 as follows:

>Information that without substantial justification is not disclosed as required by Rule 26(a) or (e) may not, unless such failure is harmless, be used as evidence on a motion.  FED R. CIV. R. 37(c)(1).  Rule 26(e) applies regardless of whether discovery has closed. Episcopo v. GMC, 2004 U.S. Dist Lexis 5142, No. 02 C 8675 2004 WL 628243 at *7[*12] (N.D. Ill. Mar. 29, 2004).  Where a party failed to produce a document during the discovery process, it is proper for a court to refuse to consider it on motion for summary judgment. Id.  The purpose of Rule 26 is to prevent any unfair, prejudicial surprise. Scranton Gillette Communs., Inc. v. Dannhausen, 1998 U.S. Dist Lexis 23621, No. 96 C 8353, 1998 WL 566668, at *2 (N.D. Ill. Aug 26, 1998).  Liberty argues that disclosure of the documents during discovery was not required by Rule 26 because they address issues raised for the first time by Tokio in the motions for summary judgment. (Liberty's Resp. Tokio's Reply Supp. Mot. Strike at 3-4.)  Liberty also argues that these documents fall within the Rule 26 exception for documents used solely for impeachment. (Id. at 4.)  With regard to the settlement agreements and checks, the argument is not as persuasive.  It is essential to Liberty's claim that Liberty prove the limits of its primary policy were exceeded, and Tokio does not raise a new issue by contending that Liberty

has not met is burden.  The settlement agreement and checks should have been identified during discovery, and they cannot be relied upon to support Liberty's claim now.

The Seventh Circuit has held that it is within the district court's discretion to exclude the testimony of an expert witness under FRCP 37(c) where a party failed to identify the expert in time to allow the other side to question and depose the expert.  **See Musser v. Gentiva Health Services** F. 3d 751, 758 (7th Cir. 2004).  Here, defendants sought and received leave of court to file an affirmative defense based on the 90 day filing period well after the cutoff time for amending pleadings and the court granted defendant leave to do so on August 4th, 2006.  Neither before nor after said order has defendant disclosed these affiants and the documents attached to their affidavits in any manner let alone Rule 26 disclosures and/or interrogatory or production requests.  Thus, defendant and its attorneys have intentionally deprived plaintiff of the opportunity to depose said witnesses, one of whom is co-counsel filing this motion.  The Seventh Circuit has also instructed that the exclusion of nondisclosed evidence is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was justified or harmless.  See **Musser** supra.  The determination of whether a violation of Rule FRCP 26(a) is justified or harmless is entrusted to the broad discretion of the district court.  **Keach v. U.S. Trust Co.**, 419 F. 3d 626, 640 (7th Cir. 2005).

**CONCLUSION**

It is clear that throughout the summer, defendant's attorneys have been working on the argument that the pro se complaint was not filed in time in lieu of receipt of the EEOC right to sue letter.  There are numerous holes in defendants arguments including without limitation the fact that the counsel alleged to have received a certified right to sue letter never entered her appearance in the EEOC proceedings and none of the documents

3

attached to the affiants indicates that the document was sent from the EEOC's Chicago office.  Clearly, defendants have no evidence that plaintiff himself signed for or even received the right to sue letter given plaintiff's testimony.  It is also interesting to note that one of the affiants indicates that the reason she knows that the right to sue letter was sent to the attorney was because the face sheet indicating the same indicated "copy to attorney".  Normally, copied means just that, and is no indication of receipt of the original document.  Not withstanding these matters, the defendant's failure, apparently intentional, to include any of these affiants and their accompanying documents in discovery response or Rule 26 disclosure to plaintiff's counsel deprived plaintiff's counsel of the opportunity to explore these issues, depose the witnesses, and make a full and complete response to this late and spurious argument.  For the foregoing reasons, the affidavits and the accompanying documents should be stricken and the motion for summary judgment denied.  In the event this motion is denied, plaintiff seeks additional time to respond to the motion.

Respectfully submitted,

s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952
E-MAIL: nilew@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>September 8, 2006</u>, I electronically filed the foregoing <u>Memorandum in Support of Motion of the Plaintiff's Motion to Strike</u> with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

L. Lee Smith
Hinshaw & Culbertson
456 Fulton Street, Suite 298
Peoria, IL 61602

s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952
E-MAIL: nilew@aol.com
