E-FILED
Monday, 11 September, 2006  04:17:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
|          Plaintiff, ) | |
| v. ) | |
| ) | Case No. 05-2132 |
| BOARD OF TRUSTEES OF ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| ) | |
|          Defendant. ) | |

# ORDER

This case is before the Court for ruling on Defendants' Motion To Dismiss and Strike "Third Amended Complaint" Filed August 14, 2006 (#69).

In June 2005, Plaintiff, Geoffrey Bant, filed a Complaint (#1) against Defendant, Board of Trustees of the University of Illinois (hereinafter "Board"), alleging sex discrimination (Count I), race discrimination (Count II), age discrimination (Count III), violation of Plaintiff's rights under the First Amendment (Count IV), and violation of Plaintiff's right to due process (Count V). In July 2005, Plaintiff filed an Amended Complaint (#8), adding Van Allen Anderson as a defendant in the First Amendment claim (Count IV) and the due process claim (Count V). In August 2005, Plaintiff filed an Amended Complaint Counts VI & VII (#17), adding Nancy Cantor as a defendant, and alleging that Cantor violated Plaintiff's right to due process (Count VI) and Plaintiff's rights under the First Amendment (Count VII). In October 2005, Plaintiff filed a Second Amended Complaint (#30), adding as Defendants the following members of the Board of Trustees: Frances G. Carroll, Kenneth D. Schmidt, David V. Dorris, Devon C. Bruce, Niranjan S. Shah, Robert Y. Sperling, Lawrence C. Eppley, Marjorie E. Sodemann, and Robert F. Vickrey. The second amended complaint alleged that the individual board members violated Plaintiff's right to due process (Count V).

Defendants filed a number of motions to dismiss. After considering these motions and the parties' arguments, the Court dismissed all claims except Counts I and II against the Board.

In July 2006, Plaintiff filed a Motion To Amend Complaint (#61), in which he sought leave to amend "paragraph 26 of the amended complaint e-filed 7/11/05 [(#8)] by changing the word and date reference 'October, 2003' to 'October, 2002.'" The Court granted the motion and directed Plaintiff "to e:file an amended complaint reflecting that change instanter and by interlineation." (Text Order dated August 11, 2006.) Plaintiff subsequently filed his Amended Complaint Modified Per Text Order Entered 8/11/06 (#66). This amended complaint included the requested change in Paragraph 26; the remaining allegations appear to duplicate the allegations of Plaintiff's Amended Complaint (#8); that is, the amended complaint at issue includes Van Allen Anderson as a defendant and includes Counts I through V, as did the original Amended Complaint (#8).

In August 2006, Defendants Board and Anderson filed a Motion To Dismiss and Strike "Third Amended Complaint" Filed August 14, 2006 (#69). They state that the Court had previously dismissed all claims against Van Allen Anderson and dismissed Counts III, IV, and V. As a result, Defendants argue that the Court should dismiss Anderson as a Defendant and should dismiss Counts III, IV, and V of the newly-filed amended complaint.

In response, Plaintiff concedes that Count IV is now barred. Beyond that, Plaintiff states that he filed Amended Complaint Modified Per Text Order Entered 8/11/06 (#66) consistent with the Court's text order dated August 11, 2006.

The Court agrees. Here, the filing of the complaint for the sole purpose of changing the date in Paragraph 26 does not change the effect of the Court's previous orders. Accordingly, the Court **DENIES** as moot Defendants' Motion To Dismiss and Strike "Third Amended Complaint" Filed August 14, 2006 **(#69)**. For purposes of clarity, the Court reiterates that Counts I and II against the Board constitute the only claims remaining in this case.

ENTER this 11th day of September 2006.

                                         s/ DAVID G. BERNTHAL
                                         U.S. MAGISTRATE JUDGE