E-FILED
Friday, 22 September, 2006 04:31:02 PM
Clerk, U.S. District Court, ILCD

05442-P7148
EMW/slc
G:\48\P7148\P7148PSJ 005

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 05-2132 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE
TO
PLAINTIFF'S MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT**

NOW COMES the defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by Edward M. Wagner of Heyl, Royster, Voelker & Allen, and as and for its Response to the plaintiff's Motion to Strike Motion for Summary Judgment and Memorandum of Law in Support (DOC. #75, 76), states as follows:

I.  **Plaintiff's claim of non-disclosure is in error and based on a direct misrepresentation**.

Plaintiff's Motion to Strike Motion for Summary Judgment (#75) and his Memorandum of Law in Support (#76) are primarily based on a claim that this defendant's filings on August 4, 2006 did not disclose the U.S. Postal worker, **Regina Roberts**, or the EEOC employee, **Regina Husar**.

This position or representation is **false**. Plaintiff fails to point out to the Court that there was more than one Certificate of Service filed by this defendant on August 4, 2006. In fact,

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

attached hereto and incorporated by reference herein and marked as **Exhibit "1"** is a true and accurate copy of the ECF-filed Document #64 which was the <u>first</u> of two Certificates of Service filed by this defendant on August 4, 2006 [1], and which clearly discloses and provides:

> "Further, the defendant discloses the identity of an additional witness, Regina Roberts, from the U.S. Postal Service, who has knowledge with respect to mailing, delivery and receipt of items and/or documents, as well as providing copies of items or documents received or delivered to or on behalf of the plaintiff in March 2005.
>
> Further, this defendant discloses a potential witness from the EEOC, Regina Husar, as an individual who would have knowledge of mailing, delivery and receipt of items or documents addressed to and/or received by or on behalf of the plaintiff in March 2005."

This Certificate of Service (#64) was filed <u>on the same day</u> and very shortly after this Court allowed this defendant's proposed Affirmative Defenses to be filed *instanter*. (<u>See</u> this Court's Order entered August 4, 2006, DOC. # 62.) Plaintiff's misrepresentation and claim of some intentional misconduct on defendant's part should not be accepted by this Court and should rather provide sufficient basis for denying his <u>Motion to Strike Motion for Summary Judgment</u>, in its entirety.

II.   **In the alternative, plaintiff's Motion to Strike is based solely on one objection, namely the claim of non-disclosure, and all other objections or challenges to the Motion for Summary Judgment or its supporting Affidavits should now be deemed waived**.

That plaintiff's brief four-paragraph Motion to Strike does not state nor even suggest any potential challenge to this defendant's supporting Affidavits or evidence for its

---

[1] As detailed below, **plaintiff** filed a document with his initial <u>Complaint</u> on June 3, 2005 which also disclosed and identified **Regina Husar**. <u>See</u> <u>Complaint</u> (#1) at Exhibit "A" wherein **Regina Husar** is identified by the plaintiff, himself, as the "EEOC Representative".

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

Motion for Summary Judgment (#73) filed September 1, 2006, other than the claim of non-disclosure. Plaintiff's Memorandum of Law in Support of his Motion to Strike (#76) attempts to provide case law support and some argument for the claim of non-disclosure. It should be fairly presumed that if plaintiff had any other challenge or objection, plaintiff would have clearly and expressly raised it and thus all other potential challenges or objections not raised in plaintiff's Motion to Strike should now be deemed waived.

III.   **Further, and again in the alternative, this defendant's Motion for Summary Judgment (#73), and the UNDISPUTED MATERIAL FACTS in its Memorandum of Law in Support (#74), should now be deemed admitted with judgment entered on Counts I and II**.

As of the time this defendant filed this Response on September 22, 2006, plaintiff had filed no "response" to this defendant's Motion for Summary Judgment (#73) or the UNDISPUTED MATERIAL FACTS set forth in Section II of its Memorandum of Law in Support (#74), other than the Motion to Strike.

