Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)
(Cite as: 2000 WL 1478655 (N.D.Tex.))

H
Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas Division.
Charles Edward ASHLEY, Plaintiff
v.
KMART CORPORATION and John Lauderbaugh, Defendants
No. Civ.A. 3:96-CV-0954P.

Oct. 5, 2000.

*AMENDED MEMORANDUM OPINION AND ORDER*

SOLIS, J.

*1 The Court's previous Order filed on September 28, 2000 is withdrawn and is substituted with this Amended Memorandum Opinion and Order, which reflects a change in the Court's previous determination of the admissibility of Defendants' appendix exhibit 020-028. The change in the determination of the admissibility of this evidence does not alter the Court's ultimate conclusion in this case

Now before the Court are.
  1. Defendant Kmart Corporation and John Lauderbaugh's Motion for Summary Judgment;
  2. Appendix to Defendants' Motion for Summary Judgment;
  3. Plaintiff's Objections to Defendants' Summary Judgment Evidence and Response to Defendants' Motion for Summary Judgment and Brief in Support; and
  4. Plaintiff's Appendix to Response to Defendants' Motion for Summary Judgment and Brief in Support

Having considered the arguments and authorities presented, and the papers on file in the instant action, the Court finds that Defendants' Motion for Summary Judgment should be GRANTED in part and DENIED in part. The Court also finds that Plaintiff's Objections to Defendants' Summary Judgment Evidence are DENIED in part and GRANTED in part.

*BACKGROUND*

Plaintiff Ashley initially brought this lawsuit *pro se* in federal district court alleging violations of Title VII of the Civil Rights Act Ashley is African-American and was employed with Defendant Kmart Corporation for approximately ten years. Ashley maintains that Kmart violated Title VII of the Civil Rights Act when it promoted a less-qualified, non-black person for a vacant position Ashley has also sued Defendant Lauderbaugh, his manager while employed at Kmart, seeking individual liability against him under Title VII. Subsequently, Plaintiff hired an attorney who is presently representing Plaintiff Ashley.

Kmart filed a Motion for Summary Judgment, to which Ashley responded Defendant Kmart did not file a reply In his response, Plaintiff also included Objections to Defendants' Summary Judgment Evidence. Defendant Kmart did not respond to Plaintiff's objections.

*PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE*

1. *The EEOC and TEC Letters*

Plaintiff objects to the January 25, 1996 and April 4, 1995 EEOC letters attached to Defendant's appendix at 010-011 on the grounds that they have not been properly authenticated and constitute hearsay. Plaintiff also objects to the Texas Employment Commission letter, attached to Defendants' appendix at exhibit 014-019, on essentially the same grounds.

Documents created pursuant to duties derived from authority granted by law are admissible under Federal Rule of Evidence 803(8)(c), which provides

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> ... (8) Public records and reports. Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law ...

*2 Fed R Evid. 803(8)(c).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit "3"**

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)
(Cite as: 2000 WL 1478655 (N.D.Tex.))

Page 2

The Fifth Circuit has also held that such reports are admissible as an exception to the hearsay rule. *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5 th Cir1972) ("We agree that the [EEOC] investigative report is admissible as an exception to the hearsay rule under the federal statute"). The Court overrules Plaintiff's objections to the admissibility of the EEOC and TEC letters based on hearsay

The Court also overrules Plaintiff's objection based on authentication Rule 901(a) of the Federal Rules of Evidence requires only some competent evidence in the record to support authentication Conclusive proof of authenticity is not required. There need only be sufficient evidence that the proffered evidence is what it purports to be *United States v. Arce*, 997 F.2d 1123, 1128, *reh'g denied,* 5 F.3d 1493 (5 th Cir.1993) The document may be authenticated through its own distinctive characteristics. *United States v. Smith*, 918 F.2d 1501, 1510 (11 th Cir1990), *cert. denied,* 502 U.S. 849 (1991) In this case, these letters appear to be from the EEOC and the TEC, with their letterhead and conclusions regarding Plaintiff's claim. Plaintiff does not raise specific objections as to why these documents' authenticity should be questioned The Court finds the distinctive characteristics of these documents is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed R Evid 901(a).

2 *Deposition Excerpts*

Plaintiff objects to Defendants' appendix exhibit 020-028, which are excerpts of Plaintiff's deposition from an apparently unrelated case. Plaintiff objects to this evidence as being unauthenticated, hearsay, double hearsay and also objects based on relevance grounds. Although Defendants have failed to authenticate the deposition excerpt through an affidavit or the court reporter's certificate, the Court nevertheless finds it admissible based on Rule 901(a) of the Federal Rules of Evidence, which requires only some competent evidence in the record to support authentication, as discussed above. The Court finds that there is sufficient evidence that the proffered evidence is what it purports to be *Arce*, 997 F.2d at 1128. Moreover, Plaintiff himself admits in his motion that this "deposition concerned separate and distinct issues about Plaintiff's wife in a matter wholly unrelated to Plaintiff's charge of discrimination." See Plaintiff's Objections to Evidence & Response to Defendants' MSJ at 3.

