Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2002 WL 449061 (N.D.Ill.)
**(Cite as: 2002 WL 449061 (N.D.Ill.))**

C

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
Lenell MCGEE, Plaintiff,
v.
UNITED PARCEL SERVICE, INC., Defendant.
**No. 01 C 9099.**

March 22, 2002.

*MEMORANDUM OPINION*
KOCORAS, J.

*1 This matter comes before the court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss certain claims in Plaintiff Lenell McGee's ("McGee") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

BACKGROUND

McGee is an African-American male who was hired by UPS in 1985 to work as a package car driver. McGee alleges that, since February 1998, McGee had been qualified for promotion to the position of semi-truck driver. According to McGee, from 1998 through November 1999, UPS promoted non-African-American employees who were less qualified than McGee for the position of semi-truck driver. McGee further alleges that UPS began to closely monitor McGee's work in 1998 and that UPS did not monitor the work of non-minority employees as closely as it monitored McGee's. Additionally, McGee alleges that UPS issued several written warnings to him about work-related problems and that UPS did not issue such warnings to non-minority employees for similar conduct.

On August 7, 1998, McGee filed a charge of discrimination ("the August 1998 charge") with the Illinois Department of Human Rights ("IDHR"). This charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In the August 1998 charge, McGee alleged that from February 1998 through August 1998 UPS: (1) failed to promote him because of his race; (2) failed to promote him in retaliation for his complaints of racial discrimination; (3) gave him written warnings because of his race; (4) gave him written warnings for complaining about racial discrimination; (5) harassed him because of his race; and (6) harassed him in retaliation for complaining about racial discrimination.

Subsequent to the filing of his administrative charge, McGee alleges that one of his managers taught him how to properly record the delivery of certain packages. On November 23, 1999, however, he was fired for allegedly recording packages in an erroneous manner. McGee alleges that UPS knew that he had properly recorded the packages as his manager had taught him in February 1999.

On March 7, 2000, McGee filed another charge of discrimination ("the March 2000 charge") with the IDHR. The March 2000 charge was also cross-filed with the EEOC. In the March 2000 charge, McGee alleged that UPS: (1) harassed him from August 1999 through November 1999 in retaliation for opposing racial discrimination; (2) harassed him from August 1999 through November 1999 because of his race; (3) failed to promote him in November 1999 in retaliation for his opposition to racial discrimination; (4) terminated his employment on November 23, 1999 in retaliation for opposing racial discrimination; and (5) terminated his employment on November 23, 1999 because of his race.

Not long after filing his March 2000 charge, McGee withdrew the following claims from that charge: (1) harassment because of his race from August 1999 through November 1999; (2) failure to promote in November 1999 in retaliation for his opposition to discrimination; and (3) termination of employment in November 1999 because of his race. The IDHR issued a Notice of Administrative Closure with regard to these three claims on April 28, 2000, fifty-two days after McGee filed his charge.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.   **Exhibit "4"**

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2002 WL 449061 (N.D.Ill.)
**(Cite as: 2002 WL 449061 (N.D.Ill.))**

*2 The EEOC issued McGee a Right to Sue letter on August 27, 2001 based on his August 1998 charge. McGee filed a complaint in this court on November 27, 2001. He brings claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Count I states his race discrimination claims and Count II states his retaliation claims. Both claims involve allegations based on his withdrawn claims. UPS now moves to dismiss the portions of McGee's complaint that stem from his withdrawn claims.

LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, the court must construe the allegations in the complaint in the light most favorable to the plaintiff and we accept the allegations in the complaint as true. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). *See also Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). A court should not dismiss the allegations of a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993). Further, the court may take judicial notice of matters of public record, including records of administrative bodies such as the IDHR. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994); *Morris v. Albertson, Inc.*, 2001 U.S. Dist. LEXIS 12406 (N.D.Ill.2001); *Hamilton v. Summers*, 95 F.Supp.2d 908, 911 (N.D.Ill.2000). With these principles in mind, the court turns to the instant motion.

DISCUSSION

UPS argues that McGee's retaliation claims and race discrimination claims should be dismissed insofar as they are based on the claims McGee withdrew from his March 2000 charge. According to UPS, McGee did not exhaust his administrative remedies as to those claims because he withdrew them from the IDHR's consideration less than sixty days from the date of his March 2000 charge.

