**E-FILED**
Tuesday, 17 October, 2006  09:28:36 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 05-2132 |
| | ) | |
| FRANCES G. CARROLL, KENNETH D. | ) | |
| SCHMIDT, DAVID V. DORRIS, DEVON | ) | |
| C. BRUCE, NIRANJAN S. SHAH, ROBERT | ) | |
| Y. SPERLING, LAWRENCE C. EPPLEY, | ) | |
| MARJORIE E. SODEMANN, & ROBERT | ) | |
| F. VICKREY, in their individual capacity, | ) | |
| as members of the Board of Trustees of the | ) | |
| University of Illinois and VAN ALLEN ANDERSON, | ) | |
| individually, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant's motion raises only the issue of whether plaintiff timely filed his pro

se complaint within 90 days of actual receipt of the right to sue letter from EEOC.

Defendant's argument is premised not on evidence that plaintiff received the right to sue

letter but on evidence that his former attorney Catherine Barbercheck received the right

to sue letter by certified mail on March 3, 2005.  Suit was filed on June 3, 2005.  Plaintiff

will present the argument that Barbercheck was never authorized to or did enter her

appearance in the EEOC proceedings, hence, she was not an attorney authorized to accept

notice on plaintiff's behalf.  Alternatively, Barbercheck did not advise Bant either orally

or in writing of her receipt of the right to sue letter within 7 days of March 3, 2005.

Finally, there is evidence in the record that Bant himself received the right to sue letter; the issue of when he received it should be resolved at trial because 42 USC § 2000e-5(f)(1) does not contemplate receipt of the letter by claimant/Plaintiff's counsel.

## APPLICABLE CASE LAW

In determining whether any genuine issue of material fact exists, the court must construe all facts in a light most favorable to the non-moving party. See **Anderson v. Liberty Lobby, Inc.**, 477 US 242 255 (1986). The seventh circuit applies the summary judgment standard with special scrutiny to employment discrimination cases, which often turn on the issues of intent and credibility. See **Bellaver v. QuanezCorp.**, 200 F.3d 485, 491 (7th Cir. 2000); **Geier v. Medtronic, Inc.**, 99 F.3d 238, 240 (7th Cir. 1996); **Venturelli v. ARC Cmty. Servs., Inc.**, 350 F.3d 592, 599 (7th Cir. 2003).

Under Title 7 it is unlawful for an employer to discriminate against an employee because of race, color, religion, sex, or national origin. 42 USC § 2000e-2(a)(1). A plaintiff may prove intentional employment discrimination under Title 7 by using either the direct or indirect method. **Cianci v. Pettibone Corp.**, 152 F.3d 723, 727-728 (7th Cir. 1998). The direct method of proof permits a plaintiff to show, by way of direct or circumstantial evidence, that his employer's decision to take an adverse job action against him was motivated by an impermissible purpose. Id. @ 727. Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance or interference or presumption. **Rogers v. City of Chicago**, 320 F.3d 748, 753 (7th Cir. 2003) and **Plair v. E.J. Brach & Sons, Inc.**, 105 F.3d 343, 347 (7th Cir. 1997). A plaintiff can also prevail under the direct method of proof by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer

intentional discrimination by the decision maker.  **Troupe v. May Department Stores**, 20 F.3d 734, 737 (7th Cir. 1994).  A plaintiff can prove his discrimination claim with the indirect method of proof by employing the burden-shifting method originally established in **McDonnell Douglas v. Green**, 411 US 792 (1973).  Under this method, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  Id. @ 802.

The burden then shifts to the employer to articulate some legitimate, non-discriminatory reason for the employee's termination, after which the employee must be afforded a fair opportunity to show that employer's stated reason for the plaintiff's termination was pretext.  Id.  @ 802-5.

Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences in the facts are jury functions, not those of a judge, whether the court is ruling on a motion for summary judgment or for a directed verdict.  See **Freeman v. Madison Metro. School District**, 231 F.3d 374, 379 (7th Cir. 2000, citation omitted).  The seventh circuit has stated that "Courts should be careful in a discrimination case as in any case not to grant summary judgment if there is an issue of material fact that is genuinely contestable, which an issue of intent often though not always will be." **Wallace v. SMC Pneumatics, Inc.**, 103 F.3d 1394, 1396 (7th Cir. 1997).

**Federal Rule of Civil Procedure 8(c)** addresses the need to plead affirmative defenses.  **Rule 8(c)** lists several affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. **Rule 8(c)**'s list is not exhaustive.  See **Fed. Civ. P. 8(c)** (a party must plead "any other

matter constituting an avoidance or affirmative defense"); **Native Am. Arts Inc. v. Waldron Corp.,** 253 F. Supp 2d 1041, 1045 (N.D. Ill. 2003).  By their nature, affirmative defenses require the defendants to bear the burden of proof on those particular issues.  Id. Another way to look at it is that affirmative defenses are reasons why defendants are not liable even if they admit the facts alleged in the complaint.  Id. Defendants bear the burden of proof on their affirmative defenses. Id.

