IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GEOFFREY W. BANT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 05-2132 |
| | ) | |
| FRANCES G. CARROLL, KENNETH D. | ) | |
| SCHMIDT, DAVID V. DORRIS, DEVON | ) | |
| C. BRUCE, NIRANJAN S. SHAH, ROBERT | ) | |
| Y. SPERLING, LAWRENCE C. EPPLEY, | ) | |
| MARJORIE E. SODEMANN, & ROBERT | ) | |
| F. VICKREY, in their individual capacity, | ) | |
| as members of the Board of Trustees of the | ) | |
| University of Illinois and VAN ALLEN ANDERSON, | ) | |
| individually, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On June 13, 2003, Plaintiff filed a "Charge of Discriminaton" ("charge") against the University of Illinois ("University") in the Illinois Department of Human Rights ("IDHR"). Plaintiff's charge was signed, subscribed and sworn to by Plaintiff before Catherine Barbercheck. Plaintiff's charge was assigned Charge No. 2003SA3673.

   **Admit**.

2. Plaintiff's charge was dually filed in the Federal Equal Employment Opportunity Commission ("EEOC") and was assigned Charge No. 21BA32451.

   **Admit**.

3. In his charge, Plaintiff swore under penalty of perjury that he would advise IDHR and the EEOC if he changes his address or telephone number and would fully cooperate with them in processing his charge in accordance with their procedures.

**Admit**.

4. On December 31, 2003, Lawrence E. Johnson & Associates, P.C., by one of its attorneys, Catherine Barbercheck, notified the IDHR that it represented Plaintiff.

**Admit**.

5. On May 17, 2004, the IDHR entered an Order of Closure, approving Plaintiff's request to withdraw his charge and closing Plaintiff's charge.

**Admit**.

7. On February 28, 2005, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter.

**Admit**.

9. The "Affidavit of Service" for the Order of Closure for Plaintiff's IDHR charge was addressed to Plaintiff's attorney, Catherine Barbercheck, and the University.

**Admit**.

11. The certified mail service is a numbered service that requires signature from the recipient or the recipient's agent before delivery can be completed.

**Admit**.

12. The certified mail service also maintains a proof of delivery record, (copy of the recipient's signature) that is kept at the Post Office.

**Admit**.

15. On March 3 2005 at 10:43 p.m., Catherine Barbercheck signed a proof of delivery record and took delivery of Plaintiff's right to sue letter. The address of the recipient was P.O. Box 1127.

**Admit**.

16. On June 3, 205, Plaintiff filed pro se a Complaint against the Board of Trustees.

**Admit**.

17. Plaintiff's pro se Complaint was signed and confirmed by the Plaintiff.

**Admit**.

18. In Plaintiff's pro se Complaint Plaintiff stated that "on or about March 3, 2005, Plaintiff received his notice of right to sue."

**Admit**.

19. Plaintiff was in town March 2005.

**Admit**.

20. Plaintiff received his right to sue letter.

**Admit**.

21. Plaintiff testified that he does not have any recollection as to when he received his right to sue letter.

**Admit**.

23. In plaintiff's own prepared document dated June 10, 2005, plaintiff stated, "I filed suit in Federal Court in Urbana, 'pro se' on Friday, June 3, to meet the 90 day deadline."

**Admit**.

24. Plaintiff testified that at the time he received his right to sue letter, he was dealing with an attorney different than his current counsel (Nile Williamson).

**Admit**.

25. In Plaintiff's own prepared correspondence dated June 10, 2005, Plaintiff stated "I have been working with an attorney, Catherine Barbercheck in Champaign."

**Admit**.

### FACTS WHICH ARE DENIED

10. The EEOC sent Plaintiff's right to sue letter by certified mail through the U.S. Postal Service to Plaintiff's attorney.

**Denied, Barbercheck was not plaintiff's EEOC counsel (Bant Affidavit, paragraphs 3-5).**

14. On March 3, 2005 at 6:49 a.m., the U.S. Postal Service notified Plaintiff's attorney at an item of certified mail was available for delivery at the Post Office. The item of certified mail was Plaintiff's right to sue letter.

