05442-P7148
KEF/dkl
G:\48\P7148\P7148PSJ 006

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEOFFREY W. BANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 05-2132 |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED
MATERIAL FACTS AND PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, by its attorneys, Edward M. Wagner and Keith B. Hill of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and CDIL-LR 7.1(D)(3), respectfully submits its Reply to (1) Plaintiff's Response to Statement of Undisputed Material Fact (#80) and, (2) Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (#79).

**I.    UNDISPUTED MATERIAL FACTS IN DEFENDANT'S UMF**

Plaintiff concedes that the facts put forth in Defendant's AMF ¶¶ 1-5, 7, 9, 11, 12, 15-21, and 23-25 are material and undisputed.

**II.   REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S UMF**

6.    Plaintiff does not dispute this fact. The fact *is* material because it establishes when the EEOC assumed sole responsibility for Plaintiff's charge. This Court should deem this fact material and undisputed.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1

8.   Plaintiff does not dispute this fact. The fact *is* material because it explains why the EEOC sent Plaintiff's right-to-sue letter to Catherine Barbercheck ("Babercheck"). Plaintiff strenuously argues in his brief that this material fact is missing.[1] However, when faced with this fact, he says it is irrelevant. This inconsistent position cannot be accepted. The Equal Employment Opportunity Commission ("EEOC") sent Plaintiff's right-to-sue letter to Barbercheck because its undisputed procedure is to send the right-to-sue letter to the Complainant at the address that is reflected on the Order of Closure received from the Illinois Department of Human Rights ("IDHR"), unless it has been notified by the Complainant of a change of address. (UMF ¶8). In this case, it is an undisputed material fact that the IDHR's Order of Closure indicated that Plaintiff was represented by Barbercheck and Barbercheck's address is the address listed on the Order of Closure. (UMF ¶9). Therefore, the EEOC sent Plaintiff's right-to-sue letter, as is its undisputed procedure, to Barbercheck. (UMF ¶¶5, 8, 9, 10). This is now absolutely undisputed. If Plaintiff had any evidence to dispute this fact, he should have presented it in his brief. Indeed, this Court granted Plaintiff leave to depose an EEOC representative but he chose not to. Additionally, Plaintiff incorrectly states that "[D]efendant has only raised the issue of constructive notification of Plaintiff's former counsel." To the contrary, Defendant argues in its motion that "[t]he undisputed material facts establish that Plaintiff had *actual* or constructive notice of his right-to-sue letter on March 3, 2005, and that he filed suit 92-days later on June 3, 2005." This Court should deem this fact material and undisputed.

---

[1] Plaintiff asserts that Defendant does not attempt to explain why the EEOC sent the right-to-sue letter to Barbercheck. This is simply not true. The second sentence of the last paragraph of page 12 begins as follows, "The EEOC sent Plaintiff's right-to-sue letter to Barbercheck *because* ...." (emphasis added).

2

10.     Plaintiff denies that Barbercheck was his "EEOC counsel." Plaintiff does *not* deny that Barbercheck was his attorney. Plaintiff misconstrues the fact as stated. Plaintiff erroneously attempts to create two separate and distinct proceedings and then responds to the illusory situation he creates. Plaintiff also does *not* deny that the EEOC sent his right-to-sue letter by certified mail through the U.S. Postal Service to Barbercheck. This Court should deem this fact material and undisputed.

13.     Plaintiff does not dispute this fact. The fact *is* material because it corroborates the material undisputed fact that Barbercheck received Plaintiff's right-to-sue letter on March 3, 2005. It is reasonable and material to conclude that the EEOC mailed the right-to-sue letter it sent to the University and the right-to-sue letter it sent to Barbercheck on the same day, and that the letters would be received on the same day as they were both sent to Champaign addressees. Additionally, Plaintiff again incorrectly states that "[D]efendant has only raised the issue of constructive notification of Plaintiff's former counsel." To the contrary, Defendant argues in its motion that "[t]he undisputed material facts establish that Plaintiff had *actual* or constructive notice of his right-to-sue letter on March 3, 2005, and that he filed suit 92-days later on June 3, 2005." This Court should deem this fact material and undisputed.

