**E-FILED**
Tuesday, 21 November, 2006  03:45:22 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | | |
|---|---|---|
| **GEOFFREY W. BANT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No.  05-2132** |
| **BOARD OF TRUSTEES OF** | ) | |
| **UNIVERSITY OF ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

In June 2005, Plaintiff, Geoffrey Bant, filed a Complaint (#1) against Defendant, Board of Trustees of the University of Illinois (hereinafter "Board").  The complaint has been amended several times and the Court has previously ruled on a number of motions to dismiss.  The only claims remaining in the case are Counts I and II which allege that the Board discriminated against Plaintiff based on sex (Count I) and race (Count II).  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are based on federal law.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In September 2006, Defendant Board of Trustees filed a Motion for Summary Judgment (#73).  After reviewing the parties' pleadings, memoranda, and evidence, and after allowing Plaintiff's request for additional discovery, this Court **GRANTS** Defendant's Motion for Summary Judgment **(#73)**.

## I.  Standard

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material dispute of fact exists that requires a trial.  *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).  The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists.  *Celotex,* 477 U.S. at 323.

The Court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, she must go beyond the pleadings and support her contentions with proper documentary evidence. *Celotex,* 477 U.S. at 322-23. A scintilla of evidence in support of the nonmovant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

## II. Background

The undisputed facts are as follows: Plaintiff filed a Charge of Discrimination against the University of Illinois on June 14, 2003. Plaintiff's charge states, in pertinent part, as follows: "I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures." (Charge of Discrimination, #74-2, p. 5.) On January 6, 2004, Catherine Barbercheck filed an entry of appearance with the Illinois Department of Human Rights (hereinafter "IDHR") indicating she was Plaintiff's attorney for the matter designated by Plaintiff's charge. (Entry of Appearance, #74-2, p. 7.) The IDHR sent Ms. Barbercheck a copy of the order of closure on May 17, 2004. (Order of Closure, #74-2, pp. 8-9.)

On February 28, 2005, the Equal Employment Opportunity Commission (hereinafter "EEOC") sent a dismissal and notice of right to sue to Plaintiff and to his designated attorney according to the EEOC records. (Husar aff., #74-5, ¶ 4.) Ms. Barbercheck was apparently the only attorney who had appeared as Plaintiff's attorney at that time. Ms. Barbercheck received the right-to-sue letter on March 3, 2005. (Roberts aff., #74-3, ¶ 16.)

2

2:05-cv-02132-DGB    # 82    Page 3 of 8

Plaintiff also received his copy of the notice of right to sue, but he now states that it is uncertain when he received it.  In a letter to attorney Nile Williamson dated June 10, 2005, he stated that he received it "in February 2005."  (Pl.'s letter to Nile Williamson dated June 10, 2005, #74-8, p. 12.)  In his first complaint, filed *pro se*, Plaintiff alleged, "on or about March 3, 2005, Plaintiff received his notice of right to sue."  (Comp., #1, ¶ 1.)  In subsequent complaints, the complaint alleged that the "right-to-sue letter . . . dated 2/28/05 [was] received by plaintiff within ninety days of filing his pro se complaint on 6/03/05."  (Am. Comp., #8, ¶ 8; Am. Comp. modified per Text Order entered 8/11/06, #66, ¶ 8.)  Finally, Plaintiff testified in July 2006 that he remembered receiving the right-to-sue letter, but he did not remember what day he received it.  (Pl. dep., p. 27-28.)

In a memorandum to Nile Williamson dated June 10, 2005, Plaintiff stated, "I have been working with an attorney, Catherine Barbercheck in Champaign."  (#74-8, p. 12.)  Mr. Williamson filed a notice of appearance in this case on June 24, 2005.  At the time of his deposition, Nile Williamson represented Plaintiff.  At that time, Plaintiff stated that he did not have the original of the right-to-sue letter and testified, "I was dealing with a different attorney [at that time] and it may be in that attorney's possession."  (Pl. dep., p. 27.)

Plaintiff filed suit in federal court on June 3, 2005.  That filing occurred ninety-two days after Ms. Barbercheck received the right-to-sue letter.

### III.  Analysis

Defendant argues that Plaintiff failed to timely file his suit within ninety days as required by law.  42 U.S.C. § 2000e-5(f)(1).  Defendant's argument is based on the premise that Ms. Barbercheck was Plaintiff's designated attorney in the administrative proceedings at the time she received the right-to-sue letter and that notice to her should be imputed to Plaintiff. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (stating that, under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney") (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 634 (1962)).