This Court set a deadline for plaintiff to respond to these matters on or before September 22, 2006, all pursuant to the mandatory provisions of Local Rule 7.1(D)(2) which further states "A failure to respond shall be deemed an admission of the motion." (See also this Court's "Docket Text" for the Motion for Summary Judgment (#73) which required "Responses due by 9/22/2006.")

Plaintiff has chosen to respond solely by way of a Motion to Strike, which is only a partial response, at best. Even if one were to assume for purposes of argument only that somehow the challenged Affidavits should not be considered, all remaining undisputed facts would still be considered and would still support entry of summary judgment, all of which is proper at this stage. As a vague, final afterthought, plaintiff has attempted a *de facto* extension for a "response" which is otherwise not favored had plaintiff asked directly. This attempt should

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

be denied. To allow otherwise would promote contingent, step-by-step, multiple and incomplete responses; delaying tactics and efforts at "testing the waters" with certain side comments.

Instead, this Court should now deem admitted <u>all</u> UNDISPUTED MATERIAL FACTS ("UMF") in paragraph 1-26 of section II of this defendant's <u>Memorandum of Law in Support</u> (#74), but certainly, at a minimum, under this alternative argument where the supporting Affidavits are not even considered, this Court should still deem admitted the facts in paragraphs 16-25 which are independent of the challenged, supporting Affidavits. There has been no evidence submitted to counter the facts in any of those paragraphs, but significantly, no evidence to counter the facts in the plaintiff's own signed factual allegations and plaintiff's own memoranda which are set forth in those UMF paragraphs 16-25.

While plaintiff's signed allegations of fact in paragraph 1 of his initial <u>Complaint</u> may not be a judicial admission, plaintiff has chosen <u>not</u> to offer any evidence to rebut his own signed allegation that he received his right to sue letter on March 3, 2005. <u>See</u> <u>188 LLC v. Trinity Industries, Inc.</u>, 300 F.3d 730, 736 (7th Cir. 2002), <u>and</u> Fed. R. Civ. Proc. 11(b)(3) (allegations and other factual contentions must have evidentiary support); <u>see</u> <u>also</u> <u>Complaint</u> filed June 3, 2005 at paragraph 1. Thus, that factual allegation is now deemed admitted and has become an admissible admission at this point.

The plaintiff is the master of his own pleadings, and here, his approach has been one to simply take a chance on a partial response. Based on the facts in the UNDISPUTED MATERIAL FACTS section already deemed admitted by way of a prior Request to Admit Facts, the plaintiff received his right-to-sue letter in February 2005, which would result in suit

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

being filed beyond the 90-day limitation period (UMF paragraph 22). This would be based on undisputed facts not contained in the "challenged" Affidavits.

Based on the uncontradicted, signed factual allegation of plaintiff, himself, our plaintiff also admittedly received his notice of right to sue on March 3, 2005 (UMF paragraph 16-18), all of which is again 92 days prior to suit being filed on June 3, 2005, and beyond the 90-day limitation period. Again, this would also be based on undisputed facts not contained in the "challenged" Affidavits.

IV. **Further, and again in the alternative, all plaintiff's challenges in his Motion to Strike should be rejected and denied, and the subject affidavits, records, and facts therein, should be accepted with summary judgment granted**.

    A. **Records from administrative agencies should be judicially noticed, especially where these records or information concerning those records are also within the possession of plaintiff and/or of no surprise.**

        1. Plaintiff is attempting to challenge and exclude his own attorney's entry of appearance before the IDHR; the IDHR Order of Closure in his case, and the EEOC right-to-sue letter, the original of which was sent to plaintiff's attorney. Records of the EEOC are administrative agency records and "public records" of which the Court may take judicial notice. Roberti v. Schroder Investment Mgt. N.A., Inc., 2006 WL 647718 at 3 (S.D. NY 2006) (EEOC records); Ashley v. K-Mart Corp., 2000 WL 1478655 at 1-2 (N.D. Texas 2000) (EEOC letters admissible without authentication); and McGee v. UPS, Inc., 2002 WL 449061 at 2 (N.D. Ill. 2002) (IDHR records);(copies of these three (3) Westlaw version cases are attached hereto as **Exhibits "2", "3"** and **"4"** for the Court and counsel's convenience) see Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994) (IDHR).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

Thus, this Court, even without any affidavit authentication, can and should accept all tendered administrative agency records submitted with the Affidavits supporting summary judgment.