3. *Summary Judgment Argument*

Plaintiff also objects to Defendant's summary judgment facts in that they are represented as material facts without any supporting evidence The Court sustains Plaintiff's objections to the extent that any summary judgment facts are unsupported by evidence and the Court does not rely on any unsupported facts in deciding the issues raised by Defendants' Motion for Summary Judgment.

*DISCUSSION*
I. SUMMARY JUDGMENT STANDARD

*3 Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must identify the evidence on file in the case which establishes the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Once the moving party has made an initial showing, the party opposing the motion must offer evidence sufficient to demonstrate the existence of the required elements of the party's case *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment; the party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in its favor. *Anderson*, 477 U.S. at 256-57. Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)
**(Cite as: 2000 WL 1478655 (N.D.Tex.))**

motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment See *Lujan v. National Wildlife Fed'n,* 497 U S 871, 888 (1990).

All evidence and the inferences to be drawn therefrom "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U S 654, 655 (1962); *Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1123 (5 th Cir.1979). However, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted *Celotex,* 477 U.S. at 322-23.

II. LEGAL STANDARD UNDER TITLE VII

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race...." 42 U.S.C. § 2000e-2(a)(1).

The framework for analyzing employment discrimination claims under Title VII was originally set out by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973) and was elaborated upon in *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993) Under the *McDonnell Douglas/St. Mary's scheme,* Plaintiff must first establish a prima facie case of discrimination. *St. Mary's.* 509 U S at 506. For plaintiff to establish a prima facie case based on failure to promote because of race, plaintiff must demonstrate that: 1) he is a member of a racial minority; 2) he applied and was qualified for an available position; 3) he did not receive the position despite his qualifications; and 4) after his rejection, the position remained open and his employer continued to seek applicants with complainant's qualifications. *McDonnell Douglas,* 411 U S. 792, 802; *LaPterre v. Benson Nissan, Inc.,* 86 F 3d 444, 448 (5 th Cir1996).

*4 If a plaintiff establishes a prima facie case of discrimination, the employer may negate it by articulating a legitimate, nondiscriminatory reason for the action *St. Mary's Honor,* 509 U.S. at 506-07 Once the employer has done so, the burden shifts to the employee to prove that the employer's reason is pretextual *McDonnell Douglas,* 411 U.S. at 804 "A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated" *Reeves v. Sanderson Plumbing Products, Inc,* 120 S.Ct 2097, 2109 (2000).

III. APPLICATION OF THE TITLE VII LEGAL STANDARDS TO THE FACTS

With respect to the claim against Lauderbaugh, Kmart asserts that Title VII does not provide for individual liability against him and that Ashley's claim should be dismissed. Kmart further maintains that Ashley's claim against Kmart for wrongful termination must be dismissed because Kmart was not his employer at the time of dismissal and did not terminate Ashley. Finally, Kmart asserts that legitimate, nondiscriminatory reasons exist for Plaintiff's treatment at Kmart and that Plaintiff cannot provide evidence of pretext for these legitimate reasons

A. *Ashley's claim against Lauderbaugh*

Title VII prohibits an employer from discriminating against an individual based on the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. "Employer" is defined as any "person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." *Id.* at § 2000e(b).

The Fifth Circuit has concluded that "title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.' " *Grant v. Lone Star Co.,* 21 F 3d 649, 653 (5 th Cir.1994). Although it has been argued that the agent clause in the above quoted definition implies that an employer's agent is an employer for liability purposes, case law has held that such an interpretation of Title VII would not comport with Congress' intent in enacting the legislation

Title VII liability attaches to employers with fifteen or more employees. This requirement was enacted so

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)  
**(Cite as: 2000 WL 1478655 (N.D.Tex.))**

Page 4

that small companies with limited resources are protected from liability and the associated costs of litigating discrimination claims. *Id. at 652.* Therefore, civil liability does not run against individual employees, "the smallest of legal entities." *Id.* (internal quotations and citations omitted). A finding of agent liability would lead to results unintended by Congress. *Id.*

Congress' intent in including the word "agent" in the definition of "employer" was to impose respondeat superior liability in a Title VII context. *Indest v. Freeman Decorating, Inc.,* 164 F 3d 258, 262 (5 th Cir.1999). The "agent" language subjects the employer to liability for the employee's actions under agency principles *Patterson v. PHP Healthcare,* 90 F.3d 927, 942 (5 th Cir.1996). It does not provide for individual liability.