A plaintiff must exhaust the administrative remedies available to him before filing suit under Title VII. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir.2000). Title VII requires that state agencies be given an initial deferral period of at least sixty days to investigate a charge of discrimination. *Riley v. American Family Mutual Ins.*, 881 F.2d 368, 370 (7th Cir.1989); 42 U.S.C. § 2000e-5(c). A plaintiff fails to exhaust his administrative remedies if he withdraws his claims from the IDHR's consideration before the sixty day deferral period ends because he has not given the IDHR ample time to investigate his claims. *Zugay*, 180 F.3d at 902-03. Additionally, courts consider such withdrawal an abandonment of one's claim. *See Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir.1993); *Parks v. Univ. of Chicago Hospitals*, 896 F.Supp. 775, 780-81 (N.D.Ill.1995) (citing *Rivera v. United States Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir.1987)); *Johnson v. Jewel Food Stores, Inc.*, 2000 U.S. Dist. LEXIS 11469, at *6-7 (N.D. Ill. June 27, 2000). Here, McGee withdrew the claims at issue fifty-two days after his March 7, 2000 charge. Having withdrawn these claims less than sixty days after the date of his March 2000 charge, McGee failed to exhaust his administrative remedies with regard to his withdrawn claims.

*3 McGee attempts to persuade us otherwise by arguing that the date upon which the sixty-day period begins is not the March 7, 2000 date upon which his second charge was perfected. Rather, he argues that the sixty day period begins on the date he *filed* his second charge--February 7, 2000. Since McGee withdrew his claims more than sixty days after the date he

Not Reported in F.Supp.2d                                                                                                         Page 3
Not Reported in F.Supp.2d, 2002 WL 449061 (N.D.Ill.)
**(Cite as: 2002 WL 449061 (N.D.Ill.))**

filed his charge, he argues he exhausted his administrative remedies. We are not persuaded by McGee's argument. First, McGee cites no supporting case law for the proposition that the sixty day period begins with the date on which a charge is filed as opposed to when it is perfected. Additionally, the purpose of the sixty-day deferral period afforded the IDHR is so that the IDHR may have an opportunity to investigate the merits of McGee's claim. *Zugay,* 180 F.3d at 902-03; *Riley v. American Family Mutual Ins.,* 881 F.2d 368, 370 (7th Cir.1989); 42 U.S.C. § 2000e-5(c). The IDHR's investigation does not commence until the claimant's charge is perfected. *Villalobos v. 'FDI Foods, Inc.,* 298 Ill.App.3d 132, 143 (Ill.App.Ct.1998); *In re Meder and PFS Investments, Inc.,* 1999 WL 33252991 (Ill. Hum. Rights Comm'n 1999); *In re Eash and Header Die and Tool, Inc.,* 1996 WL 209549 (Ill. Hum. Rights Comm'n 1996); *In re Davis and J.P. Moran Futures, Inc.,* 1996 WL 207764 (Ill. Human Rights Comm'n 1996). Thus, the relevant date for this analysis is the date on which McGee's charge was perfected. McGee withdrew the three claims at issue less than sixty days from that date. As such, he has not exhausted his administrative remedies with regard to those withdrawn claims.

Our analysis, however, does not end with our finding that McGee has not exhausted his administrative remedies as to the three claims he withdrew from the IDHR's consideration. Title VII provides an exception to its exhaustion of administrative remedies provision. A plaintiff may bring claims that were not included in the charge of discrimination he filed with the administrative agency if the claims are reasonably related to the allegations of the charge and grow out of those allegations. *Cheek v. Western & Southern Life Ins., Co.,* 31 F.3d 497, 500 (7th Cir.1994). For claims in a plaintiff's complaint to be reasonably related to the allegations in the charge, there must be a factual relationship between them. *Cheek,* 31 F.3d at 500. The IDHR charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Id.* at 501. In addition, courts consider the time gap between the time the charge was filed and the conduct of the claims. *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1312 (7th Cir.1989); *Tuohey v. Chicago Park District,* 1997 WL 12791 (N.D.Ill.1997); *Carnes v. MCI Telecommunications Corp.,* 1997 WL 767013 (N.D.Ill.1997).