## ARGUMENT

### PLAINTIFF BANT RECEIVED ACTUAL NOTICE OF THE RIGHT TO SUE LETTER

The 7th Circuit has held that the 90 days begins to run upon the Plaintiff's actual receipt of the right to sue notice rather than the date on the notice.  See 42 USC § 2000e-5(f)(1);**Houston v. Sidley & Austin,** 185 F.3d 837, 838 (7th Cir. 1999).  The applicable statute, 42 USC § 2000e-5(f)(1) requires EEOC if it dismisses the charge of discrimination to inform the claimant that a civil action may be brought against the employer within 90 days of  the receipt of the letter.  Here, Defendants in their affirmative defense make no argument that claimant Bant actually received the right to sue letter by certified mail; rather, defendant relies on receipt of the right to sue letter by certified mail of his former counsel, Catherine Barbercheck. [1]  As noted, Plaintiff's pro se complaint filed June 3rd, 2005 alleged that the right to sue letter was received by Plaintiff on or about March 3rd, 2005.  In his deposition, Plaintiff cannot specify the actual date as to how or when he received the right to sue letter.  Of course, the case presents upon Defendant's affirmative defense that bases its argument that the right to

---

[1] Procedurally, it is normally held that if the parties dispute when the claimant/Plaintiff first received actual notice of the right to sue letter then an evidentiary hearing must be held.  Coleman v. Advanced Transportation Company and William Close 1993 U.S. Dist. Lexis 11317, 11320 (N.D. Ill. 1993) citing Jones v. Madison Service Corp.  744 Fed 2nd 1309, 1312 (7th Cir. 1994)).

sue letter was received only by Catherine Barbercheck by certified mail.  Thus, the

Plaintiff has fulfilled his obligations that the complaint must assert affirmatively that he

received the right to sue letter.  See **Gibson v. Kroger Co.** 506 F.2d 647, 652-53 (7th Cir.

1974).  It is the defendant's obligation to now show why the alleged receipt by Plaintiff's

former attorney Catherine Barbercheck should attach to Plaintiff and bar Plaintiff's case.

It is noteworthy that the first inquiry is whether it was the claimant or the attorney

that received the right to sue letter.  **In Pitts v. State Farm Mutual Auto Insurance**

**Company,** 1984 U.S. Dist Lexis 24265 (E.D. Ill. 1984) the court held that reliance on

when the plaintiff's attorney received the 90 day right to sue letter was untenable because

42 USC § 2000e-5(f)(1) speaks of notification to the "person aggrieved" as to the starting

point of the 90 day period and nowhere mentions receipt of the right to sue letter by the

Plaintiff's attorney.  The court went on to note that the constructive receipt cases relying

upon receipt of claimant's counsel were only to be considered when there was no

evidence that the plaintiff had actually received the right to sue letter.  In this instance,

there is evidence that the plaintiff received the right to sue letter, however, the Plaintiff

does not know the actual date or manner of receipt of the same.  Plaintiff's affidavit

attached to this response establishes that he did not receive the right to sue letter within 7

days of March 3rd, 2003.  His affidavit, deposition, and complaint filing do establish that

he received the right to sue letter himself on or about March 3rd, 2005.  Thus, the court

has no reason to make inquires as to when plaintiff's counsel received the right to sue

letter.  This issue is best left to the trier of fact at trial.

**BARBERCHECK WAS NEVER COUNSEL OF RECORD FOR BANT IN THE**
**EEOC PROCEEDINGS**

Defendant's own documents make it clear that Catherine Barbercheck never entered her appearance on Bant's behalf in proceedings before the Equal Employment Opportunity Commission. Defendant's exhibit A2 is the sole basis for Defendant's constructive receipt claim. That exhibit establishes that an entry of appearance was filed by Catherine Barbercheck and the Law Offices of Lawrence E. Johnson and Associates, P.C. under date of December 3rd, 2003 with the State of Illinois, Department of Human Rights. Nowhere in Defendant's exhibits has Barbercheck or the Law Offices of Lawrence E. Johnson and Associates filed their entry of appearance with the Equal Employment Opportunity Commission. Nowhere does the entry of appearance specify Bant's EEOC case number 21BA302456 as the basis for the entry of appearance. Defendants, without any citation of authority as to an applicable case, now attempt to piggyback onto the entry of appearance before the Illinois Department of Human Rights as a basis to claim that Barbercheck was attorney of record for Bant in the EEOC proceedings.

In Illinois, the word "appearance" for jurisdictional purposes means more than physical presence. **In re: A.M.** 128 Ill. App. 3rd 100, 83 Ill. Dec. 403, 470 N.E. 2nd 58 (1984). The Illinois Supreme Court has characterized an appearance by counsel as making a motion, filing a pleading, entering an express appearance or otherwise recognizing the power of the court to act. See **Lord v. Hubert** 12 Ill 2nd 83, 145 N.E. 2nd 77 (1977). Here, Barbercheck took none of these actions nor did Bant authorize her to. It remains to be seen why EEOC sent Barbercheck the right to sue letter. [2]

---

[2] Defendants do not attempt in their motion to explain why EEOC sent the letter to Barbercheck. Presumably, EEOC received the entire file from IDHR and found the entry of appearance. This is mere speculation, as there is simply no evidence in the record as to how or why the notification to Barbercheck occurred.