**Denied, Barbercheck was not Plaintiff's EEOC counsel (Bant Affidavit, paragraphs 3-5).**

26. On March 3, 2005, Plaintiff was represented by Lawrence E. Johnson & Associates, P.C. and Catherine Barbercheck, one of its attorneys. See Plaintiff's June 13, 2003 charge which was signed, subscribed and sworn to by Plaintiff before Catherine Barbercheck.; Lawrence E. Johnson & Associates, P.C.'s December 31, 2003 "Entry of Appearance" in the IDHR by one of its attorneys, Catherine Barbercheck; Affidavit of Service for the Order of Closure from the IDHR addressed to Catherine Barbercheck; Catherine Barbercheck's signature on the proof of delivery of Plaintiff's right to sue letter; see Plaintiff's testimony that he received his right to sue letter and that at the time he received it, he was dealing with an attorney different than his current counsel (Nile Williamson); and in plaintiff's own prepared correspondence dated June 10, 2005,

Plaintiff stated. "I have been working with an attorney, Catherine Barbercheck in Champaign."

**Denied, Barbercheck was not Plaintiff's EEOC counsel (Bant Affidavit, paragraphs 3-5).**

### FACTS WHICH ARE DEEMED IRRELEVANT

6.    On June 23, 2004, the EEOC advised the University that it had assumed responsibility for investigating the matter.

**Irrelevant, it is only Plaintiff's notification that is the subject of the motion.**

8.    In sending out Dismissal and Notice of Rights letters, commonly referred to as right to sue letters, the EEOC procedure is to send the Dismissal and Notice of Rights letter to the Complainant at the address that is reflected in the Order of Closure which the EEOC receives from the IDHR, unless the EEOC has been notified by the Complainant of a change of address.

**Irrelevant, defendant has only raised the issue of constructive notification of Plaintiff's former counsel.**

13.    On March 3, 2005, the University received Plaintiff's right to sue letter.

**Irrelevant, the Defendant only raises the issue of Plaintiff's notification of the right to sue letter.**

22.    In correspondence prepared by the Plaintiff and dated June 10, 2005, Plaintiff stated, "I received my dismissal and notice of rights in February, 2005."

**Irrelevant, Defendant's motion only raises the issue of Plaintiff's notification in March, 2005.**

### ADDITIONAL FACTS RELEVANT TO THE MOTION

1. That Geoffrey Bant did not request or consent to Catherine Barbercheck or Lawrence E. Johnson & Associates, P.C. to enter their appearance on his behalf with EEOC as to any charge of discrimination against the University of Illinois. **(Bant Affidavit, paragraph 3)**

2. That Geoffrey Bant did not authorize Catherine Barbercheck or Lawrence E. Johnson & Associates, P.C. to act in any capacity pertaining to administrative action conducted by EEOC. **(Bant Affidavit, paragraph 3)**

3. That Geoffrey Bant does not recall any oral communication from Catherine Barbercheck or Lawrence E. Johnson & Associates, P.C. for the seven day time frame from March 3, 2005. **(Bant Affidavit, paragraph 5)**

4. That after searching his records, Geoffrey Bant did not find any written communication regarding his case against the University of Illinois from Catherine Barbercheck or Lawrence E. Johnson & Associates, P.C. for the seven day time frame from March 3, 2005. **(Bant Affidavit, paragraph 6)**

                    GEOFFREY W. BANT, Plaintiff,

            By: s/Nile J. Williamson
                NILE J. WILLIAMSON, His Attorney

NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2006, I electronically filed the foregoing Plaintiff's Response to Statement of Undisputed Material Facts with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker, & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL  61803-0129

                                                               s/Nile J. Williamson
                                                               NILE J. WILLIAMSON
                                                               ATTORNEY AT LAW
                                                               1926 ASSOCIATED BANK PLAZA
                                                               PEORIA, ILLINOIS 61602-1104
                                                               TELEPHONE: (309) 677-5950
                                                               FAX: (309) 677-5952
                                                               E-MAIL: nilew@aol.com