14.     Plaintiff denies that Barbercheck was his "EEOC counsel." Plaintiff does *not* deny that Barbercheck was his attorney. Plaintiff again misconstrues the fact as stated. Plaintiff erroneously attempts to create two separate and distinct proceedings and then responds to the illusory situation he creates. Plaintiff also does *not* deny that on March 3, 2005 at 6:49 a.m., the U.S. Postal Service notified Barbercheck that an item of certified mail was available for delivery at the Post Office. Plaintiff also does *not* deny that the item of certified mail was his right-to-sue letter. This Court should deem this fact material and undisputed.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

22.  Plaintiff does not dispute this fact. The fact *is* material to the issue of actual notice. Plaintiff again incorrectly states that "[D]efendant has only raised the issue of constructive notification of Plaintiff's former counsel." To the contrary, Defendant argues in its motion that "[t]he undisputed material facts establish that Plaintiff had *actual* or constructive notice of his right-to-sue letter on March 3, 2005, and that he filed suit 92-days later on June 3, 2005." This fact was a product of a Request to Admit and establishes that Plaintiff did not receive his right-to-sue letter after March 3, 2005 and it establishes that in June, 2005, Plaintiff did have a recollection of when he received his right-to-sue letter. This Court should deem this fact material and undisputed.

26.  Plaintiff does not dispute that "[o]n March 3, 2005, [he] was represented by Lawrence E. Johnson & Associates, P.C. and Catherine Barbercheck, one of its attorneys." Plaintiff merely disputes that Barbercheck was his "EEOC counsel" based on his attempt to create an illusory situation as described above. This Court should deem this fact as material and undisputed as not properly addressed. Plaintiff has failed to submit any evidence that he was not represented by Lawrence E. Johnson & Associates, P.C. ("Johnson & Associates") and Barbercheck on March 3, 2005.

**III.   RESPONSE TO PLAINTIFF'S ALLEGED ADDITIONAL MATERIAL FACTS ("AMF")**

    **A.   Undisputed Material Facts**

    None.

    **B.   Disputed Material Facts**

    None.

    **C.   Immaterial Facts**

1.  Whether Plaintiff requested or consented to Barbercheck or Johnson & Associates entering their appearance on his behalf in the EEOC as to any charge of discrimination against the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

Defendant is immaterial to whether Plaintiff had actual notice of his right-to-sue letter on March 3, 2005. Plaintiff has admitted that in his *pro se* Complaint, he stated that "on or about March 3, 2005, [he] received his notice of right to sue." (UMF ¶18). It is also immaterial to whether Plaintiff had constructive notice of his right-to-sue letter on March 3, 2005, as discussed below and established.

2.Whether Plaintiff authorized Barbercheck or Johnson & Associates to act in any capacity pertaining to administrative action conducted by the EEOC is immaterial to whether Plaintiff had actual notice of his right-to-sue letter on March 3, 2005. Plaintiff has admitted that in his *pro se* Complaint, he stated that "on or about March 3, 2005, [he] received his notice of right to sue." (UMF ¶18). It is also immaterial to whether Plaintiff had constructive notice of his right-to-sue letter on March 3, 2005, as discussed below and established.

3.Plaintiff's AMF ¶ 3 is immaterial and also <u>not</u> supported by Plaintiff's affidavit. Plaintiff's AMF ¶ 3 states that Plaintiff "does not recall any oral communication ... for the seven day time frame <u>from</u> March 3, 2005." (AMF ¶ 3) (emphasis added). However, Plaintiff's affidavit states that Plaintiff "does not recall any oral communication ... for the 7 day time frame <u>after</u> March 3, 2005." (Pl.'s Aff. ¶ 5) (emphasis added). Although the now "argued" preposition "from" could be understood to include March 3, 2005, the preposition "after" cannot. In other words, Plaintiff's affidavit merely states an immaterial assertion that Plaintiff does not recall any oral communications from Barbercheck or Johnson & Associates for the time frame of <u>March 4, 2005 to March 11, 2005.</u> Plaintiff's affidavit <u>does not and could not state</u> that Plaintiff does not recall any oral communication with Barbercheck or Johnson & Associates <u>on March 3, 2005.</u>