3

Plaintiff responds that Ms. Barbercheck "was never authorized to or did enter her appearance in the EEOC proceedings," therefore she was not an attorney authorized to accept notice on Plaintiff's behalf.  (Pl.'s Mem. in Opp. to Def.'s Mot. for Summary Judgment, #79, p. 1.)  Alternatively, Plaintiff contends that Barbercheck did not advise Plaintiff either orally or in writing of her receipt of the right-to-sue letter within seven days of March 3, 2005, the date she received the letter.  Alternatively, Plaintiff contends that because he himself received a copy of the right-to-sue letter, the ninety-day period should be calculated from the date he received the letter, and that date should be determined at trial.

The law and the facts of this case clearly show that Defendant is correct. Section 1614.605(d) of the Code of Federal Regulations provides, in pertinent part, as follows:

> Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant.  When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.

29 C.F.R. § 1614.605(d).[1]

Plaintiff first contends that although Ms. Barbercheck filed a notice of appearance with the IDHR, she never filed a notice of appearance with the EEOC.  Therefore, Plaintiff contends that she was not authorized to accept notice on Plaintiff's behalf and the Court cannot impute her notice to Plaintiff.

The Court disagrees.  The regulations promulgated by the EEOC define "Commission" as meaning the EEOC "or any of its designated representatives."  29 C.F.R. § 1626.3.  Pursuant to the worksharing agreement between IDHR and the EEOC, the IDHR is the EEOC's

---

[1]This regulation has been in effect since 1999.  Federal regulations have the force of law. *Yiatchos v. Yiatchos,* 376 U.S. 306, 309 (1964).

representative for the purpose of investigating a charge.  *See* 29 C.F.R. § 1626.9(b).[2]  Thus,

Congress has specifically authorized the EEOC to use state agencies, such as the IDHR, to

investigate charges of discrimination.  *EEOC v. Ralphs Grocery Co.*, 300 F. Supp. 2d 637, 640

(N.D. Ill. 2004) (citing *Alerquin v. Gen. Fire Extinguisher Corp.*, No. 94-C-5991, 1995 WL

493446, *8 (N.D. Ill. Aug. 15, 1995) (unreported) (stating that the EEOC and IDHR are the same

for purposes of advancing Title VII goals)).

Plaintiff's charge was "dual-filed," meaning that while he apparently physically filled out

the necessary paperwork at the IDHR offices, the charge served to notify both the IDHR and the

EEOC of his charge.  "The IDHR and the EEOC have executed a 'worksharing' agreement,

whereby any action filed with the IDHR is considered to have been simultaneously filed with the

EEOC."  *Vitug v. Multistate Tax Com'n*, 860 F.Supp. 546, 550 (N.D. Ill. 1994) (stating that,

pursuant to the worksharing agreement, the court would "treat Vitug's discrimination charge as if

it were filed with the EEOC").  Thus, when Plaintiff filed his charge with the IDHR, he

effectively filed it simultaneously with the EEOC.  Similarly, when Ms. Barbercheck entered her

appearance with the IDHR, she effectively notified the EEOC of her representation.  Therefore,

Ms. Barbercheck was Plaintiff's "designated representative" for purposes of notification under

29 C.F.R. § 1614.605(d), which requires the EEOC and its representatives to send notice to her

and also requires the Court to compute the time frames for receipt of materials from the time

Ms. Barbercheck received notice.  The IDHR and the EEOC subsequently sent Ms. Barbercheck

correspondence regarding Plaintiff's charge, including the IDHR's order of closure and the

EEOC's notice of right-to-sue.

The Court is aware that the Seventh Circuit has stated that the ninety-day period

---

[2]29 C.F.R. § 1626.9 provides as follows:
The Commission may refer all charges to any appropriate State agency and will
encourage State agencies to refer charges to the Commission in order to assure
that the prerequisites for private law suits, as set out in section 14(b) of the Act,
are met.  Charges so referred shall be deemed to have been filed with the
Commission in accordance with the specifications contained in § 1626.7(b).  The
Commission may process any charge at any time, notwithstanding provisions for
referral to and from appropriate State agencies.

commences when the attorney receives the right-to-sue letter "as long as the following facts are undisputed." *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1313-14 (7th Cir. 1984). Those facts include that (1) the attorney did in fact represent the claimant at the time the letter was received; (2) the EEOC was notified of that representation by either the claimant or the attorney; (3) the attorney did in fact receive the letter; and (4) the date on which the letter was received. Here, Plaintiff disputes the first of these elements, contending that Ms. Barbercheck did not represent him in the EEOC case at the time the letter was received.