2. Plaintiff is not and cannot claim any unfair prejudice or surprise as his right-to-sue letter was attached by plaintiff, himself, as Exhibit "A" when he filed his initial suit on June 3, 2005 (DOC. #1). This EEOC document is the same document authenticated and discussed by the EEOC representative, **Regina Husar**, in her Affidavit dated August 31, 2006. (<u>Memorandum of Law in Support of Motion for Summary Judgment</u> (#74), Exhibit "D-1"). In fact, the plaintiff's own Exhibit "A" filed June 3, 2005 herein <u>identifies</u> **Regina Husar** <u>on</u> that right-to-sue letter as the "<u>EEOC representative</u>" for this matter, and thus was a disclosure by plaintiff, himself, of that agency individual. Therefore, not only was the "document" (right-to-sue letter), but also the identity of the "individual" (Regina Husar) filed and disclosed by the plaintiff at the very outset of this case, and any attempt to now claim non-disclosure or surprise should be rejected.

3. Plaintiff does not deny the obvious fact and process that a charge filed in the IDHR is dually filed with the EEOC, and his own "Charge of Discrimination" filed with the IDHR was submitted herein by defendant simply to illustrate the evolution of events and facts leading up to the EEOC sending the right-to-sue letter to plaintiff's attorney which was received on March 3, 2005. Larine Cowan is the relevant employee of the defendant to verify and authenticate those records in the possession of the defendant, most of which were

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

originally created and generated by plaintiff, and the remainder are administrative agency documents served on plaintiff, and thus, none can be said to be any surprise to plaintiff.  See Memorandum of law in Support of Motion for Summary Judgment (#74), **Exhibits "A-1"** through **"A-5"**.  Notwithstanding that each can be the subject of judicial notice, each has also been independently authenticated.  Larine Cowan's identity and involvement with the defendant's OEOA was also disclosed to plaintiff with documents tendered on June 23, and 28-29, 2006[2], and regardless, her purpose here was merely authenticating and submitting certain agency documents, out of an abundance of caution.

4.  Keith Hill's Affidavit was submitted for the sole purpose to show this Court the efforts immediately initiated after plaintiff's deposition of July 19, 2006 and the information received and pursued in the course of an approximate 5 ½ week investigation leading up to the Motion for Summary Judgment (#73) which was filed as soon as defendant was able to receive the Affidavit of **Regina Husar** from the EEOC, and within four (4) weeks of receiving leave of Court to file its Affirmative Defenses (#62).  Keith Hill's investigation and Affidavit, as one of this defendant's attorneys, authenticates U.S. Postal Service web site information and confirms Catherine Barbercheck as a local attorney, none of which can be of any surprise to plaintiff, nor disputed by plaintiff.

---

[2]  See Certificate of Service (DOC. #65), and plaintiff's Motion to Strike (#75) Exhibit attachments (2) - (5).

7

B. **Records from the U.S. Postal Service and the authentication process should be judicially noticed and considered.**

    1. There should be no dispute that **Regina Roberts** was timely disclosed, contrary to plaintiff's challenge. While the records of the U.S. Postal Service should be self-authenticating, in our situation we have further guarantees and the sworn authentication of **Regina Roberts**. See United States v. Moore, 555 F.2d 658 (8th Cir. 1977).

V. **Plaintiff's case law support in his Motion to Strike does not address our situation and primarily applies to claimed late disclosures of expert witnesses and/or their opinions or evidence which would be of a surprise to the opposing party.**

    A. Plaintiff suggests five (5) cases support his position, and none govern our situation or the authentication efforts of the defendant.

        1. McLaughlin v. Weiser, 1988 WL 5025 (N.D. Ill. 1988) dealt only with the challenge to a party attempting to interject a new issue (reasonableness of an opponent's attorneys fees) by way of summary judgment. This is plaintiff's main case and one which is inapplicable to our issue as was noted by this Court's Order of August 4, 2006 (DOC. #62).