*5 Similarly, Ashley may not bring an action both against Kmart and against Lauderbaugh in his official capacity. *Indest,* 164 F 3d at 262. "Plaintiff is not entitled to maintain an action against both a corporation and its agent in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act." *Id.* (internal quotations and citations omitted).

Individuals, who are not employers within the statutory definition, are not liable under Title VII's statutory scheme and Defendants' Motion for Summary Judgment against Defendant Lauderbaugh is therefore GRANTED

B. *Ashley's Termination Claim Against Kmart*

Defendants claim that Plaintiff was employed by Kmart until November 28, 1995, when he became an employee of Penske Automotive Services, which Defendants offer is a separate legal entity from Kmart Corporation. Defendants maintain that Plaintiff was not employed by Kmart, Kmart was not the entity that terminated Plaintiff, and therefore Plaintiff's wrongful termination claim should be dismissed

Defendants' assertion that Penske is a separate legal entity, while perhaps true, is amazingly unsupported by any evidence. Defendants offer no evidence, of any kind, detailing how Penske is a separate legal entity from Kmart, if such is the case. Similarly, Plaintiff offers no evidence showing that Kmart and Penske are the same corporation for liability purposes. The Court is bewildered at such an absolute failure of both parties to provide essential evidence.

The foregoing notwithstanding, the Court is able to reach a decision on different grounds. First, Plaintiff's complaint does not allege a cause of action for wrongful termination. Plaintiff's complaint alleges three causes of action, all of which actually constitute one claim, which is a "failure to promote" claim against Defendant Kmart. They are as follows:

> 1. "First Cause of Action. Discrimination of [sic] the basis of race in violation of Title VII of the Civil Rights act of 1964, as amended. The defendants discriminated against plaintiff on account of his race, and promoting a less-qualified, non-black, non-atheist for the vacant position."
> 2. "Second Cause of Action: Violation of the Equal Employment Discrimination in Employment Act. The defendant discriminated against plaintiff on account of promoting a less-qualified person, younger in seniority, for the vacant position."
> 3. "Third Cause of Action: Violation fo [sic] the Equal Employment act.... Defendants has [sic] violated the Equal Employment Act by installation of less-qualified person, in senority [sic] in performing substantially the same work and left the company in less than 4-months thereafter."

*See* Plaintiff's Complaint for Declaratory, Injunctive and Compensatory Relief at page 2

The only indication anywhere that Plaintiff is complaining against Kmart of wrongful termination is in his answer to the Magistrate Judge's Questionnaire to the Plaintiff. The question presented by the Magistrate Judge is as follows:

> *6 Question No 1: Are you contending that you were employed by defendant Kmart Corporation and that your employment was wrongfully terminated? If so, Answer Yes. I was just terminated at 4-1-96 @ store # 3321 (Penske Auto Center) at Kmart

*See* Magistrate Judge's Questionnaire to the Plaintiff at 2.

Because at the initial filing of the complaint Plaintiff

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)
(Cite as: 2000 WL 1478655 (N.D.Tex.))

Page 5

was proceeding *pro se,* the Court will consider that these answers to the magistrate's interrogatories were an allegation of wrongful termination. Yet, even were this Court to make that assumption, Plaintiff's claim nevertheless fails because Plaintiff did not file a claim with the EEOC against Kmart for wrongful termination The charges brought in the EEOC complaint involve the complaint of: "I was demoted to assistant auto service manager." *See* EEOC Affidavit A signed by Charles Ashley, dated January 21, 1994. Reading this allegation in the EEOC complaint as broadly as possible, this Court cannot find that Plaintiff complained of wrongful termination. Because an EEOC complaint is a prerequisite to bringing suit in federal district court under 42 U.S.C.A § 2000e-5, Defendant's motion for summary judgment on the wrongful termination claim is GRANTED [FN1]

> FN1. Similarly, Plaintiff's assertion in his response that he raised a cause of action for hostile work environment is without merit because Plaintiff never filed a complaint with the EEOC on those grounds.

C. *Plaintiff's Failure to Promote Claims*

Plaintiff's complaint raises allegations against Defendant Kmart for failure to promote. To establish a prima facie case based on failure to promote because of race, plaintiff must demonstrate that: 1) he is a member of a racial minority, 2) he applied and was qualified for an available position; 3) he did not receive the position despite his qualifications; and 4) after his rejection, the position remained open and the employer continued to seek applicants with complainant's qualifications. *McDonnell Douglas,* 411 U.S. 792, 802; *Haynes v. Pennzoil Co.,* 207 F 3d 296, 300 (5 th Cir.2000); *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 448 (5 th Cir1996).