UPS argues that all three of McGee's withdrawn claims are not reasonably related to his August 1998 or his March 2000 charge and, therefore, must be dismissed. We agree with UPS as to two of McGee's withdrawn claims: (1) his claim that he was fired on November 23, 1999 because of his race and (2) his claim that he was harassed from August 1999 to November 1999 because of his race. These two race discrimination claims are based on conduct that occurred over at least one year after McGee's August 1998 charge. Additionally, these claims involve separate employment acts than the acts at issue in the August 1998 charge. *Sauzek v. Exxon Coal USA, Inc.,* 202 F.3d 913, 920 (7th Cir.2000). That both these withdrawn claims and the claims in McGee's August 1998 charge allege race discrimination does not make them reasonably related. *Vela v. Village of Sauk Village,* 218 F.3d 661, 664 (7th Cir.2000); *Cheek,* 31 F.3d at 500. Nor does the fact that McGee alleges in his March 2000 charge that he was discharged and harassed in retaliation for complaining about race discrimination at UPS save these race discrimination claims from dismissal; retaliation and discrimination are "unrelated as a matter of law" and an administrative charge for one generally cannot support a civil suit for the other. *O'Rourke v. Continental Cas. Co.,* 983 F.2d 94, 97 (7th Cir.1993); see *Lamas v. Freeman Decorating Co.,* 37 F.Supp.2d 1105, 1106 (N.D.Ill.1999).

*4 While McGee's withdrawn race discrimination claims are not reasonably related to the claims in his August 1998 charge or his March 2000 charge, the same cannot be said of his claim alleging that UPS failed to promote him in retaliation for his complaining about race discrimination at UPS. Reading McGee's allegations in a light most favorable to him, as we must for the purposes of this motion, McGee has alleged that UPS failed to promote him in retaliation for filing his August 1998 charge of discrimination. A Title VII plaintiff can include in his complaint allegations of retaliation for the filing of a charge of discrimination; such claims are reasonably related to the allegations in the charge. *Malhotra,* 885 F.2d 1305, 1312 (7th Cir.1989); *R.G.H. v. Abbott Labs.,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 449061 (N.D.Ill.)
(Cite as: 2002 WL 449061 (N.D.Ill.))

Page 4

1995 WL 68830 (N.D.Ill. Feb. 16, 1995); *Welch v. Cook Cnty. Clerk's Office*, 36 F.Supp.2d 1033 (N.D.Ill.1999); *Maclin v. Northern Telecom, Inc.*, 1996 WL 495558, at *5-6 (N.D. Ill. Aug. 28, 1996). Given the temporal proximity between the August 1998 charge and the November 1999 promotion, McGee may not, without additional evidence, be able to establish the requisite causal link between the filing of his August 1998 charge and UPS's failure to promote him. *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir.1992) (stating "the temporal proximity of [the plaintiff's] filing and the [adverse action], standing by itself, does not sufficiently raise the inference that [the plaintiff's] filing was the reason for the adverse action"); *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1010 (7th Cir.2000) (holding one year too long an interval to raise on inference of discrimination); *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir.1998) (eight month interval too long); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir.1998) (five months too long). This, however, is a question for another time. At this stage of the litigation, McGee has sufficiently alleged that UPS failed to promote him in November 1999 in retaliation for his filing a charge of discrimination.

Accordingly, McGee may proceed with the allegation in his complaint that UPS failed to promote him in retaliation for his filing a charge of discrimination in August 1998. He may not, however, proceed with his allegations that UPS discriminated against him because UPS harassed him from August 1999-November 1999 because of his race and terminated him in November of 1999 because of his race.

CONCLUSION

For the foregoing reasons, UPS's motion to dismiss is granted in part and denied in part.

Not Reported in F.Supp.2d, 2002 WL 449061 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 2002 WL 32601904 (Trial Pleading) Answer and Affirmative Defenses to Complaint (Apr. 3, 2002)

• 2002 WL 32601887 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Feb. 26, 2002)

• 2002 WL 32601883 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendant's Motion to Dismiss (Feb. 19, 2002)

• 2002 WL 32601880 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendant's Motion to Dismiss Count I and Promotion Claim in Complaint (Jan. 28, 2002)

• 1:01CV09099 (Docket) (Nov. 27, 2001)

• 2001 WL 34617820 (Trial Pleading) Complaint (2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.