The basis for Plaintiff's Title 7 claim is now being attacked for not filing suit within 90 days of the right to sue letter. The record is devoid of any case law or evidentiary material that Catherine Barbercheck or any other attorney entered her appearance on behalf of Bant in the EEOC proceedings, yet the defendants used Barbercheck's appearance in the IDHR proceedings as the sole basis for its claim. Neither case law nor the evidentiary material support this argument and the same should be denied.

**EQUITABLE TOLLING PREVENTS DEFENDANT'S CLAIM THAT PLAINTIFF'S PRO SE COMPLAINT SHOULD BE TIME BARRED**

The 90 day period for filing suit from a right to sue letter is essentially a statute of limitations, and, like a statute of limitations, it can be waived or modified through equitable tolling. See **Zipes v. Trans World Airlines, Inc.** 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1981) and **Luckett v. Rent-a-Center, Inc.** 53 F.3d 871, 873 (7th Cir. 1995). Equitable tolling applies when a Plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint. See **Ashafa v. City of Chicago** F.3d 459, 463 (7th Cir. 1998) (internal quotations and citation omitted). Equitable tolling can also be premised on a Plaintiff's excusable neglect. See, **E.G., Hamilton v. Komatsu Dresser Industries, Inc**. 964 Fed. 2d 600, 605, (7th Cir. 1992).

The defendant has noted that plaintiff prepared a document indicating that he filed suit on February June 3rd to meet the 90 day deadline (Defendant's statement of undisputed fact 23). Plaintiff also testified that he did not have any recollection as to when he received his own right to sue letter (Defendant's Statement of Undisputed

Material Facts 21). Plaintiff does now state under oath that he does not recall any oral or written communication from his former attorney, Catherine Barbercheck or the Law Offices of Lawrence E. Johnson and Associates for the seven-day timeframe after March 3rd, 2005- the date on which Defendant claims Barbercheck received the certified mailing (Paragraphs 4 & 5, Bant Affidavit). Bant's Affidavit also makes it clear that at no time did he request or consent to have either Barbercheck or the Law Offices of Lawrence E. Johnson and Associates enter their appearance on his behalf in the EEOC proceeding relating to his charge of discrimination against the University of Illinois or to act in any capacity as his attorney pertaining to administrative action conducted by EEOC (Paragraph 3, Bant Affidavit). Under these circumstances, the court must consider whether it is fair to subscribe to Bant the receipt by Barbercheck of the right to sue letter. Defendant makes no pretense or argument, nor do the affidavits suggest to the court as to why EEOC did not send by alternative method the right to sue letter to the actual Plaintiff. The evidence does suggest without any countervailing dispute, that Bant was not advised of the receipt of the right to sue letter for at least seven days after March 3rd, 2005 and that EEOC apparently made no attempt to notify Bant either orally or in writing as to the existence of the right to sue letter other than by attempting to send the same to his former attorney- an attorney who had not entered her appearance before EEOC. While reasonable minds may understand why the defendant now attempts to grasp on to this last ditch argument, the Plaintiff should not be bound by the mistaken sending by EEOC of a right to sue letter to his former counsel. It should be the decision of this court that equitable tolling applies not only because the issue was presented upon the affirmative defense of the Defendant, (late filed) but also upon the premise that EEOC

had some right or opportunity to send the right to sue letter to a counsel who had not

entered her appearance before it.  Any interpretation of 42 USC § 2000e-5(f)(1) leads to

the conclusion that EEOC wholly failed in its duty to notify Plaintiff of his right to sue

under Title 7.  The failure of EEOC to perform its administrative task should not allow

the defendants to terminate Plaintiff's complaint, and it is precisely for this reason that

equitable tolling should be applied to Defendant's argument.

## CONCLUSION

EEOC did not follow its mandate of notifying Plaintiff Bant of his right to sue

letter.  Defendant's argument based upon a late filed affirmative defense asks the court to

attach the receipt by Plaintiff's former attorney of a right to sue letter which was not

orally or in writing given to Plaintiff for at least seven days should constitute a prima

facie situation of equitable tolling.  For these reasons, and others implicit therein, motion

for summary judgment should be denied.


Respectfully submitted,
GEOFFREY W. BANT, Plaintiff,


By: s/Nile J. Williamson
NILE J. WILLIAMSON, His Attorney



NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2006, I electronically filed the foregoing

Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment

with the Clerk of the U.S. District Court by using the CM/ECF system which will send

notification of such filing to the following:

Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker, & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL  61803-0129


                                   s/Nile J. Williamson
                                   NILE J. WILLIAMSON
                                   ATTORNEY AT LAW
                                   1926 ASSOCIATED BANK PLAZA
                                   PEORIA, ILLINOIS 61602-1104
                                   TELEPHONE: (309) 677-5950
                                   FAX: (309) 677-5952
                                   E-MAIL: nilew@aol.com

11