Ultimately, however, whether as of October 3, 2006, Plaintiff *recalls* any oral communication from Barbercheck or Johnson & Associates for the time frame <u>from March 4, 2005 to March 11, 2005</u> is immaterial to whether Plaintiff had actual or constructive notice of his right-

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

5

to-sue letter <u>on March 3, 2005.</u> Moreover, Plaintiff's statement that he does not <u>now</u> *recall* any oral communication from Barbercheck or Johnson & Associates from March 4, 2005 to March 11, 2005, a year and a half after such communications would have occurred, <u>is not</u> evidence that such communications <u>did not</u> occur despite Plaintiff's present day recollection, <u>nor</u> does it alter the material undisputed fact that Plaintiff received his right-to-sue letter and shortly thereafter unequivocally stated that he received it on March 3, 2005. (MUF ¶¶16-20).

4. Plaintiff's AMF ¶ 4 is immaterial and also <u>not</u> supported by Plaintiff's affidavit. Plaintiff's AMF ¶ 4 states that "after searching his records, [Plaintiff] did not find any written communication ... for the seven day time frame <u>from</u> March 3, 2005." (AMF ¶ 4) (emphasis added). However, Plaintiff's affidavit states an immaterial assertion that after searching his records, Plaintiff could not find any written communication "for the 7 day time frame <u>after</u> March 3, 2005." (Pl.'s Aff. ¶ 6) (emphasis added). Although the now "argued" preposition "from" could be understood to include March 3, 2005, the preposition "after" cannot. In other words, Plaintiff's affidavit merely states that Plaintiff searched his records and could not find any written communication from Barbercheck or Johnson & Associates for the time frame of <u>March 4, 2005 to March 11, 2005.</u> Plaintiff's affidavit <u>does not and could not state</u> that Plaintiff searched his records and could not find any oral communication from Barbercheck or Johnson & Associates <u>on March 3, 2005.</u>

Ultimately, however, whether Plaintiff searched his records in October, 2006, and whether he found any written communication regarding his case against the University from Barbercheck or Johnson & Associates from <u>March 4, 2005 to March 11, 2005</u> is immaterial to whether Plaintiff had actual or constructive notice of his right-to-sue letter <u>on March 3, 2005.</u> Moreover, the alleged fact that Plaintiff searched for but could not find any written communication from Barbercheck or Johnson & Associates from March 4, 2005 to March 11, 2005, a year and a half after such

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

6

communications would have occurred, is not evidence that such communications did not occur despite Plaintiff's purported inability to now find them, nor does it alter the material undisputed fact that Plaintiff received his right-to-sue letter and shortly thereafter unequivocally stated and alleged and now has confirmed that he received it on March 3, 2005. (MUF ¶¶16-20).

Additionally, if Plaintiff wishes to refer to his records in his affidavit, he should be required to attach sworn or certified copies of those records pursuant to Fed. R. Civ. P. Rule 56(e). Not having done so, that paragraph in his affidavit should be stricken, or alternatively, not considered by this Court.

### IV. ARGUMENT

In his Introduction, Plaintiff incorrectly states that "Defendant's argument is premised not on evidence that [P]laintiff received the right to sue letter but on evidence that his former attorney [Barbercheck] received the right to sue letter by certified mail on March 3, 2005." To the contrary, Defendant argues that Plaintiff had both actual and construction notice of his right-to-sue letter on March 3, 2005, and premise the former argument on Plaintiff's admission that he received his right-sue-letter on March 3, 2005. (MUF ¶¶16-20). This purposeful mischaracterization of Defendant's argument continues throughout Plaintiff's brief.

Plaintiff cites *Pitts v. State Farm Mutual Automobile Insurance Co.*, 1984 WL 873 (N.D.Ill) for the proposition that where there is evidence that the plaintiff has received a right-to-sue letter, there is no reason to make inquiries as to when the plaintiff's counsel received the right-to-sue letter. Plaintiff has misconstrued *Pitt*. In *Pitt*, the plaintiff received his copy of the right-to-sue letter on February 13, 1984, and his attorney received the letter on February 17, 1984. The court found that there was no need to consider the issue of constructive notice when plaintiff had already received his copy of the letter. In this case, Plaintiff "argues", without any evidentiary support, that

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

he received his right-to-sue letter at least seven days <u>after</u> his attorney received it on March 3, 2005. Consequently, it is appropriate for this Court to also consider whether Plaintiff had constructive notice of the letter at an <u>earlier</u> date on March 3, 2005. *See Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984)(applying constructive notice and barring suit where plaintiffs filed suit 90 days from the earliest time they could have received copies of their letters, but 92 days from the day their attorney received his copies of the letters).