Plaintiff's argument that Ms. Barbercheck was not actually representing him at the time she received the right-to-sue letter is unpersuasive. It is undisputed that Ms. Barbercheck had filed a notice of appearance with the IDHR indicating that she represented Plaintiff in matters related to his charge. Thus, she was his "designated attorney." Neither Plaintiff nor his attorney ever notified the IDHR or the EEOC that she no longer represented him. The Court also notes that the Seventh Circuit decided *Jones* before the current version of 29 C.F.R. § 1604.605(d) became effective. Section 1604.605(d) states in part that, "[u]*nless the complainant states otherwise in writing*, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant." 29 C.F.R. § 1604.605(d) (emphasis added). Thus, the regulation clearly places the burden on Plaintiff to notify the EEOC of changes to his counsel for purposes of notification. In an analogous situation, the Seventh Circuit has held that when a delay in receiving notice is plaintiff's fault, the period begins to run on the date the notice is delivered to the most recent address provided by the plaintiff. In *St. Louis v. Alverno College*, the Seventh Circuit court held that where a claimant failed to notify the EEOC of a change of address, the ninety-day limit began running on the date the notice was delivered to the most recent address the plaintiff had provided the EEOC. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1974). The claimant actually received his right-to-sue notice and filed suit nearly a year after its issuance; nevertheless, the court dismissed his Title VII action as untimely. The court reasoned that it is far easier for a claimant to provide the EEOC with a correct address than for the EEOC to ferret out such information, and that a claimant should bear the consequences of his own failure to inform the EEOC of his whereabouts. *Id*. at 1316-17. The same reasoning applies to Plaintiff's obligation to notify the

6

EEOC of changes to his designated representative, especially in light of the express language of 29 C.F.R. § 1604.605(d).

In addition, notwithstanding Plaintiff's present argument to the contrary, the evidence indicates that Ms. Barbercheck was, in fact, Plaintiff's counsel at the time in question.  In a memorandum to Nile Williamson dated June 10, 2005, Plaintiff stated, "I have been working with an attorney, Catherine Barbercheck in Champaign."  (#74-8, p. 12.)  At his deposition, Plaintiff also stated that he did not have the original of the right-to-sue letter and testified, "I was dealing with a different attorney [(at the time he received his copy of the right-to-sue letter)] and it [(his copy of the right-to-sue letter)] may be in that attorney's possession."  (Pl. dep., p. 27.)  Given these facts, Plaintiff cannot validly claim that Ms. Barbercheck was his attorney for other purposes during the relevant period but not for purposes of having receiving the right-to-sue letter.  The fact that Plaintiff filed his complaint *pro se* does not change that.

Nevertheless, the Court need not determine the parameters of the relationship between Ms. Barbercheck and Plaintiff on March 3, 2005.  The Court's decision rests on the undisputed fact that Ms. Barbercheck was Plaintiff's "designated attorney" for purposes of notification under 29 C.F.R. § 1604.605(d).

Finally, Plaintiff appears to contend that when both a plaintiff and his attorney receive notice of right to sue, the ninety-day period should be calculated from the date the plaintiff receives notice rather than the date the attorney receives notice.  This argument is inconsistent with both Seventh Circuit case law and federal regulations.  The Seventh Circuit has stated, "[a]s a general rule, . . . the 90-day period will begin to run as soon as an EEOC right-to-sue letter is first received, whether it is received by the claimant or by his attorney."  *Jones*, 744 F.2d at 1312 n.5.  Furthermore, the Code of Federal Regulations expressly states that when a complainant has designated a representative who is an attorney, "service of all official correspondence shall be made on the attorney and the complainant, but *time frames for receipt of materials shall be computed from the time of receipt by the attorney*."  29 C.F.R. § 1614.605(d) (emphasis added).

Here, Ms. Barbercheck was Plaintiff's designated representative with the EEOC. She received the right-to-sue notice on March 3, 2005, and the Court will compute the time frame for receipt of materials from that date. Plaintiff filed suit on June 3, 2005, or ninety-two days after receipt of the right-to-sue notice. Courts adhere strictly to the ninety-day period and will find even a one-day delay to be grounds for dismissal. *Anooya v. Hilton Hotels*, 733 F.2d 48, 49 (7th Cir. 1984). "The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000). Accordingly, Plaintiff's suit is untimely and the Court grants summary judgment in favor of Defendant. This may seem like a harsh result, but the Court may not rewrite the regulation. When a statute or a regulation's language is plain, the sole function of the courts is to enforce it according to its terms unless the disposition required by the text is absurd. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6 (2000). The disposition required by the text here, though strict, is not absurd.

## IV.  Summary

For the reasons set forth above, this Court **GRANTS** Defendant's Motion for Summary Judgment **(#73)**. This case is terminated.

ENTER this 21st day of November, 2006.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