        2. Plaintiff's next case of Carter v. Northwest Airlines, Inc., 2003 WL 403131 (N.D. Ill. 2003) dealt with one affidavit (Thomes), yet still granted summary judgment for that defendant-movant. In our case, plaintiff must concede defendant did disclose **Regina Roberts** and **Regina Husar**, and that the documents previously produced and examined by plaintiff also identified Larine Cowan. Carter does not salvage our plaintiff's position and is inapplicable to the character of our documents and the specific, limited testimony in defendant's Affidavit.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

8

  3. In plaintiff's next case, <u>Liberty Mutual Ins. Co. v. Tokio Marine and Fire Ins. Co., Ltd.</u>, 2004 WL 2125411 (N.D. Ill. 2004), the Court notes:

> "Even if a document is not properly authenticated,
> a party is not acting in good faith in raising an
> objection if the party knows that the document is
> nevertheless authentic."

<u>Liberty Mutual</u>, <u>supra</u> at 1. With that caution in mind, the Court also noted that "late disclosures" should be allowed if the failure is harmless. <u>Id</u>. at 4. This plaintiff is well aware of when he received his right-to-sue letter, all as he alleged in his signed, initial <u>Complaint</u>.

  4. In <u>Musser v. Gentiva Health Services</u>, 356 F.3d 751 (7th Cir. 2004), the situation dealt with <u>expert</u> testimony first proffered in opposition to summary judgment, which again is not our case.

  5. <u>Keach v. U.S. Trust Co.</u>, 419 F.3d 626 (7th Cir. 2005) affirmed the judgment entered for the defendant-movant and the trial court's admitting of certain <u>expert</u> opinions was well within its discretion. <u>Keach</u>, <u>supra</u> at 640-41. Our situation involving documents from relevant administrative agencies, judicial notice, affidavits for authentication purposes and documents which would be the subject of judicial notice, in any event, was not addressed nor precluded by <u>Keach</u>.

VI. **Plaintiff's erroneous "side comment" in his <u>Memorandum of Law</u> should not be considered and should now be rejected**.

In his "CONCLUSION" section of his <u>Memorandum of Law</u> (#76), plaintiff attempts a very infrequently seen tactic. This tactic starts out by incorrectly stating an opponent's argument or evidence, then continues by criticizing that misstated argument or evidence.

9

Here, in his Memorandum of Law at 4, plaintiff claims that **Regina Husar** stated in her Affidavit that the right-to-sue letter stated or indicated "copy to attorney". **Regina Husar** said nothing of the sort, nor did the right-to-sue letter. **Regina Husar** stated under oath that plaintiff's right-to-sue letter indicated "Cp atty". Memorandum of Law in Support of Motion for Summary Judgment, **Exhibit "D"** at page 2/par. 4 (DOC #74); see also Exhibit "A" to plaintiff's Complaint (DOC #1). It is a misrepresentation to misstate that evidence. The correct designation is what allows Regina Husar to state that the right-to-sue letter was sent to our plaintiff's attorney, all of which is cautiously not disputed by our plaintiff.

WHEREFORE, this defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, requests that this Court deny plaintiff's Motion to Strike (#75) in its entirety. FURTHER, this defendant requests that this Court enforce its Local Rules and deadline set for plaintiff to respond to this defendant's Motion for Summary Judgment (#73) and not grant any improper, vague, *de facto* extension. FURTHER, this defendant request that this Court deem admitted all, or at a minimum, the identified unchallenged UMF paragraphs as set forth in its Memorandum of Law in Support of Motion for Summary Judgment (#74) and grant summary judgment as to Counts I and II of the Amended Complaint, which would also result in judgment

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

in defendant's favor as to this matter, in its entirety. FURTHER, this defendant requests any other relief which this Court deems just and equitable under the circumstances.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant

s/Edward M. Wagner
Edward M. Wagner
Keith B. Hill
Attorneys for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

s/Edward M. Wagner
Edward M. Wagner
Keith B. Hill
Attorneys for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060