If a plaintiff establishes a prima facie case of discrimination, the employer may negate it by articulating a legitimate, nondiscriminatory reason for the action *St. Mary's Honor,* 509 U.S. at 506-07. Once the employer has done so, the burden shifts to the employee to prove that the employer's reason is pretextual. *McDonnell Douglas,* 411 U S. at 804.

III. APPLICATION OF THE TITLE VII LEGAL STANDARDS TO THE FACTS

Kmart states that, assuming plaintiff did make a *prima facie* case of discrimination by alleging he was treated differently in his employment based on the demotions, Kmart is still entitled to summary judgment because it has rebutted plaintiff's *prima facie* case.

Kmart rebuts Plaintiff's allegations with the following evidence. In Plaintiff's affidavit filed with the EEOC, Plaintiff admitted he was auto service manager at the Grand Prairie, Texas store on June 19, 1985. Plaintiff was off work due to a back injury from May 21, 1993 until November 22, 1993. On May 31, 1993, while Plaintiff was still on sick leave, the Grand Prairie store ceased operations and closed. Plaintiff returned to work on November 22, 1993 at an Arlington store, due to the Grand Prairie store's closure. When Plaintiff returned to work at this Arlington store, he returned at the lower level of assistant auto service manager. However, Plaintiff's salary rate did not change. *See* EEOC Affidavit of Charles E Ashley at 1. Four months after Ashley's return to work, Ashley was offered a management position in Balch Springs. *See* Declaration of Charles Ashley at 4; *see also* EEOC letter dated April 4, 1995. Kmart maintains that Ashley did not receive a store manager position during the four months because there was no availability of a management position based on Ashley's regional location needs *See* EEOC letter dated January 25, 1996. [FN2]

> FN2. "The evidence shows that you were informed at the time of your medical leave of absence, that there were no Automotive Service Managerial positions available in the area Respondent contends that their new location could not operate without an Auto Service Manager for a period of six months You were assigned to the position of Automotive Service Assistant Manager at the new location at the same rate of pay that you earned as an Automotive Service Manager prior to your medical leave of absence. This was a temporary assignment until a managerial position became available in the area."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)
**(Cite as: 2000 WL 1478655 (N.D.Tex.))**

Page 6

EEOC letter dated January 25, 1996.

*7 The foregoing establishes legitimate, nondiscriminatory reasons for Kmart's actions. The burden now shifts to Ashley to prove these reasons are pretextual Plaintiff has sworn in his declaration that indeed there were openings during the four month period for management positions that were given to white men. Moreover, Plaintiff provides evidence that Kmart could have operated the store with him still as a store manager, even while he was on sick leave, which was the reason given him by Lauderbaugh as to why he could not have a management position

> Yet, this did not seem to matter since John Lauderbaugh had me at work at # 7401 (Grand Prairie) while I was still under doctor's care and not released to return to work. John Lauderbaugh instructed me to just oversee the center's operations and complete paperwork. This I did and could have done at # 4773. For the same reason, I could have been installed at one of the other centers that [sic] openings for an auto service manager and even after obtaining a release to return to work

*See* Declaration of Charles Ashley at 4

Plaintiff's declaration is evidence that Kmart's reasons were pretextual and Kmart offers no evidence, of any kind, to refute Plaintiff's declaration. Defendants allege that Plaintiff was not given a position because there was not one available based on Plaintiff's seniority and regional needs. Defendant offers no evidence that a management position was not available based on Plaintiff's seniority level It is a conclusory statement made with no supporting evidence whatsoever. The only evidence Defendants offer of unavailability of positions based on Plaintiff's regional needs are the EEOC letters. Although the Court has allowed these letters in as evidence, they are "in no sense binding on the district court and [are] to be given no more weight than any other testimony .." *Smith v. Universal Services, Inc.,* 454 F.2d at 157. The evidence offered by Defendants, which is sparse at best, is simply not enough to rebut Plaintiff's declaration that indeed management positions were available and were given to white men and that indeed Plaintiff could have continued his duties as store manager of a new store even while on sick leave.

Because all inferences to be drawn from the evidence "must be viewed in the light most favorable to the party opposing the motion," the Court cannot grant Defendants' motion for summary judgment on the failure to promote claim. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962), *Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1123 (5 th Cir1979). Defendants have simply failed to provide the Court with any evidence refuting Plaintiff's evidence of pretext. Defendants' motion for summary judgment on the failure to promote claim is therefore DENIED.

*CONCLUSION*

Upon careful review of the parties' arguments, the summary judgment record and the relevant law, the Court concludes that Kmart's motion for summary judgment is GRANTED in part and DENIED in part and Plaintiff's Objections to Defendants' evidence are GRANTED in part and DENIED in part.

*8 So Ordered.

Not Reported in F.Supp.2d, 2000 WL 1478655 (N.D.Tex.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.