Plaintiff contends that his affidavit establishes that he did not receive his right-to-sue letter within seven days of March 3, 2005; however, Plaintiff's affidavit <u>does not</u> state nor does it even support this contention. Plaintiff's affidavit merely states that Plaintiff does not <u>recall</u> any oral communications from Barbercheck or Johnson & Associates <u>from March 4, 2005 to March 11, 2005</u>, and that Plaintiff searched his records and could not <u>find</u> any written communication from them from this same time period. Such statements, even when viewed in a light most favorable to Plaintiff, fall well short of establishing that Plaintiff did not receive his letter on March 3, 2005, but rather received it on or subsequent to March 11, 2005. In fact, these statements do not state <u>when</u> Plaintiff received his letter at all. <u>The time frame referenced by Plaintiff in his affidavit *does not* include March 3, 2005.</u> Additionally, the purported fact that Plaintiff does not <u>now</u> *recall* any oral communications, and could not <u>now</u> *find* any written communications, is not material nor any evidence that such communications did not occur. Moreover, it is a material undisputed fact that Plaintiff testified that he does not have any recollection as to when he received his right-to-sue letter. (UMF ¶21). Plaintiff cannot on one hand testify that he does not know when he received his letter, and on the other argue, without any evidentiary support, that it was not before March 11, 2005.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Plaintiff next argues that "Barbercheck was never counsel of record for [Plaintiff] in the EEOC proceedings." There are numerous fatal flaws in Plaintiff's argument. First, it reflects a fundamental misunderstanding of the IDHR's relationship with the EEOC in relation to the EEOC's responsibilities in the administration and enforcement of Title VII and ADA. The EEOC has been specifically authorized by Congress to use state agencies, such as the IDHR, to investigate charges of discrimination. 42 U.S.C. § 2000e-4(g)(1); *E.E.O.C. v. Ralphs Grocery Co.*, 300 F. Supp. 2d 637, 639-40 (N.D.Ill.). Indeed, the regulations promulgated by the EEOC define "Commission" as including "any of its designated representatives." 29 C.F.R. § 1601.3. Pursuant to the worksharing agreement between the EEOC and IDHR, the IDHR is the EEOC's representative for the purpose of investigating a charge. *See* 29 C.F.R. § 1626.9(b). *Alerquin v. General Fire Extinguisher Corp.*, 1995 WL 493446 *8 (N.D.Ill.). In other words, the IDHR and the EEOC are the *same* for purposes of advancing Title VII's goals. *Ralphs Grocery Co.*, 300 F. Supp. 2d at 640. The fact that the IDHR and the EEOC are the same is further evidenced by the material undisputed fact that Plaintiff's charge was dually filed in the IDHR and the EEOC; that Plaintiff had a sworn duty to notify the IDHR and the EEOC if he changed his address or telephone number; and it is the EEOC procedure to send right-to-sue letters to the Complainant at the address that is reflected on the Order of Closure which the EEOC receives from the IDHR, unless the EEOC has been notified by the Complainant of a change of address.

Second and relatedly, Plaintiff's focus on whether Barbercheck filed an "Entry of Appearance" in the EEOC is a red herring. Whether Barbercheck filed an "Entry of Appearance" in the EEOC is immaterial because it is a material undisputed fact that Barbercheck notified a statutorily approved agent and representative of the EEOC, the IDHR, that she represented Plaintiff. (MUF ¶4). Further, the material undisputed facts establish that Barbercheck *represented* Plaintiff

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

9

at the time she received his right-to-sue letter. (MUF ¶¶24, 25). Plaintiff does not state in his affidavit that his attorney-client relationship with Barbercheck concluded when the IDHR closed his charge in May, 2004.

Finally, and perhaps most importantly, whether Barbercheck represented Plaintiff at the time she received his right-to-sue letter is immaterial because Plaintiff fails to offer any evidence that he or Barbercheck notified the IDHR and/or the EEOC that he was no longer represented by Barbercheck. Under *St. Louis v. Alverno Coll.*, 744 F.2d 1314 (7th Cir. 1984) and *Davis-Gilbert v. Alberto-Culver Co.*, 1988 WL 121504 (N.D.Ill.), when the notice is delayed by fault of the plaintiff or plaintiff's attorney, the constructive notice doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided. According to the Court in *Alverno College*:

> [t]he burden of providing the EEOC with changes of address is minimal. It is unreasonable to expect the EEOC to pore over its files, and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct. We would then undoubtedly hear cases in which the EEOC had made a good-faith effort to find a claimant's current address but had guessed wrong and sent the notice to the wrong place. The claimant is obviously in a far better position to ensure that the Commissions has current, accurate information and to provide that information in much less time than it would take an EEOC employee to go through the claimant's file.

*Alverno Coll.*, 744 F.2d at 1316-17. In this case, the last address provided by Plaintiff and Barbercheck was Barbercheck's office address, where the EEOC sent Plaintiff's right-to-sue letter according to their undisputed procedure. Consequently, the 90-day clock started running on March 3, 2005.

In a nutshell, the material undisputed facts establish that Barbercheck notified a statutorily approved agent and representative of the EEOC, the IDHR, of her representation of Plaintiff; that the EEOC's procedure is to send right-to-sue letters to the Complainant at the address that is

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

reflected on the Order of Closure which the EEOC receives from the IDHR, unless the EEOC has been notified by the Complainant of a change of address; that the IDHR's Order of Closure indicated that Plaintiff was represented by Barbercheck and her address is the address listed on the Order of Closure; that the EEOC sent Plaintiff's right-to-sue letter to Barbercheck, as is its procedure; that Barbercheck received Plaintiff's right-to-sue letter on March 3, 2005; and that Barbercheck represented Plaintiff at the time she received his right-to-sue letter. Consequently, regardless of whether Plaintiff had actual notice of his right-to-sue letter on March 3, 2005, <u>which he admits, alleges, and confirms he had</u>, he also had constructive notice of it on March 3, 2005 by Barbercheck's receipt of it on that date. Moreover, even if Barbercheck did not represent Plaintiff, constructive notice still applies because Plaintiff and/or Barbercheck failed to advise the IDHR and/or the EEOC that Plaintiff was no longer represented by Barbercheck.

Lastly, Plaintiff argues that "equitable tolling prevents Defendant's claim that Plaintiff's pro se Complaint should be time barred." Plaintiff does not argue that equitable tolling should apply if this Court were to find that he had <u>actual</u> notice of his right-to-sue letter on March 3, 2005. He only argues that it somehow applies to the issue of constructive notice.

Plaintiff raises numerous matters which are wholly irrelevant to whether equitable tolling applies. First, Plaintiff questions "why [the] EEOC did not send by alternative method the right to sue letter to the actual Plaintiff." The EEOC has explained why it sent the right-to-sue letter to Barbercheck, and Plaintiff cites no authority mandating that the EEOC send an additional copy to him. Second, Plaintiff argues that Defendant's affirmative defense was "late filed." However, this Court granted Defendant leave to file its affirmative defense (#58, 62, 63); consequently, it was not "late filed," and Plaintiff cannot argue waiver.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

11

Despite Plaintiff's argument, equitable tolling does not apply because Plaintiff and/or Barbercheck failed to notify the EEOC that Barbercheck no longer represented him. Once Barbercheck was arguably no longer representing Plaintiff, Plaintiff had a sworn duty to notify the IDHR <u>and</u> the EEOC of the change of address. Plaintiff has failed to present any evidence that he did so.

## V.    CONCLUSION

For the foregoing reasons, the Board of Trustees of the University of Illinois respectfully requests that this Court enter an order granting summary judgment in its favor and against Plaintiff as to the sole remaining counts, Counts I and II, and thus, judgment as to this suit in its entirety, and costs of suit, together with such other relief as the Court deems appropriate and equitable under the circumstances.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant

s/Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nile J. Williamson
Attorney at Law
1926 Associated Bank Plaza
Peoria, IL 61602-1104

s/Edward M. Wagner
Attorney for Defendant
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: ewagner@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060